## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

**CIV 10 - 1 15 - RA W**

| United States District Court | District | Eastern District of Oklahoma |
|---|---|---|
| **Name** (under which you were convicted): Edward Leon Fields, Jr. | | Docket or Case No.: No. 03-CR-73 -RAW |
| Place of Confinement: U.S.P. Terre Haute, Indiana | | Prisoner No.: 04136063 |
| UNITED STATES OF AMERICA v. | | Movant (include name under which you were convicted) Edward Leon Fields, Jr. |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court, Eastern District of Oklahoma, Muskogee Division

   **FILED**
   **APR 06 2010**
   WILLIAM B. GUTHRIE
   Clerk, U.S. District Court
   By _____
   Deputy Clerk

   (b) Criminal docket or case number (if you know):  No. 03-CR-73

2. (a) Date of the judgment of conviction (if you know):  11/8/2005

   (b) Date of sentencing:  11/8/2005

3. Length of sentence:  Death on counts 1, 3; 1299 months imprisonment on all other counts.

4. Nature of crime (all counts):

   The indictment, filed 8/1/2003, charged the defendant with two counts of first degree murder under 18 U.S.C Section 111 (Counts 1, 3); two counts of using a firearm in a crime of violence under 18 U.S.C. Section 924 (Counts 2, 4); one count of robbery with a firearm under 18 U.S.C. Section 7 (Count 5); and one count of burglary of an automobile under 18 U.S.C. Section 7 (Count 6).

5. (a) What was your plea? (Check one)

   (1)   Not guilty ❑          (2)   Guilty ☑          (3)   Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☑     Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9. If you did appeal, answer the following:

   (a) Name of court:   United States Court of Appeals for the Tenth Circuit

   (b) Docket or case number (if you know):   No. 05-7128

   (c) Result:   Judgment of District Court affirmed

   (d) Date of result (if you know):   3/24/2008

   (e) Citation to the case (if you know):   516 F.3d 923

   (f) Grounds raised:

   1. The federal government lacked subject-matter jurisdiction to prosecute Fields for crimes committed in the Ouachita National Forest.
   2. The district court committed Sixth Amendment reversible error in striking vernireman Fenderson, even though he assured the court he could follow the law and put aside his opposition to the death penalty.
   3. The two substantial-planning aggravators were duplicative because the murders of multiple victims occurred in a single episode, as charged in a third aggravator, and skewed the weighing process. (See following attached page for additional grounds raised)

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☑   No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know):   No. 08-6504

   (2) Result:

   Certiorari denied

   (3) Date of result (if you know):   4/6/2009

   (4) Citation to the case (if you know):   129 S.Ct. 1905

   (5) Grounds raised:

   1 In passing the Weeks Act, 16 U.S.C. § 480, did Congress intend to prohibit the federal government from acquiring and exercising either exclusive or concurrent jurisdiction in national forest lands, so that such lands are not within the "special maritime and territorial jurisdiction of the United States" for purposes of federal prosecution and adjudication of the murder charges in this case?
   2. With regard to the impact of the murders, does the Federal Death Penalty Act limit non-statutory aggravators, and evidence in support thereof, to the impact of the crimes on the victim's family alone, so as not to include the impact on close friends?

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court:

         (2) Docket or case number (if you know):

         (3) Date of filing (if you know):

9(f) (cont'd)

4.    The single verdict of death on two counts of murder deprived Fields of a unanimous verdict on each count.

5.    Despite the undisputed lag time between the murders and the robbery, the evidence was insufficient to prove the substantial planning and premeditation statutory aggravating factors, because the evidence showed Fields originally planned to rob, not murder, the Chicks.

6.    The future-danger non-statutory aggravating factor is unconstitutionally vague and overbroad, should have been limited to future danger in the prison setting, and is not supported by the evidence.

7.    Defects in the instructions and Special Findings Form permitted the jury to find the future-danger aggravating factor without constitutionally-required unanimity.

8.    Because it does not contain a scienter requirement, the mental-anguish non-statutory aggravating factor is also vague; in addition, it has been pre-empted by Congress in the "heinous-and-cruel" statutory aggravating factor.

9.    The court violated the FDPA in failing to limit the victim-impact nonstatutory aggravating factors to the victims and the victims' families, and instead allowed non-family witnesses to testify about the impact of the murders on themselves and others.

10.   Based upon undisputed evidence of depression, psychosis and a series of stressors in Fields life, at least one juror should have found, by a preponderance, the severe mental or emotional disturbance statutory mitigating factor.

11.   The court erred in refusing to instruct the jury that it had to find, beyond a reasonable doubt, the FDPA's standard that the aggravating factors "sufficiently outweigh" the mitigating factors before a death sentence can be imposed.

12.   The court's decision to allow the "guilley suit" in the jury room during deliberations rendered the penalty phase unfair.

13.   Cumulative error requires reversal.

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?　Yes ❑ No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?　Yes ❑　No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:　Yes ❑　No ❑

(2)  Second petition:　Yes ❑　No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Fields raised ten grounds for relief. They are set forth in the pages attached to the back of this form. To aid the Court, Mr. Fields includes an Index to Grounds which is at the beginning of the attachment.

With respect to each of the ten grounds raised, none were raised on direct appeal or in any other post-conviction proceeding.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


**GROUND TWO:**


(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the grounds raised by Mr. Fields have been presented to any federal court. Mr. Fields has not had any post-conviction proceedings. The grounds were not raised on direct appeal for one of the following reasons: 1) grounds allege ineffective assistance of counsel which cannot be raised on direct appeal; 2) ground is based on information not available at the time of direct appeal; 3) failure to raise ground is attributable to the ineffective assistance of trial and/or appellate counsel.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ❑   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Julia L. O'Connell/Barry L. Derryberry, Federal Public Defender, Tulsa, OK

(b) At arraignment and plea:

Same as (a)

(c) At trial:

Same as (a); Isaiah S. Gant, Federal Public Defender, Nashville, TN

(d) At sentencing:

Same as (c)

(e) On appeal:

Vicki Mandell-King, Federal Public Defender, Denver, CO; James L. Hankins, Oklahoma City, OK

(f) In any post-conviction proceeding:

Michael Wiseman & Crisi Charpentier, CHU, Federal Community Defender Office, [cont]

(g) On appeal from any ruling against you in a post-conviction proceeding:

Eastern District, PA, Suite 545 West, The Curtis Center, Phila., PA 19106, 215-928-0520

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    This Motion is timely filed.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

      (1) the date on which the judgment of conviction became final;

      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_Michael Wiseman_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _April 5 2010_____ (date).

_Darrel Fall_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.