UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

_____

                        :

UNITED STATES OF AMERICA,     :

                        :        CIV-10-115-RAW

        Respondent,     :

                        :        CAPITAL 2255 PROCEEDINGS

        -v-             :

                        :        HON. RONALD A. WHITE

EDWARD LEON FIELDS, JR.,     :

                        :

        Petitioner.      :

                        :

_____  :

**PETITIONER'S REPLY TO
GOVERNMENT'S RESPONSE TO
MOTION FOR NON-DISPOSITIVE OMNIBUS RELIEF**

In moving for non-dispositive omnibus relief at this stage of the proceedings,

Petitioner Edward Leon Fields, Jr., seeks a framework for the expeditious and orderly

resolution of his pending *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody* (the "*Motion*"). He has proposed

a common-sense briefing schedule that will enable the parties to address the complex

legal and factual issues that must be decided by the Court, has requested a limited

number of narrowly tailored items needed to complete the investigation of his claims,

and has identified the factual issues that likely will be disputed by the Government

and thus

1

must be determined at an evidentiary hearing. Mr. Fields has no desire to delay these proceedings with a piecemeal, *ad hoc* litigation approach.

The Government's *Response to Motion for Non-Dispositive Relief* (the "*Response*") proposes a different approach. Rather than addressing critical issues early and in a comprehensive fashion, the Government has asked this Court to deny all of Mr. Fields' reasonable, narrowly tailored requests – even a request as simple as leave to file a memorandum of law. The Government claims that many of Mr. Fields' requests are "premature," inviting re-litigation of these issues at a later date. For the reasons discussed below, and for all of the reasons asserted in *Petitioner's Omnibus Motion for Non-Dispositive Relief and Consolidated Brief in Support* (the "*Omnibus Motion")*, the Government's objections are unpersuasive.

## I. Request for an Order Permitting Mr. Fields to be Transported to a Local Medical Facility for Brain Scans and Imaging.[1]

Mr. Fields has requested permission to be transported from the United States Penitentiary in Terre Haute, where he is currently incarcerated, to a local medical facility where he can undergo brain scanning that is highly relevant to a number of his

---

[1] The Government erroneously describes this as a "discovery" request. *Response* at 2. Because this request is not for information in the possession of the Respondent or a third party, it is not subject to the discovery rules. Rather, an order is necessary for counsel to complete their investigation. Mr. Fields cannot be properly evaluated at the federal penitentiary where he is currently incarcerated, and obviously he cannot get to an outside facility without a court order.

grounds for relief.

The Government baldly claims that the Court has no authority to order such transport. *Response* at 3-4. The Government is wrong. This Court unquestionably has the authority to order the Bureau of Prisons to transport Mr. Fields to an appropriate local medical facility to facilitate the investigation of his claims for post-conviction relief. District courts routinely issue transportation orders permitting prisoners litigating habeas corpus and other post-conviction claims to be evaluated outside of their place of incarceration to obtain evidence in support of their claims. See, e.g., Nields v. Bradshaw, No. 1-03-cv-019, 2010 WL 148076, at *1-*2 (S.D. Ohio Jan.11, 2010) (ordering warden to transport habeas corpus petitioner to Wallace-Kettering Neuroscience Institute for neurological imaging); Pizzuto v. Hardison, No. CV-05-516-S-BLW, 2008 WL 5115054, at *6 (D. Idaho Dec. 4, 2008) (indicating court will grant motion to transport habeas corpus petitioner to medical facility for neuropsychiatric testing upon counsel's provision of date, time and location of facility and indication of counsel's willingness to pay costs of security for transport); see also Primus v. Lee, C/A No. 4:07-911-PMD-TER, 2010 WL 1346330, at *1 (D.S.C. Jan. 22, 2010) (noting that district court ordered Department of Corrections to transport prisoner who alleged Section 1983 violations to University of South Carolina, Department of Urology, for medical examination in support of his claims).

