IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EDWARD LEON FIELDS, JR.      )
          )
      Petitioner,      )
          )
vs.          )      Case No. CIV-10-115-RAW
          )
UNITED STATES OF AMERICA,      )
          )
      Respondent.      )

## <u>ORDER</u>

This matter comes before the Court on Petitioner's Motion for Non-Dispositive Omnibus Relief (Doc. 4) and Respondent's Motion for Extension of Time to respond to the Petitioner's Motion to Vacate (Doc. 8). Petitioner's Motion requests four (4) things: (1) an order permitting him to be transported to a local medical facility for a brain scan; (2) discovery; (3) leave to file a brief in support of his Motion to Vacate; and (4) an evidentiary hearing. The government has filed a response (Doc. 6), objecting to petitioner's motion, and petitioner has filed a reply to said response (Doc. 9). Petitioner has also filed a response to the government's motion for extension of time (Doc. 10).

<u>Request for Leave to file Brief</u>

This action was initiated by the filing of a Motion to Vacate on April 6, 2010 (Doc. 1). On April 12, 2010, the Court ordered the government to respond to said motion by July 6, 2010 (Doc. 3). On June 1, 2010, Petitioner requested leave to file a brief on or before September 1, 2010. Thus, Petitioner waited almost two months after filing his motion to ask

this Court to allow him to file a brief in support of his motion. The local court rules, however, require all motions to be accompanied by a concise brief. *See*, LCvR 7.1(c). Petitioner's motion would have been subject to dismissal if not for the fact that it did contain minimal references to the Constitution of the United States. Instead of seeking leave to file a brief at the time of filing of the motion, Petitioner waited two months and now asks this Court to grant him almost three months additional time to submit a brief in support of his motion. Such inaction on the part of petitioner would not typically be condoned by this Court. Since, however, this is a death penalty case, the Court will grant Petitioner leave to file a brief in support of his motion to vacate on or before July 30, 2010. The government will then have until September 28, 2010, to file their response.

<u>Discovery Requests</u>

Rule 6(a) of the Rules Governing Section 2255 Proceedings allows a court to allow discovery for "good cause" under the Federal of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. To demonstrate "good cause" for discovery, a party must give the court reason to believe that, if the facts are fully developed, the party will be entitled to relief. *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997). Any party requesting discovery must provide reasons for the request. *See*, Rule 6(b).

First, Petitioner requests this Court to issue an order permitting him to be transported, at his expense, to a local medical facility for brain scans and imaging. Petitioner states this request is relevant to his ineffective assistance of counsel claims and to his claim that he is

incompetent to be executed.  While counsel state that petitioner has suffered a "cataclysmic decline" in his cognitive functioning since the trial and that his execution is precluded under the Eighth Amendment because of his mental illness, exhibits provided with his motion to vacate continue to indicate he is "generally well oriented to person, place, and situation." *See*, Appendix in Support of Motion to Vacate, Doc. 9 at p. 7.  Furthermore, the motion does not provide any legal authority for this Court to allow Petitioner to be transported to a medical facility of his choosing simply because he has initiated this § 2255 proceeding.

Petitioner also requests this Court order the government to turn over a bottle of 150 mg Effexor capsules allegedly seized from petitioner's truck, contents of the hard drives of his computers, previously undisclosed FBI Form 302 and OSBI reports, and other allegedly exculpatory documents, evidence and information.  The government has responded to petitioner's motion by stating they do not have custody or control over the pill bottle.  Since the government does not have the pill bottle, petitioner has failed to establish good cause for ordering its production.  As to the computer hard drives, the government indicates the images of the hard drives were available to petitioner at the time of trial, but no request was made to examine them.  If the images were, in fact, available to trial counsel petitioner could not establish any *Brady* violation.  Thus, petitioner has failed to establish "good cause" for this Court to now order production of the same.[1]  As to the allegedly undisclosed reports, petitioner has failed to show "good cause" to establish that reports exist that haven't been

---

[1]The government's response indicates, however, that petitioner's "counsel have been advised that the images are available and have been provided with a point of contact at OSBI so that they can copy and inspect the data."  Doc. 6, at p. 8.

previously disclosed. Rather, the motion states "[O]n information and belief, FBI Form 302's and reports of the OSBI exist that contain exculpatory evidence, including but not limited to witness interviews reporting favorable information." *See*, Doc. 1, Motion to Vacate at p. 123, ¶ 218. This statement is nothing more than a conclusory allegation. Courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation. *Cf., Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

As a general rule, courts must first determine, after examining the motion, answer, transcripts and records of prior proceedings, whether any of the issues raised warrant an evidentiary hearing. *See*, Rule 8 of the Rules Governing Section 2255 Proceedings. If so, the Court could then decide to allow discovery in order that the claim might be further developed. *See*, *Harris v. Nelson*, 394 U.S. 286, 300 (1969) and *Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996).

For the reasons set forth herein, this Court denies Petitioner's request to have him transported to a local medical facility for brain scans and imaging and denies his request to conduct discovery and/or hold an evidentiary hearing. After all briefing has been conducted in this matter and this Court has an opportunity to determine if any of the issues raised merit an evidentiary hearing, the Court will then decide what, if any, discovery should be allowed herein.

Accordingly, it is therefore, the Order of this Court that Petitioner's Motion for Omnibus Relief (Doc. 4) is denied in part and granted in part. Petitioner shall have until July

30, 2010, to file a brief in support of his Motion to Vacate. The government will have until September 28, 2010, to file their response to Petitioner's Motion to Vacate and Brief in Support thereof. All requests for discovery are denied. Based upon this ruling, the government's motion for extension of time (Doc. 8) is moot.

It is so ordered on this 29th day of June, 2010.

**Dated this 29th Day of June 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0