153 Fed.Appx. 495, 2005 WL 2865173 (C.A.10 (N.M.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 153 Fed.Appx. 495, 2005 WL 2865173 (C.A.10 (N.M.)))**

**H**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
Blake SCOTT, Petitioner-Appellant,
v.
Joe ROMERO, Warden, Central New Mexico Correctional Facility; Attorney General for the State of New Mexico, Respondents-Appellees.
**No. 04-2262.**

Nov. 2, 2005.

**Background:** State prisoner sought habeas corpus relief. The United States District Court for the District of New Mexico, adopting the magistrate judge's recommendation, denied relief. Prisoner applied for certificate of appealability (COA).

**Holdings:** The Court of Appeals, Terrence L. O'Brien, Circuit Judge, held that:
(1) fair trial and *Brady* claims were procedurally defaulted, and
(2) state court's finding that counsel was not ineffective was not unreasonable application of federal law.

Application denied; appeal dismissed.

West Headnotes

**[1] Habeas Corpus 197 ☜422**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
            197I(D)6 State's Reliance on or Waiver of Procedural Bar or Want of Exhaustion
                197k422 k. State Court Decision on Procedural Grounds, and Adequacy of Such Independent State Grounds. Most Cited Cases
Petitioner's procedural default as to post-conviction relief in New Mexico, with petitioner deemed to have waived post-conviction claims of denial of fair trial and prosecution's *Brady* due process violation because such claims had not been raised on direct appeal, was independent and adequate state procedural ground for default, and thus, petitioner was procedurally barred from bringing federal habeas corpus claim unless he demonstrated cause and prejudice or fundamental miscarriage of justice. U.S.C.A. Const.Amends. 6, 14; 28 U.S.C.A. §§ 2253(c)(2), 2254.

**[2] Habeas Corpus 197 ☜486(4)**

197 Habeas Corpus
    197II Grounds for Relief; Illegality of Restraint
        197II(B) Particular Defects and Authority for Detention in General
            197k482 Counsel
                197k486 Adequacy and Effectiveness of Counsel
                    197k486(4) k. Evidence; Procurement, Presentation, and Objection. Most Cited Cases
State court's finding that allegedly deficient performance of trial counsel, in failing to object to admission of recording of defendant's telephone call from police station to his mother, was not prejudicial, as element of ineffective assistance of counsel, because objection would have been futile, was not unreasonable application of federal law, and thus, defendant was not entitled to federal habeas corpus relief. U.S.C.A. Const.Amend. 6; 28 U.S.C.A. § 2254(d).

**[3] Habeas Corpus 197 ☜693**

197 Habeas Corpus

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

153 Fed.Appx. 495, 2005 WL 2865173 (C.A.10 (N.M.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 153 Fed.Appx. 495, 2005 WL 2865173 (C.A.10 (N.M.)))**

197III Jurisdiction, Proceedings, and Relief
    197III(C) Proceedings
       197III(C)1 In General
         197k691 Dismissal
           197k693 k. Proceedings. Most Cited Cases

The rules governing habeas corpus cases did not prohibit state from filing pre-answer motion to dismiss state prisoner's petition for federal habeas corpus relief. 28 U.S.C.A. § 2254.

**\*496** Patricia A. Gandert, Office of the Attorney General State of New Mexico, Santa Fe, NM, for Respondents-Appellees.

Before KELLY, O'BRIEN, and TYMKOVICH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING APPEAL

TERRENCE L. O'BRIEN, Circuit Judge.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Blake Scott, a state prisoner appearing *pro se,*[FN1] seeks a certificate of appealability (COA) allowing him to appeal the district court's order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also moves to proceed *in forma pauperis* (*ifp* ) on appeal. Because we conclude Scott's claims are procedurally barred and without merit, we deny a COA and dismiss the appeal.

> FN1. We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir.2003).

The parties are familiar with the facts and we need not restate them here. On appeal, Scott reasserts three claims he presented in the district court, specifically 1) he received ineffective assistance of counsel in his state court trial when counsel failed to object to the admission of a recording of Scott's telephone call from the police station; 2) that the prosecution violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by withholding letters he had written to his mother-in-law and then only placing part of the letters into evidence; and, 3) that his Sixth Amendment rights were violated when the district court failed to allow him to present exculpatory evidence.[FN2] The magistrate judge recommended Scott's claims be dismissed because the *Brady* and Sixth Amendment claims were procedurally barred and all three claims were without merit. The district court adopted the magistrate's recommendations and dismissed Scott's habeas petition. In addition to his three claims, Scott also challenges the district court's allowance of the State's motion to dismiss prior to its filing of an answer to his habeas petition.

