**Westlaw Delivery Summary Report for JEFFREY,KAHAN**

| | |
|---|---|
| Date/Time of Request: | Monday, September 27, 2010 14:49 Central |
| Client Identifier: | FIELDS |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp. |
| Lines: | 152 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

Not Reported in F.Supp., 1995 WL 478844 (W.D.Va.), Prod.Liab.Rep. (CCH) P 14,238
**(Cite as: 1995 WL 478844 (W.D.Va.))**

C

United States District Court, W.D. Virginia,
Harrisonburg Division.
The ESTATE OF Donald Ray LAM, et al.,
Plaintiffs
v.
The UPJOHN COMPANY, Defendants.
**No. Civ. A. 94-003-H.**

April 21, 1995.

Hugh David O'Donnell, Green & O'Donnell, Harrisonburg, VA, David C. Read, Paris, TX, Michael D. Mosher and Frank H. Hytken, Hytken & Mosher, Dallas, TX, for plaintiffs.

Samuel L. Tarry, Jr. and James F. Stutts, McGuire, Woods, Battle & Boothe, Richmond, VA, Stephen E. Scheve and Marie S. Woodbury, Shook, Hardy & Bacon, Kansas City, MO, for defendant.

ORDER

MICHAEL, District Judge.

*1 The court referred this case to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to a standing order for proposed findings of fact and a recommended disposition. The Magistrate Judge filed his Report on March 27, 1995, recommending, inter alia, that summary judgment be granted to the Defendants on the ground that the testimony of the Plaintiffs' expert witness is inadmissible under *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 113 S.Ct. 2786 (1993). The Plaintiffs filed Objections on April 10, 1995. After de novo review of the record in the case, and the court finding that the opinion of the Plaintiffs' expert regarding the drug Halcion is not based on sound scientific methodology, for the reasons stated by the Magistrate; and the court further finding that summary judgment should be granted due to the fact that Plaintiffs' expert is the sole causation witness for the Plaintiffs, *see generally, Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 43 F.3d 1311 (9th Cir.1995), it is hereby

ADJUDGED AND ORDERED

that the Defendants' motion for summary judgment shall be, and it hereby is, granted, and this case shall be, and it hereby is, dismissed and stricken from the docket of this court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to Magistrate Judge Crigler.

*REPORT AND RECOMMENDATION*

CRIGLER, United States Magistrate Judge.

This action is before the court on numerous motions of the defendant and upon a motion of the plaintiffs for leave to amend their designation of expert witnesses. The most significant case-dispositive motions of the defendant are those seeking to exclude the evidence of Dr. Peter Breggin, M.D., both as an expert and as a fact witness, and its motion for summary judgment based on the asserted inadmissibility of his testimony. A hearing was held before this court on March 20, 1994. Because of the time constraints between the hearing date and the trial date, this court announced its findings, conclusions and recommendations from the bench at the conclusion of the hearing. This Report and Recommendation follows both to memorialize those findings, conclusions and recommendations, and to conform to the requirements of 28 U.S.C. § 636(b)(1)(B).

*DISCUSSION, FINDINGS AND CONCLUSIONS*

On February 24, 1994 The Upjohn Company moved to exclude the testimony of Peter Breggin,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1995 WL 478844 (W.D.Va.), Prod.Liab.Rep. (CCH) P 14,238
**(Cite as: 1995 WL 478844 (W.D.Va.))**

M.D. both as an expert under Fed.R.Evid. 702 and 703 and as a fact witness under Fed.R.Evid. 602. The motions have their genesis in *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 113 S.Ct. 2786 (1993) and its progeny. Defendant's argument is that Dr. Breggin is not qualified to render any opinions in the case regarding general or specific causation, or about the adequacy of the product warnings because he does not possess the requisite knowledge, skill, experience, training or education in those relevant areas. Particularly, defendant suggests that Dr. Breggin's opinions are nothing more than theories that are personal to him and not generally accepted by the relevant scientific community; that none of his work has been subjected to peer review and publication in a scientific as opposed to a litigation forum; that none of his theories have been tested, much less proved; that his methodology is unknown, if there is one at all; and that his methodology has never been subjected to any standards other than those of his own making. In addition, defendant challenges Breggin's qualifications to express criticism concerning the adequacy of the warning on the Halcion package. Defendant argues that if Dr. Breggin's opinions are inadmissible under *Daubert,* his lay testimony is also inadmissible because does not satisfy the personal knowledge requirement of Fed.R.Evid. 602 and violates the proscriptions against the admission of hearsay under Fed.R.Evid. 801. Thus, defendant contends that not only is Dr. Breggin's testimony as an expert inadmissible, it also is not submissible on any other basis permitted by the rules of evidence.

