**Westlaw Delivery Summary Report for JEFFREY,KAHAN**

Date/Time of Request:                    Monday, September 27, 2010 14:51 Central
Client Identifier:                       FIELDS
Database:                                OKLA-TRANS
Citation Text:                           1997 WL 330507 (D.Colo.Doc.)
Lines:                                   205
Documents:                               1
Images:                                  0

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.



1997 WL 330507 (D.Colo.Doc.)                                                    Page 1
1997 WL 330507 (D.Colo.Doc.)
**(Cite as: 1997 WL 330507 (D.Colo.Doc.))**

**\*1** TITLE:        United States of America, Plaintiff v. Timothy James McVeigh, Defendant.

TOPIC:         SPECIAL FINDINGS FORM A
DOCKET-NUMBER:  96-CR-68-M

VENUE:         U.S. District Court for the District of Colorado.

YEAR:          Filed:  June 13, 1997

JUDGE:         Hon. Richard P. Matsch, Chief District Judge

TEXT:

                    THESE FINDINGS APPLY TO ALL ELEVEN COUNTS.

I. Intent to Cause Death

  Instructions:  For each of the following, answer "Yes" or "No" as to whether you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant Timothy James McVeigh, acted with the specified criminal intent to cause death:
    1. The defendant intentionally killed the victims.
      Yes X
      No _____
    2. The defendant intentionally inflicted serious bodily injury that resulted in the death of the victims.
      Yes X
      No _____
    3. The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used against a person, and the victim(s) died as a result of that act.
      Yes X
      No _____
    4. The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant in the offense, such that participation in the act constituted a reckless disregard for human life and the victim(s) died as a direct result of the act.
      Yes X
      No _____

  Instructions:  If you answered "No" with respect to all of the above, then conclude your deliberations, sign Section VI of this form, and advise the court that you have reached a decision.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

1997 WL 330507 (D.Colo.Doc.)
1997 WL 330507 (D.Colo.Doc.)
**(Cite as: 1997 WL 330507 (D.Colo.Doc.))**

   If you answered "Yes" with respect to one or more of the above then continue your deliberations in accordance with the court's instructions and proceed to Section II which follows.

II. Statutory Aggravating Factors

   Instructions:  For each of the following, answer "Yes" or "No" to whether you, the jury, unanimously find that the government has established beyond a reasonable doubt the existence of that aggravating factor:
   1. The deaths or injuries resulting in death occurred during the commission of an offense under 18 U.S.C. § 844(d) (transportation of explosives in interstate commerce for certain purposes).
      Yes X
      No _____
   2. The defendant, in the commission of the offense(s), knowingly created a grave risk of death to one or more persons in addition to the victims of the offense.
      Yes X
      No _____
   3. The defendant committed the offense(s) after substantial planning and premeditation to cause the death of one or more persons and to commit an act of terrorism.
      Yes X
      No _____
   **\*2** 4. The defendant committed the offense(s) against one or more federal law enforcement officers because of such victims' status as federal law enforcement officers.
      Yes X
      No _____

   Instructions:  If you do not find any statutory aggravating factors, then conclude your deliberations, sign Section VI of this form, and advise the court that you have reached a decision.

III. Non-Statutory Aggravating Factors

   Instructions:  For each of the following, answer "Yes" or "No" as to whether you, the jury, unanimously find that the government has established the existence of that aggravating factor beyond a reasonable doubt:
   1. The offense(s) committed by the defendant resulted in the deaths of 168 persons.
      Yes X
      No _____
   2. In committing the offense(s), the defendant caused serious physical and emotional injury, including maiming, disfigurement, and permanent disability, to numerous individuals.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

```
    Yes X
    No _____
```
3. That, by committing the offense(s), the defendant caused severe injuries and losses suffered by the victims' families.
```
    Yes X
    No _____
```

Instructions:  Regardless of whether you answered "Yes" or "No" with respect to the Non-Statutory Aggravating Factors in Section III above, continue your deliberations in accordance with the court's instructions and proceed to Section IV which follows.

