**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDWARD LEON FIELDS, JR.,** | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| **v.** | ) | **Case No. CV-10-00115-RAW** |
| | ) | **Criminal Case No. CR-03-73-RAW** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| *Respondent.* | ) | |

## RESPONSE TO MOTION FOR NON-DISPOSITIVE OMNIBUS RELIEF

**COMES NOW**, Respondent, United States of America, by and through undersigned counsel, and in response to Petitioner's Renewed Motion for Non-Dispositive Omnibus Relief and Consolidated Brief in Support (Doc. 21) and respectfully submits the following:

## PROCEDURAL HISTORY

On August 1, 2003, a federal grand jury for the Eastern District of Oklahoma returned an indictment that charged Edward Leon Fields with four non-capital offenses and two counts of the death-eligible crime of first degree murder, stemming from the homicides of Charles Glenn Chick, Jr. and Shirley Elliot Chick. Trl. Doc. 16.[1] On March 15, 2004, the government filed a notice of intent to seek the death penalty with respect to both murder charges. Trl. Doc. 38. On June 30, 2005, Fields pleaded guilty to all six counts. On July 22, 2005, following a penalty-phase trial, a jury recommended the death penalty for the two murders, which this Court imposed on November 8, 2005. Trl. Doc. 228.

---

[1]The government prefaces docket entries in case no. 03-cr-73-WH by with "Trl." Citations to documents filed on the instant docket, case no. 10-cv-115-RAW, have no preface.

1

In a published opinion, the Tenth Circuit affirmed the judgment in full. *United States v. Fields*, 516 F.3d 923 (10th Cir. 2008). On April 6, 2010, Fields filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. 1. The same day, he filed a brief entitled Grounds in Support of Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. 2.

On June 1, 2010, he filed a Motion for Non-Dispositive Omnibus Relief, requesting – inter alia – discovery and an evidentiary hearing. Doc. 4. This Court denied the requests, stating that it would revisit the issue sua sponte after it had the opportunity to review the pleadings and record in the case. Doc. 11 at 4. Following the ruling on that Motion, Fields filed a Memorandum of Law in support of his § 2255 Motion. Doc. 14. In it, he requested an evidentiary hearing. *See, e.g., id.* at 46. On September 28, 2010, the Government filed an Answer to Fields's § 2255 Motion. Doc. 16. On November 15, 2010, Fields filed a Reply. Doc. 20. Throughout that document, Fields reiterated his desire that this Court provide him with an evidentiary hearing before deciding the underlying § 2255 litigation. *See, e.g., id.* at 3, 9 & n.3, 21-22, 32, 38, 60-62, 64. Additionally, Fields requested access to discovery to assist him in proving his claims. *Id.* at 64.

Less than two months after filing his Reply, Fields has filed the Renewed Omnibus Motion requesting an evidentiary hearing and discovery. Doc. 21. This Opposition follows.

## I. FIELDS'S REQUEST FOR AN EVIDENTIARY HEARING IS REDUNDANT AND SUPERFLUOUS

As he did in his initial Omnibus Motion, Fields requests that this Court order an evidentiary hearing to resolve any factual disputes presented by the § 2255 Motion. (Mot. 2-6.) This request should be denied because Fields's request is wholly unnecessary, as the Court has recognized its

existing duty to determine the need for a hearing after it reviews the record and pleadings. Of course, the Court has discretion to deny a hearing absent a showing of a material factual dispute, and the government stands by the positions articulated in its Answer that the Court can deny relief as a matter of law, regardless of any information Fields may have proffered.

In denying Fields's initial request for an evidentiary proceeding, this Court recognized its pre-existing duty to decide that question after reviewing the relevant materials in the case:

> As a general rule, courts must first determine, after examining the motion, answer, transcripts and records of prior proceedings, whether any of the issues raised warrant an evidentiary hearing. *See*, Rule 8 of the Rules Governing Section 2255 Proceedings. If so, the Court could then decide to allow discovery in order that the claim might be further developed. *See, Harris v. Nelson*, 394 U.S. 286, 300 (1969) and *Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996).

> For the reasons set forth herein, this Court denies Petitioner's request to have him transported to a local medical facility for brain scans and imaging and denies his request to conduct discovery and/or hold an evidentiary hearing. After all briefing has been conducted in this matter and this Court has an opportunity to determine if any of the issues raised merit an evidentiary hearing, the Court will then decide what, if any, discovery should be allowed herein.

Doc. 11 at 4.

