Westlaw.

Page 1

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

H

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
William Joseph WEBB, Jr., Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.

No. Civ.A. 02-583-GMS.
Oct. 6, 2003.

*MEMORANDUM AND ORDER*

SLEET, J.

**\*1** Petitioner William Joseph Webb, Jr. pled guilty in the Delaware Superior Court to first degree assault, first degree burglary, and endangering the welfare of a child. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware. Webb has filed with the court the current petition for a writ of **habeas** corpus pursuant to 28 U.S.C. § **2254** and nine various motions. (D.I.s 2, 5, 7, 17, 28, 29, 31, 42, 43, 49.) For the reasons explained below, the court will deny his petition and dismiss the motions as moot.

I. PROCEDURAL AND FACTUAL BACKGROUND

In July 1999, the petitioner, William Joseph Webb, Jr., became involved in a dispute with his former girlfriend (and mother of his two children). During the dispute, Webb stabbed her several times. He was arrested and thereafter indicted in September 1999. At the time of the July 1999 assault, Webb was on probation for a 1997 burglary conviction.

In March 2000, Webb pled guilty to first degree burglary, first degree assault, and endangering the welfare of a child. He also admitted violating his probation. In June 2000, Webb was sentenced as follows: 1) for the Burglary conviction, Webb was sentenced to twelve years incarceration at Level 5 to be suspended after five years for decreasing levels of probation; 2) for the Assault conviction, Webb was sentenced to thirty months incarceration at Level 5 to be suspended after two years for decreasing levels of probation; and 3) for the endangering the welfare of a child conviction, Webb was sentenced to twelve months incarceration to be suspended for probation. On the violation of probation, Webb had his probation revoked and was resentenced to three years of incarceration at Level 5. (D.I. 25, State's Appendix to Rule 26(C)(i) Brief in *Webb v. State,* No. 110,2002 at A19 -24.)

Webb did not appeal his conviction or sentence. Instead, in August 2000, he filed his first motion for post-conviction relief. In this motion, Webb asserted that his counsel provided ineffective assistance of counsel and that the prosecutor recommended a higher sentence than the one agreed upon in the plea agreement. The Superior Court denied this motion, and Webb did not appeal. *See State v. Webb,* Nos. 9702013762, 9907017204, 2000 WL 1610769 (Del.Super.Ct.Oct.2, 2000)(*"Webb 1"* ).

Webb filed his second motion for post-conviction relief in October 2000 asserting two claims for relief. First, he alleged that he entered his plea involuntarily in response to the victim's threat to ban all contact between Webb and his children if the case went to trial. Second, he again alleged that the prosecutor breached the plea agreement by recommending a sentence higher than the one agreed upon. The Superior Court denied the motion as being barred by Superior Court Criminal Rule 61(i)(2) or (4). *State v. Webb,* Nos. 9702013762, 9907017204, 2000 WL 33115728 (Del.Super.Ct. Nov. 27, 2000)(*"Webb 2"* ).

Webb appealed that decision to the Delaware Supreme Court. Although the Delaware Supreme Court affirmed the Superior Court's decision, it remanded the case to Superior Court to correct the sentence imposed for first degree burglary from twelve years imprisonment to ten years imprisonment. All other aspects of Webb's original sentence

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT ONE

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

remained the same. *Webb v. State,* 788 A.2d 529 (Del. Dec. 6, 2001)(*"Webb 3"* ).

**\*2** While Webb's second motion for post-conviction relief was pending, he moved to vacate the Superior Court's June 23, 2000 Order revoking his probation for the 1997 conviction ("VOP"). He alleged that the Superior Court did not provide oral or written reasons for the revocation of his probation. In July 2001, the Delaware Superior Court denied the motion for being repetitive. *State v. Webb,* ID# 9907017204 (Del.Super.Ct. July 11, 2001)( *"Webb 4"* ). This decision was affirmed on appeal. *Webb v. State,* No. 373, 794 A.2d 601 (Del.2002)(*"Webb 5"* ).

In February 2002, Webb moved to reduce and to correct his sentence under Superior Court Criminal Rule 35(a), and the Superior Court denied this motion as time-barred and repetitive. *State v. Webb,* ID 9907017204-138, 9702013762-114 (Del.Super.Ct. Feb. 28, 2002)(*"Webb 6"* ). This decision was affirmed by Delaware Supreme Court on appeal. *Webb v. State,* No. 177,2002, 810 A.2d 350 (Del. July 25, 2002)(*"Webb 7"* ).

II. GOVERNING LEGAL PRINCIPLES

A. Standard of Review

A federal district court may consider a **habeas** petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § **2254**(a). When the petitioner is in state custody pursuant to a state court judgment, and the federal **habeas** claim was adjudicated in state court on the merits, then a federal court cannot grant a writ of **habeas** corpus unless it finds that the state court decision either: (1) was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § **2254**(d).

