UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

_____
                                                            :
UNITED STATES OF AMERICA,           :
                                                            :          CIV-10-115-RAW
                      Respondent,                    :
                                                            :          CAPITAL 2255 PROCEEDINGS
          -v-                                              :
                                                            :          HON. RONALD A. WHITE
EDWARD LEON FIELDS, JR.,             :
                                                            :
                      Petitioner.                       :
                                                            :
_____    :

**PETITIONER'S BRIEF REPLY IN SUPPORT OF RENEWED MOTION FOR NON-DISPOSITIVE OMNIBUS RELIEF**

1.       The Government filed its *Response* to Mr. Fields' Renewed Omnibus on January 13, 2011.  This brief submission is made in reply.

2.       Initially, the Government mischaracterizes Mr. Fields' request for a transport order as "discovery."  *Response*, 4, 5.  However, this is not a request for discovery or even for a "medical examination,"as the Government states.  Rather, it is a motion for a transport order.  Mr. Fields would not require a court order to be evaluated by his own experts, except for the fact that as a prisoner he obviously cannot leave the facility absent an order.

3.       The Government supports its characterization of this as a "discovery"

1

request by reliance on Fed.R.Civ.P. 35.  However, on its face that Rule applies only to requests for examinations of an adverse party: "The court . . . may order a party . . . to submit."  There is nothing in the Rule addressing the need to obtain a court order to have a party be evaluated **by their own expert**.  Nor is there anything in the Rule discussing requests by prisoners or the need for transport.

4.      Both Rule 35 and Rule 6 of the Rules on Motion Attacking Sentence Under Section 2255 contain a "good cause" requirement.  For the reasons described above, Mr. Field's request for a transport order is not discovery and it does not even remotely implicate Rule 35.  Therefore Mr. Fields need not show good cause.  However, even if Mr. Fields was required to show good cause to obtain the requested transport order, he has done so.

5.      The Government says that Mr. Fields has not shown good cause "because he has not established that a present-day neuroimage would meaningfully inform the distant events that form the basis of his underlying § 2255 claim."  *Response*, 6.  This seriously misconstrues the "good cause" standard entitling a habeas petitioner to discovery.  It is not incumbent upon Mr. Fields to "establish" the connection – it is sufficient that he has **pled facts** that would entitle him to relief.  That is the good cause standard applicable to post-conviction discovery.  A post-conviction petitioner establishes "good cause" whenever "specific allegations before

the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969)); Moore v. Gibson, 195 F.3d 1152, 1165 (10th Cir. 1999) (quoting Bracy). As this authority makes abundantly clear, Mr. Fields does not – as the Government argues – have to prove the merits of his claims in order to obtain discovery.

6.      Mr. Fields has certainly met the pleading requirements to establish good cause for this discovery – should the Court even deem it a discovery request. See, e.g., *Renewed Omnibus Motion*, ¶ 8 ("Dr. Daniel Martell, has opined that Mr. Fields has suffered a cataclysmic decline in his cognitive functioning due to either a tumor, stroke or other disease process that Dr. Martell believes may have been present prior to and at the time of the crimes. Pet. Ex. 9, 16-17.").

7.      The Government cites Webb v. Carroll, No. Civ.A.02-583-GMS, 2003 WL 22299036 (D. Del. Oct. 6, 2003) and United States v. Johnson, No. 02-C-6998, 2003 WL 1193257 (N.D. Ill. Mar. 12, 2003) to support its argument that Mr. Fields has not shown "good cause" under Rule 35, *Response*, 5-6. These cases are inapposite. Webb is a § 2254 case, in which the claim for which the petitioner wished to be evaluated was procedurally defaulted. The Court stated:

Webb has filed a motion requesting the court to transfer him to a federal

3

> forensic unit hospital. . . Webb filed this motion pursuant to Rule 35(a)
> . . . A prerequisite to such an order is that the mental or physical
> condition of the party must be in controversy. As previously explained,
> the court has determined that Webb is not entitled to federal habeas
> relief. The decision is premised on Webb's numerous procedural
> defaults. . . Webb's mental capacity at the present time is not a factor in
> the court's decision regarding his federal habeas petition. As such, there
> is no good cause.

Webb, 2003 WL at * 15 (internal quotation marks omitted).

8.    Johnson fares no better. There, the court denied an unlimited and unspecified funds for an evaluation to determine if the petitioner was mentally retarded. The Court stated that the petitioner failed to file a proper Rule 35 motion. It adds nothing to the Government's "no good cause" argument.[1]

9.    As to the remainder of the Government's arguments, Mr. Fields has nothing new to add.

---

[1]Neither Webb nor Johnson support the Government's contention that Mr. Fields' instant request is governed by Rule 35. Webb was litigated *pro se*. In both cases, the petitioner moved – mistakenly – under Rule 35 and in neither case was the applicability of the Rule examined. Rather, each decision assumed, without discussing or deciding, that the Rule applied.

4

WHEREFORE, Mr. Fields requests that his *Renewed Motion* be granted in full.

Respectfully Submitted,

/s/Michael Wiseman

Michael Wiseman
Cristi Charpentier
Federal Community Defender for the
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
Philadelphia, PA 19106
215-928-0520
Counsel for Petitioner
Edward Leon Fields, Jr.

Dated:      January 21, 2011
           Philadelphia, PA

**CERTIFICATE OF SERVICE**

I, Michael Wiseman, Esq., hereby certify that on this 21st day of January, 2011, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ Michael Wiseman

Michael Wiseman