3

District courts also routinely order the Bureau of Prisons to transport prisoners to designated facilities for competency examinations, such as examinations pursuant to Fed. R. Crim. P. 12.2(c)(1) and 18 U.S.C. § 4242 (insanity defense) and 18 U.S.C. § 4244 (hospitalization of convicted defendants suffering from mental disease). See, e.g., United States v. Burgess, No. CR-08-078-JHP, 2009 WL 232999 (E.D. Okla. Jan. 30, 2009) (ordering Bureau of Prisons to transport defendant to medical facility for competency evaluation pursuant to 18 U.S.C. § 4241); United States v. Kennedy, No.96-40066-SAC, 2005 WL 2988722, at *1 (D. Kan. Oct. 4, 2005) (ordering Bureau of Prisons to transport defendant to medical center for competency evaluation on defendant's motion pursuant to Fed. R. Crim. P. 12.2(c)(1)(A)); United States v. Chamberlin, No. 07-00377 SOM, 2009 WL 3926405, at *1 (D. Haw. Nov. 17, 2009) (ordering Bureau of Prisons to transport prisoner to appropriate facility for psychiatric or psychological examination pursuant to 18 U.S.C. § 4244).

The Government cites no authority contradicting this proposition.[2] Instead, it

---

[2]The Ninth Circuit case of Jackson v. Vasquez, 1 F.3d 885 (9th Cir. 1993) cited by the Government is inapposite. There a state prisoner – prior to filing his habeas petition – sought to be transported to a medical facility under the authority of ex parte fund disbursement procedures of 21 U.S.C. § 848(q). The Court held that this **specific** statute did not authorize the district court to force the Warden to transport the petitioner. The Court emphasized that its holding was narrow:

> We need not decide whether, upon proper notice and motion at a proper stage in the habeas corpus proceedings, the district court is empowered to issue an order requiring a state official to transport a prisoner for

baldly argues that the Court has no "plenary power" to require the Bureau of Prisons to transport him to a medical facility. *Response* at 3. Yet it is beyond dispute that the Bureau of Prisons is subject to an order of this Court to the same extent as any other federal agency. See, e.g., Rivera v. Santirocco, 814 F.2d 859, 863 n.7 (2d Cir. 1987) ("Of course, the Marshal and the Bureau of Prisons have a duty to comply with the lawful orders of a federal court.").

The requested examination is crucial to the proper development of Mr. Fields' section 2255 claims. As noted in the *Omnibus Motion*, Mr. Fields' expert neuropsychologist, Dr. Daniel Martell, believes there is a "potential connection between Mr. Fields' current organic impairment and his conduct at the time of the offense" and that "brain scans and imaging may help identify the origins and course of Mr. Fields' cognitive impairments." *Omnibus Motion*, ¶¶ 2-3. After observing that "red flags" should have alerted trial counsel to the need for more in-depth neurological evaluation, Dr. Martell specifically recommends brain scanning "to aid in proper

---

medical examinations that are necessary to the petitioner's case. *See* Fed. R. Civ. P. 35; Rule 6, Rules Governing § 2254 cases, 28 US.C. Foll. § 2254 (1977). We simply conclude that the ex parte fund disbursement procedures of section 848(q) do not support the district court's transportation order against the Warden.

1 F.3d at 889.

differential neurodiagnosis ...." Report of Dr. Daniel Martell ("Martell Report") at 16 (attached at *Appendix*, Exhibit 9). While brain scanning by itself may not conclusively establish prejudice, it likely will supply further evidence supporting the prejudice prong of Mr. Fields' claim. Dr. Martell's report, then, contradicts the Government's assertion that "Fields provides no indication that an MRI of his brain in 2010 can demonstrate that trial counsel acted unreasonably in light of the information available to them."[3] *Response* at 5.

Accordingly, the Court should grant Mr. Fields' request to be transported to a local medical facility for brain scanning.