> FN2. In his petition before this Court, Scott argues he "was denied a fair and impartial trial." (COA Petition at 3.) Although he does not articulate the precise basis for this claim in his COA petition, this is the same language used in his Sixth Amendment claim before the district court.

### *Analysis*

Unless this Court issues a COA, Scott may not appeal the dismissal of his § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). "[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.' " *Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting § 2253(c)(2)). To make the requisite showing, a petitioner must demonstrate "that reasonable jurists**\*497** could debate whether ... the petition should have been resolved in a different man-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

153 Fed.Appx. 495, 2005 WL 2865173 (C.A.10 (N.M.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 153 Fed.Appx. 495, 2005 WL 2865173 (C.A.10 (N.M.)))**

ner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotation marks and citation omitted).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* "[W]hen reviewing the merits of a claim already decided by the state courts, we are bound to deny relief unless the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.' " *LaFevers v. Gibson,* 182 F.3d 705, 711 (10th Cir.1999) (quoting 28 U.S.C. § 2254(d)).

**\*\*2** [1] With these principles in mind, we have carefully reviewed the record and agree with the district court's conclusions. Scott does not dispute that he failed to raise either his *Brady* or Sixth Amendment claims in his direct appeal. Under New Mexico law, Scott is deemed to have waived these claims by failing to raise them on direct appeal. *Duncan v. Kerby,* 115 N.M. 344, 851 P.2d 466, 468 (1993). "On habeas review, this Court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Hickman v. Spears,* 160 F.3d 1269, 1271 (10th Cir.1998). This Court has previously held that New Mexico's procedural bar at issue here is an in-

dependent and adequate state procedural ground. *Jackson v. Shanks,* 143 F.3d 1313, 1318 (10th Cir.1998) ( "Our review of New Mexico cases indicates that New Mexico courts have consistently and even handedly applied the rule waiving issues not raised on direct appeal for purposes of postconviction relief."). Scott has failed to demonstrate cause that would avoid the procedural bar with respect to his *Brady* and Sixth Amendment claims. *See Coleman v. Thompson,* 501 U.S. 722, 754, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("the petitioner ... must bear the burden of a failure to follow state procedural rules.").

[2] In reviewing Scott's ineffective assistance of trial counsel claim, the Dona Ana County, New Mexico District Court evaluated whether trial counsel's failure to object to the admission of a recording of Scott's telephone call from the police station to his mother was ineffective. Although it questioned defense counsel's trial strategy, it noted any error was not prejudicial because any objection would have been futile. Applying *New Mexico v. Coyazo,* 123 N.M. 200, 936 P.2d 882 (1997), the district court held Scott had no reasonable expectation of privacy in a phone call made from the police station, especially where his comments indicated his awareness that the police were listening. This is not an unreasonable application of federal law. *See United States v. Turner,* 209 F.3d 1198, 1200-01 (10th Cir.2000) (no objective expectation of privacy in conversation conducted in a patrol car). Counsel is **\*498** not ineffective for failing to advance a futile argument. *See Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1537 (10th Cir.1994) ( "To be ineffective, the representation must have been such as to make the trial a mockery, sham, or farce, or resulted in the deprivation of constitutional rights.").

[3] Finally, Scott's objection to the district court's allowance of a motion to dismiss his habeas petition is based on a misreading of the Rules Governing Habeas Corpus Cases Under Section 2254. Rule 4 directs the district court judge to either dismiss the case if the petitioner "plainly is not entitled to

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

153 Fed.Appx. 495, 2005 WL 2865173 (C.A.10 (N.M.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 153 Fed.Appx. 495, 2005 WL 2865173 (C.A.10 (N.M.)))**

relief" or "order the respondent to file an answer, *motion,* or other response." (emphasis added). Rule 5(a) explains that "[t]he respondent is not required to answer the petition unless a judge so orders." The Advisory Committee Notes to the 2004 Amendments state that the revised Rule 5 "does not address the practice in some districts, where the respondent files *a pre-answer motion to dismiss the petition.* But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (*or permit* ) the respondent to file a *motion.*" (emphasis added). The rules do not prohibit the State from filing a motion to dismiss prior to filing an answer and the Advisory Committee Notes specifically recognize the district court's discretion to allow the filing of such motion in lieu of an answer. His claim of judicial misconduct is without merit.

**\*\*3** Because Scott's petition is wholly without merit, he has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues he raises on appeal. Accordingly, we deny his request to proceed *ifp* on appeal.

### *Conclusion*

Based on the above, we **DENY** Scott's request for a COA and **DISMISS** the appeal. We also **DENY** his motion for leave to proceed *ifp* on appeal. Scott shall remit the full amount of the filing fee within twenty (20) days of the date of this order.

C.A.10 (N.M.),2005.
Scott v. Romero
153 Fed.Appx. 495, 2005 WL 2865173 (C.A.10 (N.M.))

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.