Plaintiff opposes these particular motions on the grounds that defendants have failed to controvert a single opinion expressed by Dr. Breggin. Alternatively, they believe that the question of whether Dr. Breggin is qualified involves disputed issues of fact, and that before the court can resolve the qualification issue under *Daubert,* an evidentiary proceeding must be conducted so the court can resolve any issues of credibility.

**\*2** With all due respect to local counsel for plaintiffs who appeared on March 21, 1995, plaintiffs' first argument, which essentially addresses the parties' respective burdens in a Rule 56 context, was dispatched by the Ninth Circuit upon remand of *Daubert* from the Supreme Court. Applying what have become axiomatic Rule 56 principles, especially in light of *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), the question is not whether the moving party has failed to contradict the plaintiff's evidence, but whether plaintiff has adduced enough admissible evidence to generate genuine issues of material fact. *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 43 F.3d 1311, 1315 (9th Cir.1995). Moreover, this court does not believe that the Supreme Court in *Daubert* envisioned lower courts engaging in evidentiary proceedings to determine the validity of objections to expert testimony. After all, determinations of admissibility under Rule 702 are matters of law.

As announced from the bench on March 20, 1995, this court finds that the evidence of Peter Breggin, as a purported expert, fails nearly all particulars under the standard set forth in *Daubert* and its progeny. The record supports defendant's assertions that: 1) Breggin stands alone in his theory that Halcion causes suicidal or homicidal behavior; 2) his causation theories have not been subjected to peer review; 3) the data principally is anecdotal; and 4) his methodology essentially is an estimate incapable of producing a testable rate of error. As to his testimony regarding the warning on the Halcion package, Breggin has conducted no original research, has performed no personal re-analysis of the work of others, has prescribed Halcion only once since 1983, has no academic training or regulatory experience and has never participated in any FDA-related proceedings addressing what constitutes an adequate warning.[FN1] Simply put, the court believes that Dr. Breggin's opinions do not rise to the level of an opinion based on "good science." The motion to exclude his testimony as an expert should be granted. It is so RECOMMENDED.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1995 WL 478844 (W.D.Va.), Prod.Liab.Rep. (CCH) P 14,238
**(Cite as: 1995 WL 478844 (W.D.Va.))**

FN1. There is a serious issue raised by defendant regarding whether plaintiff can prove causation because the drug at issue here was prescribed by a "learned intermediary", and because the physician prescribing the drug did not apprise Mr. Lam of the warning. *Stanback v. Park-Davis & Co.,* 637 F.2d 642 (4th Cir.1981); *Pfizer, Inc. v. Jones,* 272 S.E.2d 43 (Va.1980). The point is well taken, though moot because Dr. Breggin does not have sufficient expertise to opine about the adequacy of the warning.

It follows that defendant's motion related to his Jay testimony also is well taken. Dr. Breggin's lay testimony fails to qualify under Fed.R.Evid 602 because it is not based upon personal knowledge, but upon what technically is hearsay information reviewed for purposes of rendering a expert opinion. Accordingly, this court RECOMMENDS that the defendant's motion to exclude the testimony of Dr. Breggins as lay evidence be granted.

The Clerk is directed to immediately transmit the record in this case to the Hon. James H. Michael, Jr., United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

W.D.Va.,1995.
Estate of Lam v. Upjohn Co.
Not Reported in F.Supp., 1995 WL 478844 (W.D.Va.), Prod.Liab.Rep. (CCH) P 14,238

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.