IV. Mitigating Factors

Instructions:  For each of the following mitigating factors, you should indicate, in the space provided, the number of jurors who have found the existence of that mitigating factor to be proven by a preponderance of the evidence.  A finding with respect to a mitigating factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider such a factor established in considering whether or not a sentence of death shall be imposed, regardless of the number of other jurors who concur that the factor has been established.

1. Timothy McVeigh believed deeply in the ideals upon which the United States was founded.

Number of jurors who so find 0

2. Timothy McVeigh believed that the ATF and FBI were responsible for the deaths of everyone who lost their lives at Mt. Carmel, near Waco, Texas, between February 28, and April 19, 1993.

Number of jurors who so find 12

3. Timothy McVeigh believed that federal law enforcement agents murdered Sammy Weaver and Vicki Weaver near Ruby Ridge, Idaho, in August 1992.

Number of jurors who so find 12

4. Timothy McVeigh believed that the increasing use of military-style force and tactics by federal law enforcement agencies against American citizens threatened an approaching police state.

Number of jurors who so find 12

5. Timothy McVeigh's belief that federal law enforcement agencies failed to take responsibilities for their actions at Ruby Ridge and Waco, and failed to punish those persons responsible, added to his growing concerns regarding the existence of a police state and a loss of constitutional liberties.

**\*3** Number of jurors who so find 12

6. Timothy McVeigh served honorably and with great distinction in the United States Army, from May 1988, until December 1991.

Number of jurors who so find 10

7. Timothy McVeigh received the Army's Bronze Star for his heroic service in Operation Desert Storm in Kuwait and Iraq.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

1997 WL 330507 (D.Colo.Doc.)
**(Cite as: 1997 WL 330507 (D.Colo.Doc.))**

Number of jurors who so find 12

8. Timothy McVeigh is a reliable and dependable person in work and in his personal affairs and relations with others.
Number of jurors who so find 2

9. Timothy McVeigh is a person who deals honestly with others in interpersonal relations.
Number of jurors who so find 1

10. Timothy McVeigh is a patient and effective teacher when he is working in a supervisory role.
Number of jurors who so find 12

11. Timothy McVeigh is a good and loyal friend.
Number of jurors who so find 0

12. Over the course of his life, Timothy McVeigh has done good deeds for and helped others, including a number of strangers, who needed assistance
Number of jurors who so find 4

13. Timothy McVeigh has no prior criminal record.
Number of jurors who so find 12

The law does not limit your consideration of mitigating circumstances to those that can be articulated in advance. Thus, you may consider during your deliberations any other factor or factors in Timothy McVeigh's background, record, character, or any other circumstances of the offense, that mitigate against imposition of the death sentence.

The following extra spaces are provided to write in additional mitigating factors, if any, found by any one or more jurors. If none, write "None" and line out the extra spaces with a large "X." If more space is needed, write "Continued" and use the reverse side of this page.

# __. NONE
Number of jurors who so find X
# __. X
Number of jurors who so find X

Instructions: Regardless of whether or not you find Mitigating Factors in Section IV above, continue your deliberations in accordance with the court's instructions and proceed to Sections V and VI which follow.

V. Recommendation

The jury has considered whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death. Based upon this consideration, the jury recommends, by unanimous vote, that the following sentence be imposed:

[Choose one of the three options immediately below, write it on the line

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

1997 WL 330507 (D.Colo.Doc.)
1997 WL 330507 (D.Colo.Doc.)
**(Cite as: 1997 WL 330507 (D.Colo.Doc.))**

provided below, and then have each juror sign his or her name]
    1. Death
    2. Life Imprisonment Without Possibility of Release
    3. Some Other Lesser Sentence To Be Decided By The Court

  The defendant, Timothy James McVeigh, shall be sentenced to:
    DEATH

  Dated:  June 13, 1997

VI. Certification

  **\*4** By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or the victims was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crimes in question no matter what the race, color, religious beliefs, national origin, or sex of the defendant or the victims.

Foreperson

Dated:  June 13, 1997

  U.S. v. McVeigh

  D.Colo.Doc., 1997.

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.