Even if this Court did not have a sua sponte duty to consider the propriety of an evidentiary hearing, Fields has made his request for one abundantly clear, by repeating it throughout this litigation. *See, e.g.,* Docs 4 and Doc. 20 at 3, 9 & n.3, 21-22, 32, 38, 60-62, 64. Those repeated requests are best analyzed in light of the record and pleadings, not the abbreviated arguments in Fields's motion. This Court can far better determine the need for further development in this case from the 408 pages of pleadings (Docs. 1-2, 1-3, 14, 16, 20), 36 appended exhibits, and 3506 pages of trial record already before it, than it can from the summary arguments the litigants can present by

way of motion and response at this stage. Accordingly, the government urges this Court to defer any ruling on the request for an evidentiary hearing until it has reviewed the record and pleadings and to deny it at that juncture because Fields's claims fail as a matter of law.

## II.  FIELDS'S REQUESTS FOR DISCOVERY ARE BASELESS, PREMATURE AND UNSUPPORTED BY A SHOWING OF GOOD CAUSE

Fields requests orders from this Court that would permit him to conduct three types of discovery.  First, he seeks an order compelling the Bureau of Prisons to transport him to a medical facility for a neuro-imaging examination.  Second, he requests an order permitting him to depose a physician who treated him prior to the commission of the murders, who has allegedly refused to provide information to defense counsel.  Third, Fields requests an order compelling the government to disclose various unidentified items and documents that he claims are supposedly within its custody.  (Mot. 6-13.)  As shown below, Fields's requests are all flawed.

### A.  The Request is Superfluous

As noted above, this Court has acknowledged its sua sponte duty to determine the need for discovery after reviewing the pleadings and record in this case.  *See, supra*, Arg. I; Doc. 11 at 4.  The motion for discovery is therefore unnecessary.  *See* Doc. 11 at 4 (citing *Harris v. Nelson*, 394 U.S. at 300).  Because the Court has not yet determined whether further evidentiary development is needed, the request for discovery is also premature.  The government therefore urges this Court to reject all the requests for discovery at this time.

### B.  The Discovery Requests Fail to Establish Good Cause

Assuming, arguendo, this Court does not reject the requests for discovery as superfluous and premature, it should still find that Fields has failed to support them with a showing of good cause.

4

During collateral proceedings, courts may order discovery when they conclude "that it is necessary . . . in order that a fair and meaningful evidentiary hearing may be held so that the court may properly 'dispose of the matter as law and justice require.'" *Harris v. Nelson*, 394 U.S. 286, 300 (1969). A broad-ranging preliminary inquiry is neither necessary nor appropriate in collateral proceedings. *Harris*, 394 U.S. at 297. Rather, "[a] habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004) (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir.1997)). To demonstrate good cause for discovery, the petitioner must give the court reason to believe that, if the facts alleged are fully developed, the petitioner will be able to show that he is entitled to relief. *Bracy v. Gramley*, 520 U.S. 899, 906-09 n.10 (1997); *see Webster*, 392 F.3d at 802.

1. Request for Access to a Medical Examination

Fields requests that this Court order the Bureau of Prisons to transport him, at his expense, to a facility where he can undergo a neuro-imaging examination. (Mot. 6-12.) Fields cannot justify his request for such discovery. As was the case in his original Motion, Fields has failed to show good cause for an order compelling the requested examination. *Cf. Webb v. Carroll*, No. Civ.A. 02-583-GMS, 2003 WL 22299036, at *15 (D. Del. Oct. 6, 2003) (denying habeas petitioner's request for mental health exam for want of "good cause shown" under Federal Rule of Civil Procedure 35)(Attached hereto as Attachment One); *United States v. Johnson*, No. 02-C-6998, 2003 WL 1193257 at *11-12 (N.D. Ill. March 12, 2003) (requiring good cause showing under Fed. R. Civ. Proc. 35 to provide habeas petitioner with order for a mental health examination)(Attached hereto

as Attachment Two).

Fields cannot show good cause because he has not established that a present-day neuroimage would meaningfully inform the distant events that form the basis of his underlying § 2255 claim. In the underlying claim, Fields has argued that his trial attorneys provided ineffective assistance of counsel when they failed to properly investigate and present evidence of his supposed organic brain damage. (Doc. 2 at 16-26.) To prevail on such a claim, he must show that his attorneys' performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, Fields must show, inter alia, that counsel were on notice that the subject merited investigation, that counsel had no tactical reason to forgo some or all of such an investigation, that counsel's decisions fell below reasonable professional norms, and that counsel's decisions had a reasonably likely impact on the outcome of the trial. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009) (regarding the burden to show performance relative to professional norms); *Wiggins v. Smith*, 539 U.S. 510, 527 (2003) (holding the duty to investigate depends upon the facts known to the attorney); *Massaro v. United States*, 538 U.S. 500, 504 (2003) (observing that *Strickland* requires defendants claiming ineffective assistance of counsel to show that their attorneys' actions "were not supported by a reasonable strategy"); *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) (regarding the requisite showing of prejudice).