The Third Circuit requires federal courts to utilize a two-step analysis when applying the § **2254**(d)(1) standard. *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999)(en banc); *see also Werts v. Vaughn,* 228 F.3d 178 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001). The first step requires federal courts to identify the applicable United States Supreme Court precedent and then determine whether the state court decision is contrary to this clearly established Supreme Court precedent. *Matteo,* 171 F.3d at 888. "Relief is appropriate only if the petitioner shows that the 'Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." ' *Werts,* 228 F.3d at 197(quoting *O'Brien v. Dubois,* 145 F.3d 16, 24-25 (1st Cir.1998)). The petitioner cannot merely demonstrate "that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent *requires* the contrary outcome." *Matteo,* 171 F.3d at 888. Under this standard, **habeas** relief cannot be granted if the federal court merely disagrees with a reasonable state court interpretation of the applicable precedent. *Id.*

**\*3** If the federal court concludes that the state court adjudication is not contrary to the Supreme Court precedent, the court must then determine whether the state court judgment rests upon an objectively unreasonable application of clearly established federal law, as determined by the United States Supreme Court. *Id.* at 880. This analysis involves determining "whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified. If so, then the petition should be granted." *Id.* at 891. Moreover, "in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent." *Id.* at 890. However, once again, a federal court's mere disagreement with the state court's decision does not constitute evidence of an unreasonable application of Supreme Court precedent by a state court. *Werts,* 228 F.3d at 197. Rather, the ap-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

propriate inquiry is "whether the state court's application of Supreme Court precedent was objectively unreasonable." *Id.* (citations omitted). For example, if the state court identifies the correct legal principle, "but unreasonably applies that principle to the facts of the prisoner's case," then **habeas** corpus relief is appropriate. *Williams v. Taylor,* 529 U.S. 362, 413 (2000).

B. Exhaustion and Procedural Default

A federal **habeas** petitioner in state custody pursuant to a State court judgment must also satisfy the procedural requirements contained in the AEDPA.[FN1] The federal **habeas** statute states:

> FN1. Additionally, a federal **habeas** petition must be brought within the one-year period of limitations required by 28 U.S.C. § 2244(d)(1). The statute of of limitations is not at issue here.

An application for a writ of **habeas** corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Before seeking **habeas** relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional

challenges to state convictions. *Werts,* 228 F.3d at 192.

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

**\*4** A petitioner "fairly presents" a federal claim for purposes of exhaustion by presenting to the state's highest court a legal theory and facts that are "substantially equivalent" to those contained in the federal **habeas** petition. *Coverdale,* 2000 WL 1897290, at \*2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). The petitioner does not need to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307, 312 (3d Cir.1980). Rather, a petitioner may assert a federal claim without explicitly referencing a specific constitutional provision by: (1) relying on pertinent federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in like fact situations; (3) asserting a claim in terms so particular as to call in mind a specific right protected by the Constitution; or (4) alleging a pattern of facts that is well within the mainstream of constitutional litigation. *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999); *Evans,* 959 F.2d at 1231. Further, the state court does not have to actually consider or discuss the issues in the federal claim, provided that

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

the petitioner did, in fact, present such issues to the court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

A petitioner's failure to exhaust state remedies will be excused if there is no available state remedy. *Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir.2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). However, even though these claims are treated as exhausted, they are procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but, once again, procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192. In both situations, a federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice or that a "fundamental miscarriage of justice" will result if the court does not review the claim. *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate "actual prejudice" by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. If the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

**\*5** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Car-*

*penter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). A petitioner demonstrates a "miscarriage of justice" by showing that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. "Actual innocence" is established by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 523-24 (3d Cir.2002). The miscarriage of justice exception applies only in extraordinary circumstances and is appropriate only when actual innocence is established, rather than legal innocence. *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992).

### III. DISCUSSION

Webb asserts nine grounds in his **habeas** petition: 1) his guilty plea was involuntary; 2) he was coerced into pleading guilty because the victim of the 1999 assault threatened that he would never see his children again if the case proceeded to trial; 3) the Superior Court did not have jurisdiction to sentence him because the 1999 offense was a domestic violence incident; 4) his May 1997 burglary conviction and his June 2000 revocation of the probationary sentence imposed for that burglary conviction both violated the double jeopardy clause; 5) counsel in the 1997 proceedings and counsel for the 1999 plea agreement provided ineffective assistance; 6) he was denied the right to appeal his sentence and conviction "under false circumstances, as stated in grounds one, two, four, and five"; 7) the Delaware Superior Court's refusal to provide transcripts of his plea colloquy and sentencing hearing violated his right to due process; 8) he was mentally incompetent when he entered his guilty plea, thereby violating due process; and 9) the sentencing judge violated due process by failing to "give what trial/plea judge accepted at the time of plea agreement." (D.I.2.)

The respondent asserts that most of Webb's claims are procedurally barred, and the claims that were decided on the merits in state court do not provide a basis for federal **habeas** relief. (D.I.23.)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

Webb's federal **habeas** petition is now ripe for review.