## II. Request for Discovery.

### A. Bottle of 150 mg Effexor capsules seized from Mr. Fields' truck.

Mr. Fields has requested that the Court order the Government to produce a bottle of 150 mg Effexor capsules that was seized from his truck after his arrest. The Government's argument against this discovery request is contradictory. The Government first admits that the FBI did indeed seize the Effexor bottle, although it claims that the FBI turned the bottle over to Mr. Fields while he was incarcerated at the local jail prior to trial. *Response* at 7. In the very next paragraph, however, the

---

[3]Dr. Martell opines that the most likely causes of Mr. Fields' degenerative brain impairment are strokes and a brain tumor. Martell Report at 16. Pin pointing the cause of Mr. Fields neurological impairments is likely relevant to a determination of whether, and to what degree, they were at play during the commission of the offenses.

Government speculates that the FBI may have turned over the bottle to family friends Paul and Jovanna Fields, who "did not keep or misplace[d] the bottle of pills." *Response* at 7-8.

In any event, the Government now represents that, upon receipt of a release from Mr. Fields (which counsel are currently securing), it will produce "relevant records" concerning the bottle of Effexor capsules. This representation, of course, does not resolve Mr. Fields' claim that the Government violated its obligations under Brady v. Maryland by failing to produce the bottle of Effexor capsules to trial counsel, but it may obviate the need for an order by the Court requiring the Government to produce it to Mr. Fields' current counsel. Based on this representation, Mr. Fields has no objection if the Court defers ruling on this request. If, upon production of these records, Mr. Fields believes that further action on this specific request is needed, he will inform the Court.

**B.      Contents of the hard drives of Mr. Fields' computers.**

Mr. Fields has requested that the Court order the Government to produce the contents of the hard drives of two computers seized from him after his arrest. The Government represents that images of these hard drives are available for inspection and copying. *Response* at 8. This representation, of course, does not resolve Mr. Fields' claim that the Government violated its obligations under Brady v. Maryland

by failing to produce the contents of the hard drives to trial counsel, but it may obviate the need for an order by the Court requiring the Government to produce them to Mr. Fields' current counsel. Based on this representation, Mr. Fields has no objection if the Court defers ruling on this request. Mr. Fields will inform the Court if further action on this specific request is needed.

**C. Previously undisclosed FBI Form 302s and OSBI reports and other exculpatory documents, evidence and information.**

Mr. Fields has requested that the Court order the Government to produce undisclosed witness statements and reports and other exculpatory documents. The Government claims that it has no undisclosed exculpatory documents, *see Response* at 9, but fails to confirm that it has conducted a review of its files in light of Mr. Fields' section 2255 claims and the Government's obligations under Imbler v. Pachtman, 424 U.S. 409, 427 n.25 (1976).[4] Mr. Fields requests that the Court order the Government to review all documents, evidence and information in its possession, custody or control for their exculpatory value in view of the allegations set forth in the *Motion* and to produce such documents to the extent disclosure is required under

_____

[4]The Government's citation to Dist. Atty's Office v. Osborne, 129 S.Ct. 2308, 2319-20 (2009), *Response* at 2, is not persuasive. Osborne was about access to biologic materials in a civil rights case. It's reference to post-conviction Brady obligations was dicta and is contrary to Imbler. The Government cannot seriously contend that if it is in possession of exculpatory information it has no obligation to disclose it – at least one would hope. Indeed, current Government counsel are to be applauded for voluntarily providing information relevant to the pill bottle and computer hard drives.

<u>Brady</u>.

**D. Deposition of Dr. Michael Kemp.**

Mr. Fields has requested leave to take the deposition of Dr. Michael Kemp, a physician who treated Mr. Fields in the months preceding the homicides but who has refused to speak with current counsel. The Government objects to this proposed deposition because "counsel could not have credibly argued, on the one hand, that the jury should rely on the doctor's testimonial diagnosis while arguing, on the other hand, that his mishandling of the defendant's condition prior to trial led to two homicides." *Response* at 10.