Despite the fact that any relevant inquiry concerning Fields's alleged brain damage focuses on the conduct of his attorneys, at or before his 2005 trial, he asks this Court to facilitate an examination designed to assist him in diagnosing his condition in 2011. Fields's gives no indication that any information obtained in a present-day neuroimaging study will inform the question of Fields's condition, or trial counsel's conduct, six or more years ago. Indeed, even if a neuroimage

can retrospectively provide Fields with a diagnosis of a six-year-old brain ailment, Fields does not demonstrate how it might assist him in showing that trial counsel were prejudicially ineffective in failing to present such evidence based on the circumstances known to them. *See* Doc. 16 at 23-28. Simply put, Fields provides no indication that an MRI of his brain in 2011 can demonstrate that trial counsel acted unreasonably in light of the information available to them.

Fields's request that for a neuroimaging exam fails to establish good cause, and the Court should reject it, to the extent it chooses to rule on the question at this time.

2. The Deposition of Dr. Michael Kemp

Fields also requests an order to depose Dr. Michael Kemp, the physician who was treating him just prior to the murders. At trial, Fields theorized that Kemp failed to properly diagnose him and, as a result, wrongly prescribed him an anti-depressant that caused him to enter a bipolar "flip," leading to the murders. Fields now claims his attorneys were ineffective for failing to elicit Kemp's testimony to rebut government evidence that the defendant malingered auditory hallucinations that supposedly affected him at the time of the crime. Fields premises his request, in part, on what he characterizes as the government's concession that the Kemp and other treating medical professionals could have provided important and relevant information. (*See* Mot. at 12-13.) In fact, the government has quite clearly taken the position that Kemp and the treating physicians could have only provided cumulative testimony subject to attack on several grounds. In any event, Fields fails to establish good cause for deposing the witness.

A deposition of Kemp would not avail Fields because his underlying claim fails as a matter of law, regardless of any information he might obtain by way of deposition. To succeed on the claim underlying his deposition request, Fields must show that his attorneys' failure to call Kemp was

7

deficient and prejudicial. *Strickland v. Washington*, 466 U.S. at 687. Thus, he must show, among other things, that counsel were on notice that Kemp could offer helpful testimony, that counsel had no tactical reason to forgo that testimony, that counsel's decisions fell below reasonable professional norms, and that counsel's decisions had a reasonably likely impact on the outcome of the trial. As fully explained in the Answer, Fields falls far short of showing that a decision to forgo Kemp's testimony was prejudicial ineffectiveness. *See* Doc. 16 at 28-32. In fact, Kemp could have provided only evidence cumulative to his own records, information that trial counsel presented through retained experts. Kemp would have had no obligation to cooperate with the defense, and a motive not to do so given his potential exposure to civil liability for any admitted errors. Furthermore, Kemp's observations would have been subject to attack on cross-examination based on his lack of expertise to diagnose mental health issues – something Fields himself implies.

Fields gives no indication how information currently in Kemp's possession would inform the question of trial counsel's performance, as their strategy was premised largely on discrediting the putative witness's professional opinions and conduct. The Court should therefore deny the request to depose Dr. Kemp, to the extent it does not decline to reach the issue at this time.

3. Requests for Unidentified, But Allegedly Undisclosed, Documents

Fields seeks a discovery order for disclosure of unidentified documents. This Court has already denied his conclusory request as a motion for a fishing expedition. Doc. 11 at 4. Fields now reasserts the same request to avoid waiving it. Mot. 13. The request remains as conclusory as it was upon initial presentation, and this Court should therefore deny it again.

**CONCLUSION**

Based on the foregoing reasoning and authority, the government respectfully urges this Court to deny Fields's Omnibus Motion.

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma


s/      Christopher J. Wilson
CHRISTOPHER J. WILSON
Assistant United States Attorney
Eastern District of Oklahoma
1200 West Okmulgee
Muskogee, OK 74401-6848
Tel: (918) 684-5100


s/      Jeffrey B. Kahan
JEFFREY B. KAHAN, PA Bar No. 93199
Trial Attorney
U.S. Department of Justice
1331 F Street, N.W.; Rm. 345
Washington, D.C. 20530
Tel: (202) 305-8910

Dated: January 13, 2011.

## CERTIFICATE OF SERVICE

I, hereby certify that on 13th day of January, 2011, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Michael Wiseman - Michael_Wiseman@fd.org
Cristi Charpentier - Cristi_Charpentier@fd.org

s/  Christopher J. Wilson
Assistant United States Attorney