A. Claim One: Involuntary Guilty Plea

Webb asserts that the State "unlawfully induced" his guilty plea for seven various reasons: 1) the prosecutor breached the plea agreement by failing to recommend the sentence agreed upon; 2) the respondent added his son's name to the "no contact" portion of the plea agreement without his knowledge after he had signed the agreement; 3) he was denied the right to a speedy trial; 4) the sentencing guidelines changed after Webb pled guilty; 5) the judge did not ensure that Webb understood he could not withdraw his guilty plea; 6) the sentencing judge did not advise him of his right to appeal; and 7) the guilty plea was involuntary because he was mentally incompetent at the time of the plea. (D.I.) The court will address these claims in turn.

1. The prosecutor breached the plea agreement

**\*6** Webb contends that the state prosecutor breached the plea agreement by recommending a sentence for twenty eight years rather than the twenty year sentence agreed upon in the plea agreement. Webb raised this claim in his first motion for post-conviction relief. (D.I. 25, State's Appendix in *Webb v. State,* No. 589,2000 at B-27.) The Superior Court dismissed the entire motion pursuant to Superior Court Criminal Rule 61(d)(4) for being conclusory and without factual support. *Webb 1.* Webb did not appeal this order, but rather, he raised the same claim in his second motion for post-conviction relief. (D.I. 25, State's Appendix in *Webb v. State,* No. 589,2000 at B-36.) The Superior Court dismissed this claim as being barred by Superior Court Criminal Rule 61(i)(4) because it was "formerly adjudicated" in the first post-conviction motion, and new consideration of the claim was not warranted in the interest of justice. *Webb 2,* at \*2. On appeal, the Delaware Supreme Court agreed that the motion was barred by Rule 61(i)(2) and (4) and affirmed the Superior Court's denial of the motion. (*Id.* at 3.) The court further stated "even if the prosecutor did recommend a sentence in excess of what was agreed to, there was no prejudice to Webb since the total amount of the Level V sentence imposed by the Superior Court was less than 20 years." *Id.*

As the foregoing illustrates, Webb presented this claim to the Delaware Supreme Court, thereby exhausting state remedies. However, the Delaware Supreme Court's decision not to review this claim rested on Rule 61(i)(4), which is an independent and adequate state procedural ground. *See Maxion v. Snyder,* 2001 WL 848601, at \*10 (D.Del. July 27, 2001)(all subparts of Superior Court Criminal Rule 61(i) constitute independent and adequate state procedural grounds); *Kirby v. Delaware Via Detainer,* 2001 WL 641729, at \*4 n. 10 (D.Del. May 29, 2001)(Rule 61(i)(4) is an independent and adequate state ground). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim [cannot] be reviewed in federal court," unless the petitioner establishes cause for the default and prejudice therefrom, or that a miscarriage of justice will result if the court does not excuse the default. *YLST v. Nunnemaker,* 501 U.S. 797, 801 (1991); *see Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160. In order to demonstrate cause for a procedural default, a petitioner must show "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant,* 499 U.S. 467, 493 (1991). Unfortunately, Webb has offered no reason for asserting this claim in a second post-conviction motion rather than in a post-conviction appeal. As a result, Webb has not established cause for his procedural default.

Because Webb has failed to demonstrate cause for his procedural default, the court need not consider the issue of actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533(1986); *Lawrie v. Snyder,,* 9 F.Supp.2d 428, 453 (D.Del.1998). Moreover, the court cannot locate any allegations of actual innocence in Webb's submissions. The court thus concludes that federal **habeas** review of this claim is procedurally barred.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

2. The respondent allegedly added Webb's son's name to the plea agreement without his knowledge after he signed the agreement

**\*7** Webb's plea agreement requires that he have no unlawful contact with his children. (D.I. 45, App. to Appellant's Op. Br. at 1.) Webb alleges that the prosecutor, with defense counsel's consent, added his son's name to agreement after he signed it.

Webb has not exhausted state remedies with respect to this claim. Although he raised this assertion in his first motion for post-conviction relief, he neither appealed the Superior Court's denial of the motion nor raised the issue in his second motion for post-conviction relief. Thus, this claim has never been presented to the Delaware Supreme Court.

However, determining that Webb failed to exhaust state remedies does not end the court's inquiry because it must now determine whether Webb can exhaust this ground by presenting it to the Delaware Supreme Court. If state rules prevent Webb from presenting this claim to the Delaware Supreme Court, then the exhaustion requirement will be deemed satisfied because there is no available state remedy. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F .3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989).

It appears that further state relief is unavailable. First, Webb cannot now present these claims to the Delaware Supreme Court by appealing the Superior Court's order denying post-conviction relief because the time for such appeal has expired. In Delaware, a notice of appeal in any proceeding for post-conviction relief must be filed within thirty days after entry of the order denying relief. *See* Del.Supr. Ct. R. 6(a)(iii). Failure to file a notice of appeal within the thirty-day time limit deprives the Delaware Supreme Court of jurisdiction to hear the appeal. *See Carr v. State,* 554 A.2d 778, 779 (Del.1989). The Delaware Superior Court denied Webb's first Rule 61 motion on October 2, 2002, more than eleven months ago, clearly beyond the 30 day period for filing an appeal. Thus, the Delaware Supreme Court would dismiss an appeal filed at this late date for lack of jurisdiction.