The Government misconstrues the nature of Ground 1(D) of the *Motion*. Mr. Fields contends that trial counsel should have presented the testimony of Dr. Kemp – along with other treating medical professionals – to show that Mr. Fields was **not malingering**, contrary to the Government's claims at trial. Mr. Fields does not claim that trial counsel should have presented Dr. Kemp to prove that his pre-homicide diagnoses of clinical depression and compulsive disorder were complete and accurate. While Dr. Kemp unquestionably failed to diagnose Mr. Fields' bipolar disorder, his views of whether Mr. Fields was malingering would have been valid and important for the jury to hear. Since Dr. Kemp has refused to speak with Mr. Fields' current counsel, the only way to determine what he would have testified to at trial is by

deposition.[5]

The Government does not assert any reason for opposing the deposition of Dr. Kemp other than its misreading of the nature of Ground 1(D).  Accordingly, the Court should grant this request.

**III.    Request for Leave to File Brief in Support of *Motion* Prior to a Response by the Government.**

Mr. Fields has requested an opportunity to file a memorandum of law in support of the *Motion* prior to any response by the Government.  The Government objects based on the argument that the timing requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") now bar Mr. Fields from filing a memorandum of law in support of his timely-filed factual grounds for relief.

The Government's argument barely deserves reply.  The proposed memorandum of law would not assert any new claims, but would simply assist the Court in understanding the legal basis for those claims already pled and filed, and thus would not be barred by the AEDPA statute of limitations.  Mr. Fields is aware of no authority requiring legal memoranda to be filed within the one-year limitations period

---

[5]Although counsel have not been able to speak to Dr. Kemp, it is likely he would agree that Mr. Fields was not malingering, since Dr. Kemp would not have prescribed a powerful antidepressant such as Effexor if he believed Mr. Fields was feigning his symptoms.  Thus, Dr. Kemp's deposition testimony is likely to lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

set forth in section 2255, and the Government has offered none. Indeed, the limitations period contained in section 2255 by its terms applies only to a "motion" for relief. Absent compelling authority to the contrary, this Court is obliged to give this term its plain meaning.

Even if the Government were correct that a supporting memorandum is governed by the limitations period, it would still be timely if it related back to the issues addressed in the *Motion*. In <u>Mayle v. Felix</u>, 545 U.S. 644 (2005), the United States Supreme Court held that a timely section 2254 petition could be amended after the expiration of the limitations period as long as the amendments "relate back" to the claims in the initial timely petition. Since Mr. Fields only wishes to discuss the points and authorities supporting his already-pled claims, obviously the memorandum would relate back to those claims, and the memorandum would be timely and proper.

In requesting an opportunity to file a brief in support of the *Motion*, with the Government's response to follow, Mr. Fields has attempted to set out a practical and orderly framework for advancing this case. The Government offers no principled reason for opposing this request. The Government's opposition is all the more striking in light of the fact that, just **one day** after opposing this request, it filed a motion to extend the time for filing its answer to the *Motion* for sixty days, until September 4, 2010. <u>See</u> *Motion for Extension of Time to Respond to Petitioner's 28*

*U.S.C § 2255 Motion and Supporting Brief* (Dkt. #8). In view of the Government's stated need for more time to prepare a response to the *Motion*, Mr. Fields' proposed briefing schedule becomes even more reasonable. Accordingly, the Court should grant this request.

## IV. Request for Evidentiary Hearing.

Mr. Fields has requested an evidentiary hearing at this stage of the proceedings to ensure that such a request will not be deemed waived in the future. Although Mr. Fields believes he has submitted ample evidence warranting an evidentiary hearing on a host of issues likely to be disputed by the Government, see *Omnibus Motion* at 14-16, Mr. Fields has no objection if the Court defers ruling on this request until after the Government has answered the *Motion*.

Respectfully Submitted,

/s/Michael Wiseman
Michael Wiseman
Chief, Capital Habeas Corpus Unit
Cristi Charpentier
Assistant Federal Defender
Federal Community Defender for the
  Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
Philadelphia, PA 19106
215-928-0520
Michael_Wiseman@fd.org
Cristi_Charpentier@fd.org

Counsel for Petitioner
Edward Leon Fields, Jr.

# CERTIFICATE OF SERVICE

I, Michael Wiseman, Esq., hereby certify that on this 18th day of June, 2010, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ Michael Wiseman
Michael Wiseman