Second, Webb cannot re-assert this claim in state court because it is procedurally barred by Rule 61(i)(4):

Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal **habeas** corpus proceeding, is thereafter barred, unless reconsideration is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(i)(4); *Williams v. Snyder,* C.A. No. 94-682-LON, at ¶¶ 9, 10 (D.Del. Nov. 28, 1995). Because Webb already raised this claim in his first post-conviction motion, he is barred from asserting it in a new motion, unless reconsideration is warranted in the interest of justice. Reconsideration is warranted in the interest of justice where "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish the accused." *Cruz v. State,* No. 446, 1995, 1996 WL 21060 (Del. Jan. 10, 1996) (quoting *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)). The record is devoid of any subsequent legal developments suggesting that the Superior Court lacked authority to convict Webb. Further state review of this claim is thus foreclosed by Rule 61(i)(4).

**\*8** Even though deemed exhausted, this claim is still procedurally defaulted. As a result, the court may not consider the merits of this procedurally defaulted claim unless Webb demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750.

Webb does not discuss the issue of procedural default in his submissions to this court, nor does he allege actual innocence. Consequently, the court cannot excuse his procedural default. The court concludes that this claim is procedurally barred from federal **habeas** review.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

3. Webb was denied a speedy trial

Webb contends that he was denied a speedy trial, relying in part on the terms of 11 *Del.Code Ann.* § 5133 (2003). Section 5133 requires state courts and prosecutors to expedite proceedings involving juvenile victims or witnesses in order to minimize any adverse effect upon the juvenile stemming from the criminal proceedings. Webb presented this claim to the Delaware Supreme Court when he appealed the Superior Court's denial of his motion to reduce and correct his sentence. *Webb 7.* As a result, Webb has exhausted state remedies.

Because the Delaware Supreme Court denied this claim on the merits, the court is limited to determining whether the state court's decision was contrary to, or an unreasonable application of, clearly settled federal law. See 28 U.S.C. § **2254** (d)(1). It is well-settled that a defendant's properly counseled and entered guilty plea waives several federal constitutional rights, including the right to confront one's accusers, the right to a jury trial, and the right to a speedy trial. *Tollett v. Henderson,* 411 U.S. 258, 266-67 (1973); *Schneckloth v. Bustamonte,* 412 U.S. 218, 237-38 (1973); *U.S. ex rel. Jenkins v. Hendricks,* 405 F.2d 182, 183 (3d Cir.1968); *U.S. v. Robinette,* 177 F.Supp.2d 279, 285 (D.Del.2001)(guilty plea waives speedy trial claim for § **2255** review).

The Delaware Supreme Court held that Webb waived his speedy trial claim by pleading guilty. *See Webb 7.* This determination is neither contrary to, nor an unreasonable application of, the well-settled law that a guilty plea waives a defendant's right to a speedy trial. Accordingly, this claim does not provide grounds for federal **habeas** relief.

4. Remaining three guilty plea claims

Webb did not present any of the remaining grounds in Claim One to the Delaware Supreme Court. As such, he has not exhausted state remedies. However, because he failed to raise these claims in his prior post-conviction motions, any further state court review is precluded by Superior Court Criminal Rule 61(i)(2). *See generally Young-*

*er v. State,* 580 A.2d 552, 554-55 (Del.1990). Webb is thus excused from the exhaustion requirement. *See Lawrie v. Snyder,* 9 F.Supp.2d 428, 453-54(D.Del.1998).

Because Webb's claims are procedurally defaulted, the court must determine whether his procedural default may be excused. Webb could have presented these claims in his post-conviction appeal. *See Browne v. State,* No. 492, 1991, 1992 WL 21146 (Del. Jan. 21, 1992). Unfortunately, Webb does not explain his procedural default, and the court cannot discern any reason for such default from the record. Moreover, Webb does not allege actual innocence. Thus, these claims are procedurally barred and do not provide a basis for federal **habeas** relief.

B. Claim Two: Victim's statements coerced Webb to enter a guilty plea

**\*9** In his second claim, Webb contends that he was coerced into entering his guilty plea because his ex-girlfriend threatened he would never see his children again if the case proceeded to trial. Webb raised this issue in his first post-conviction motion as a reason for not previously raising the other claims alleged in the motion. (D.I. 25, State's Appendix in *Webb v. State,* No. 589,2000 at B-27.) Then, in his second post-conviction motion, and Webb raised the issue as an independent claim of coercion. (*Id.* at B-36.) The Superior Court denied the second post-conviction motion, and Webb raised this claim on appeal to the Delaware Supreme Court. As a result, Webb has exhausted state remedies with respect to this claim.

However, although exhausted, this claim is procedurally defaulted. Both the Delaware Superior Court and the Delaware Supreme Court stated that, to the extent this claim was new (because Webb did not assert it in his first post-conviction motion), it was procedurally barred by Rule 61(i)(2). Further, if Webb did assert the claim in the first post-conviction motion, then it was previously litigated and barred by Rule 61(i)(4). *See Webb 2; Webb 3.* Regardless of which bar applied, both courts clearly

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

based their refusal to review the claim on the independent and adequate state procedural bar of Rule 61(i). *Maxion,* 2001 WL 848601, at *10. As such, federal **habeas** review is barred absent a showing of cause and prejudice, or a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750.

Webb's **habeas** petition does not address the issue of procedural default, and the court cannot discern a reason for the default from the record. Moreover, he has not alleged his actual innocence. Accordingly, the court concludes this allegation is procedurally barred.

Additionally, the respondent contends that this claim is without merit. In order for a guilty plea to be vacated on grounds of coercion after the defendant has testified during the plea colloquy that his plea was voluntary, the defendant must show that the coercion was "so overwhelming that he pled guilty." *See United States v. Gwiazdzinski,* 141 F.3d 784, 788 (7th Cir.1998). In order for a coercion claim to implicate due process, the alleged coercion must originate from the court or government, not from family or friends. *See Miles v. Dorsey,* 61 F.3d 1459, 1469-70 (10 Cir.1995)(collecting cases); *United States v. Pellerito,* 878 F.2d 1535,1541 (1st Cir.1989).

Webb's claim of coercion does not implicate the due process clause because the alleged coercion originated from his ex-girlfriend, not the state or court. Further, at the plea colloquy, Webb testified that his guilty plea was voluntary. Webb's bare allegations do not indicate that his former girlfriend's statements constituted coercion "so overwhelming" as to force him to plead guilty. In short, even if not procedurally barred, the court would conclude that the claim is without merit.

C. Claim Three: The Superior Court did not have jurisdiction to sentence him

**\*10** Webb next alleges that Family Court, rather than the Superior Court, had jurisdiction to sentence him because the offenses giving rise to his convictions originated from an incident of domestic violence. As an initial matter, this claim is without merit because the particular offenses to which Webb pled guilty are felonies, and the Family Court does not have jurisdiction over felonies. 10 *Del.Code Ann.* § 922(a)(2), (3) (Repl.1999).

Webb did not exhaust state remedies because he never presented this claim to the Delaware Supreme Court. Rule 61(i)(2) bars further state relief because Webb failed to raise the claim in his prior motions. *See Super. Ct.Crim. R. 61(i)(2); see generally Younger v. State,* 580 A.2d 552, 554-55 (Del.1990). Consequently, Webb's failure to exhaust state remedies is excused. *See Lawrie v. Snyder,* 9 F.Supp.2d 428, 453-54 (D.Del.1998).

Once again, although the exhaustion requirement is excused, this claim is procedurally defaulted. The only remaining question is whether the court can excuse Webb's procedural default. Unfortunately, Webb neither explains the default in his **habeas** petition nor alleges his actual innocence. As a result, the court cannot review this procedurally barred claim.

D. Claim Four: Double jeopardy violations

Webb next claims that his May 1997 burglary conviction and the June 2000 revocation of the probationary sentence imposed for that burglary conviction ("VOP") violated the double jeopardy clause. This claim was never presented to the state courts and is thus unexhausted.

The court must now determine whether Webb can assert this claim in state court. Delaware Superior Court Criminal Rule 61 imposes several procedural hurdles that must be satisfied before a state court will consider the merits of a petitioner's claim. *See Super. Ct.Crim. R. 61(i); Younger v. State,* 580 A.2d 552, 554 (Del.1990) With respect to Webb's 1997 conviction, Rule 61(i)(1) would bar further review of the 1997 conviction because "[a] motion for postconviction relief may not be filed more than three years after the judgment of conviction is final." Super. Ct. R.Crim. P. 61(i)(1). The three-year period "is jurisdictional and cannot be

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

enlarged." *Robinson v. State,* 584 A.2d 1203, 1204 (Del.1990). Clearly, the three year time period for filing a motion for post-conviction relief with respect to the 1997 conviction has expired. Thus, Webb is foreclosed from asserting a new Rule 61 motion for the 1997 conviction.

Similarly, Rule 61(i)(1) bars further review of the June 23, 2000 revocation of probation. The revocation of probation became final on July 23, 2000 because Webb did not appeal the VOP.[FN2] In order to be timely, Webb had to file a new post-conviction motion by July 23, 2003. As such, Webb cannot now timely file a new post-conviction motion asserting this claim.

> FN2. The record indicates that Webb did not appeal the VOP. When a petitioner does not file a direct appeal, his conviction and sentence become final upon the expiration of the thirty day filing period for a notice of appeal. *See Nara v. Frank,* 264 F.3d 310, 314 (3d Cir.2001). The Superior Court sentenced Webb on June 23, 2000. Webb's numerous post-conviction proceedings are not relevant for determining the finality of his sentence.

Rule 61(i)(2) also bars further state review of both the July 1997 conviction and the June 2000 revocation because "any ground for relief that was not asserted in a prior post-conviction proceeding ... is thereafter barred, unless consideration of the claim is warranted in the interest of justice." Despite his numerous post-conviction motions in state court, Webb never raised this claim. Nothing in the record indicates that the Superior Court lacked jurisdiction over either the 1997 burglary conviction or the 2000 revocation of probation, thus, Webb has failed to demonstrate that consideration of the claim is warranted in the interest of justice. *See Woods v. State,* No. 259, 1997, 1997 WL 425492 (Del. July 18, 1997)(citing *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)). Accordingly, Webb is now barred from re-asserting the claim in a new Rule 61 motion.

*\*11* As the foregoing illustrates, Webb cannot obtain further state relief for this claim, thereby excusing his failure to exhaust state remedies. However, because Webb does not provide a cause for his procedural default, and does not demonstrate actual innocence, federal **habeas** review of this claim is barred.

E. Claim 5: Ineffective assistance of counsel

Webb asserts that the attorney who represented him in the 1997 proceedings and the attorney who represented him in connection with the 1999 charges provided ineffective assistance of counsel.[FN3] Due to the voluminous and confusing state post-conviction proceedings initiated by Webb, the court will discuss the alleged ineffective assistance claims separately.

> FN3. Webb was represented by a different attorney for each proceeding.

1. Ineffective assistance claim in connection with the 1997 conviction

Webb never raised an ineffective assistance of counsel claim with respect to the 1997 conviction in either his first or second post-conviction motions, or in his appeal of the second post-conviction motion. As a result, he has failed to exhaust state remedies. Webb is now procedurally barred from raising this claim in state court by Superior Court Criminal Rule 61(i)(1) because the time for filing a new motion for post-conviction relief has expired. *See generally Younger,* 580 A.2d at 554-55. As a result, Webb's failure to exhaust state remedies is excused. However, Webb does not provide a reason for this procedural default, nor does he allege actual innocence. Accordingly, the court is procedurally barred from reviewing the ineffective assistance of counsel claim related to Webb's 1997 conviction.

2. Ineffective assistance of counsel claim in connection with Webb's revocation of probation

The court is also procedurally barred from reviewing Webb's ineffective assistance of counsel claim for the 2000 VOP. After Webb pled guilty to assault in 2000, not only was he sentenced for the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

assault, but also his probation for the 1997 conviction was revoked. Webb then initiated two separate courses of action. One course challenged the guilty plea itself. The other course, at issue here, involved a motion for post-conviction relief challenging the VOP. Although Webb did not raise this ineffective assistance of counsel claim in the VOP post-conviction motion, he did raise the issue when he appealed the Superior Court's denial of this motion. *See Webb 5* . However, the Delaware Supreme Court invoked Supreme Court Rule 8 and refused to consider the claim because Webb did not present this issue to the Superior Court in the first instance. *Id.*

As explained above, Webb exhausted state remedies when he presented this issue to the Delaware Supreme Court. Yet, by invoking Delaware Supreme Court Rule 8 to deny this claim, the Delaware Supreme Court relied on an independent and adequate state procedural bar. *See Hubbard v. Carroll,* 2003 WL 277252, at *3 (D.Del. Feb. 5, 2003). Consequently, the court can only review this ineffective assistance of counsel claim if Webb demonstrates cause and prejudice, or that a miscarriage of justice will result if the court does not review the claim. *See Coleman,* 501 U.S. at 750-51.

**\*12** Webb does not provide a reason for the procedural default, and fails to allege actual innocence. As a result, this court cannot review this procedurally barred claim.

F. Claim 6: Webb was denied the right to appeal his conviction and sentence

Webb alleges that he was denied the right to appeal his conviction and sentence "under false circumstances, as stated in grounds one, two, four, and five, in which the allegations support this claim." (D.I. 2 at 9.) To the extent Webb incorporates the grounds asserted in claims one, two, four, and five, the court has already explained why federal **habeas** relief is not available. *See supra* pp. 9-20. To the extent Webb may be asserting a new claim, he never presented this claim to the state courts, and thus, he has failed to exhaust state remedies. Because

Webb never raised this claim in his prior postconviction motions, Delaware state courts would hold that further state court review of this claim is foreclosed by Superior Court Criminal Rule 61(i)(2). *See generally Younger,* 580 A.2d at 554-55; *Carter v. Neal,* 910 F.Supp. 143, 151 (D.Del.1995). As such, his failure to exhaust is excused.

Even though Webb's failure to exhaust is excused, this claim is still procedurally defaulted. Webb's federal **habeas** petition does not explain his failure to present this claim earlier, and he has not alleged actual innocence. Thus, the court cannot review this procedurally defaulted claim.

G. Claim 7: The state courts erred in not providing transcripts of the plea colloquy and sentencing hearing

Webb claims that the state courts' refusal to provide him with transcripts of the plea colloquy and the sentencing hearing "violates the Due Process [Clause] and makes the proceedings of the dates of May 1, 1997, March 16, 2000, May 12, 2000, and June 23, 2000 invalid." (D.I. 2 at 9.) Webb further alleges that if the transcripts "were added to these proceedings, the Double Jeopardy violation would have been addressed along with the Petitioner's allegations as in grounds one, four, and five." (*Id.*)

After reviewing the state court record, it appears that Webb filed three motions for transcripts during his post-conviction proceedings. Webb filed the first motion for transcripts in his first post-conviction proceeding filed in August 2000. The Superior Court denied this request. (D.I. 59 in Super. Ct.Crim. Dkt. for *State v. Webb.*) Then, Webb filed his second post-conviction motion in October 2000, and the Superior Court denied this motion on November 28, 2000. (D.I. 89 of Del.Super. Ct. Dkt. for *State v. Webb.*) In December 2001, Webb filed an appeal of the Superior Court's denial of the second post-conviction motion. (*Id.* at D.I. 94.) On December 18, 2000, Webb filed a motion for transcripts in order to help him with his appeal. (Id. at

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

D.I. 96.) The Superior Court denied this motion on February 12, 2001. (*Id.* at D.I. 102.)

In his appeal regarding the second post-conviction motion, Webb presented the claim that the Superior Court abused its discretion by denying his motion for the transcripts. *See Webb 3.* The Delaware Supreme Court held that the Superior Court did not abuse or err in the exercise of its discretion to deny Webb's request for the transcripts. *Id.* at * *2. The state supreme court held that the Superior Court, under the circumstances of Webb's case, was not required to have the transcripts prepared.[FN4]

> FN4. It appears that Webb filed a third motion for transcripts sometime between February 2001 and April 2001, which the Superior Court denied. *See Webb v. State,* 782 A.2d 267, at * *1 (Del. Aug. 30, 2001). Webb appealed this third denial, but the Delaware Supreme Court dismissed this appeal because the Superior Court's denial was an interlocutory order and thus, not appealable. *Id.*

**\*13** As the foregoing illustrates, Webb has exhausted state remedies with respect to this claim, and the state supreme court decided this claim on the merits. As a result, this court's review is limited to determining whether the state courts' rejection of Webb's request was either contrary to, or an unreasonable application of, "clearly established federal law." *See* 28 U.S.C. § **2254**(d)(1).

The first step in this inquiry is to determine the "clearly established federal law" governing the issue at hand. *See Matteo,* 171 F.3d at 880; *Williams v. Taylor,* 529 U.S. 362, 405 (2000). While it is well-settled that "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal," *Britt v.. North Carolina,* 404 U.S. 226, 227 (1971), it is unclear whether an indigent state defendant has a constitutional right to free transcripts in order to prepare a state collateral at-

tack. *See Wade v. Wilson,* 396 U.S. 282, 286 (1970) (declining to decide whether the "Constitution requires that a State furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief"); *Ortiz v. Snyder,* 2002 WL 511517, at *7 (D.Del. Apr. 2, 2002). However, if an indigent state defendant does have such a right, it is clear that the defendant must demonstrate a particularized need for the transcript. *See United States v. MacCollum,* 426 U.S. 317 (1976); *Collins v. Snyder,* 1996 WL 534895 (D.Del. Sept. 12, 1996). For example, if the transcript is needed to decide the issue at hand, then the defendant has demonstrated a particularized need. *See MacCollum,* 426 U.S. at 326.

Webb did not directly appeal his sentence, and he only requested the transcripts during his post-conviction proceedings. As a result, the Delaware state courts had discretion over whether to provide free transcripts. Indeed, the Superior Court denied Webb's transcript request because the transcript was not relevant to its determination of the motion: the post-conviction motion was already procedurally barred by Rule 61(I)(2) and (4). In turn, the Delaware Supreme Court held that the denial was "within the discretion of the Superior Court." *Webb,* 788 A.2d at * *2. Neither of these state court decisions was contrary to, or an unreasonable application of, the applicable federal law. Accordingly, this claim does not provide a basis for federal **habeas** relief.

H. Claim 8: Webb was mentally incompetent when he entered his plea

Webb asserts that he was mentally incompetent at the time of his guilty plea, thereby rendering it involuntary. This claim merely repeats the ground he alleged in Claim One. *See supra* p. 9. As previously explained, this claim is procedurally barred and does not provide a basis for federal **habeas** relief. *See supra* pp. 14-15. Accordingly, the court will deny this claim.

I. Claim 9: The sentencing judge violated due process by failing to follow the plea agreement accep-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

ted by the plea judge

**\*14** Webb's final claim is based on the fact that the Superior Court judge who accepted his guilty plea was not the judge who sentenced him. Webb asserts that the sentencing judge did not "give what trial/plea judge accepted at time of plea-agreement." (D.I. 2 at 10 .) Once again, it appears that Webb's final claim merely reiterates a ground asserted in Claim One. *See supra* pp. 9-14. As explained above, the court will deny this claim as procedurally barred.

However, in the unlikely event that Webb asserts a claim independent from Claim One, the court must determine whether the procedural requirements of the AEDPA are satisfied. Webb never presented this claim to the state courts. Thus, he has failed to exhaust state remedies.

The court agrees with the respondent's assertion that Webb's failure to present this issue in his prior post-conviction motions bars further state review of this claim under Superior Court Criminal Rule 61(i)(2). (D.I. 23 at 12). Webb is therefore excused from the exhaustion requirement, but the claim is still procedurally defaulted. The court cannot collaterally review this claim because Webb fails to demonstrate cause for the procedural default, and he does not assert actual innocence. Accordingly, the court will deny this claim.

J. Motions for Expedited Proceedings and Funds

Webb has filed with the court a motion to expedite the review of his petition for a writ of **habeas** corpus. (D.I.5.) The court has determined that it will dismiss Webb's petition because the majority of claims are procedurally barred, and those claims it did review do not provide a basis for federal **habeas** relief. As such, the court will deny Webb's motion for expedited proceedings as moot.

Webb has also filed a motion for funds for "attorney's fees, appeal, transcripts, court reporter, expert testimony for/on effective assistance of counsel, expert testimony for/on judicial misconduct, expert testimony on competency, investiga-

tion services, evidentiary hearings, copies, locker box, and lock." (D.I.7.) To the extent Webb's motion actually constitutes a motion for discovery, a district court judge may grant discovery requests "for good cause shown." Rule 6(a), 28 U.S.C. foll. § 2254. For the reasons stated, the court will dismiss Webb's **habeas** petition. There is no "good cause" for granting Webb's request at this time. Therefore, Webb's request for "discovery" will be denied as moot.

Further, Webb does not provide any authority to support his request for funds. To the extent this request can be characterized as a request "services other than counsel" under 18 U.S.C. § 3006A(e), the court will deny this request. Pursuant to 18 U.S.C. § 3006A(e), an indigent defendant is entitled to "investigative, expert, or other services necessary for adequate representation" upon a finding that such assistance is "necessary." The court has concluded that it must dismiss Webb's **habeas** petition, thus, such assistance is not necessary. Accordingly, the court will deny this motion as moot.

K. Motion for discovery

**\*15** Webb has filed a motion for interrogatories and discovery "pursuant to Rule 6 [of the Rules] Gov[erning] § 2254 cases invoking the process of discovery in Rules 26 thr[ough] 37 Fed. R. of Civ. Proc." (D.I 29.) A district court judge may grant discovery requests "for good cause shown." Rule 6(a), 28 U.S.C. foll. § 2254. For the reasons stated, the court will dismiss Webb's **habeas** petition. There is no "good cause" for granting Webb's request at this time, therefore, his request for interrogatories and discovery is denied as moot.

L. Motion to consolidate his federal **habeas** proceeding with his civil rights action

Webb has filed a motion requesting the court to consolidate his **habeas** petition with his civil rights action, *Webb v. State,* CA No. 02-521-GMS, filed pursuant to 28 U.S.C. § 1983. (D.I.28.) As explained above, the court is dismissing Webb's **habeas** petition. Consequently, the court will deny this motion to consolidate as moot.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

M. Motion for psychiatric and psychological evaluation

Webb has filed a motion requesting the court to transfer him to a "federal forensic unit hospital" so that he can obtain a psychiatric exam to determine his "competency to stand trial and assist counsel if appointed." (D.I.31.) Webb filed this motion pursuant to Rule 35(a) of the Federal Rules of Civil Procedure, which authorizes a court to order the party to "submit to a physical or **mental examination**" "for **good cause** shown." A pre-requisite to such an order is that the mental or physical condition of the party must be "in controversy." *Id.*

As previously explained, the court has determined that Webb is not entitled to federal **habeas** relief. This decision was premised on Webb's numerous procedural defaults and a determination that the two issues actually adjudicated on the merits in state court did not warrant federal **habeas** relief. Webb's mental capacity at the present time is not a factor in the court's decision regarding his federal **habeas** petition. As such, there is no "good cause" to order a psychiatric evaluation. Webb's motion for a psychiatric evaluation will be denied.

N. Motions for subpoenas, sanctions, default judgment, or recusal

Finally, Webb has filed a motion for default judgment and injunction orders, (D.I.17.), a motion requesting the court to issue subpoenas, (D.I.49.), a motion for sanctions against the respondent, (D.I.42.), and a motion for a default judgment against the respondent or, in the alternative, for the recusal of the respondent. (D.I.43.) As previously explained, the court will dismiss Webb's federal **habeas** petition. Thus, the court denies these motions as moot.

IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**\*16** Moreover, when a federal court denies a **habeas** petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

For the reasons stated above, the court concludes that most of Webb's claims are procedurally barred. The court also concludes that Webb's claims regarding the denial of the right to a speedy trial and the denial of transcripts do not provide a basis for federal **habeas** relief. Reasonable jurists would not find these conclusions unreasonable. Consequently, Webb has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. William Joseph Webb, Jr.'s petition for a writ of **habeas** corpus pursuant to 28 U.S.C. § **2254** (D.I.2.) is DENIED.

2. William Joseph Webb, Jr.'s following motions are DENIED as moot:

a. Motion to expedite proceedings. (D.I.5.)

b. Motion for funds. (D.I.7.)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

c. Motion for a default judgment and injunction against respondent. (D.I.17.)

d. Motion to consolidate 02-583 with 02-521. (D.I.28.)

e. Motion for discovery. (D.I.29.)

f. Motion for a psychiatric and psychological exam. (D.I.31.)

g. Motion for sanctions against respondent. (D.I.42.)

h. Motion for default judgment against or recusal of respondent. (D.I.43.)

i. Motion for subpoenas. (D.I.49.)

3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.


D.Del.,2003.
Webb v. Carroll
Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.