_____   :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                Respondent,         :
                                    :   CIV-10-115-RAW
        -v-                         : ::::::PITAL HABEAS PROCEEDINGS
                                    :   CAPITAL 2255 PROCEEDINGS
EDWARD LEON FIELDS, JR.,            :
                                    :
                Petitioner.         :
                                    :
_____   :

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PETITIONER'S
RENEWED MOTION FOR NON-DISPOSITIVE OMNIBUS RELIEF**

Petitioner Edward Leon Fields, through undersigned counsel, hereby submits the following as supplemental authority in support of Petitioner's Renewed Motion for Non-Dispositive Omnibus Relief:

1.      In Johnson v. United States, No. 09-cv-3064-MWB (N.D. Iowa Jan. 17, 2011, Dkt. # 106), the District Court granted a Section 2255 petitioner's request for neuroimaging testing to be conducted at two outside facilities in the local area of FMC-Carswell, where the death-sentenced female petitioner was incarcerated, because such testing was "reasonably necessary" to support her Section 2255 motion.  See Johnson, Order of Jan. 17, 2011 at 1, attached hereto as Exhibit A.[1]  The court's order directed the United States Marshal Service and the

_____

[1]The petitioner in Johnson also requested that the costs of such examinations be paid for by the Court.  Such an order is unnecessary here, as counsel for Mr. Fields

Bureau of Prisons to "take all reasonably necessary steps to effectuate such testing." Id. at 3 (citing 18 U.S.C. § 3599(a)(2)).

2. The petitioner in Johnson supported her request for neuroimaging with the pre-trial recommendation for testing of a forensic psychiatrist consulted by trial counsel, and the opinion of a neuropsychiatrist retained by post-conviction counsel that such testing was necessary to confirm or rule out brain impairment or a seizure disorder. Similarly, Mr. Fields has supported his request for a transport order with the opinion of Dr. Daniel Martell that neuroimaging is strongly indicated to confirm or rule out a tumor, stroke or other disease process, and with the pre-trial opinion of an expert retained by trial counsel that further evaluation was warranted. See, e.g., Petitioner's Renewed Motion for Non-Dispositive Omnibus Relief, at ¶¶ 8, 14. Notably, in Johnson, the Government retained and relied upon the opinion of Dr. Martell to *rebut* the diagnosis of brain impairment or a seizure disorder, and thus the necessity of further testing.

---

will bear the costs of transport and testing.

Petitioner requests that this Court grant his Renewed Omnibus Motion for

Non-Dispositive Relief, including, <u>inter</u> <u>alia</u>, his request for a transport order.[2]

Respectfully Submitted,

<u>/s/Michael Wiseman</u>

Michael Wiseman
Cristi Charpentier
Federal Community Defender for the
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
Philadelphia, PA 19106
215-928-0520

Counsel for Petitioner
Edward Leon Fields, Jr.

Dated:     February 9, 2011
           Philadelphia, PA

---

[2]Counsel have consulted with their expert, who has advised that there are any number of reasonably local medical facilities that have the capacity to perform the required imaging. Moreover, the expert has advised that the imaging can be accomplished in a "day-trip" from USP-Terre Haute to the medical facility. Should the Court agree in principle to permit this imaging, counsel will make arrangements with a local facility to conduct the imaging and will present that information to the Court for final approval.

Counsel have had similar imaging conducted in other capital post-conviction cases by having courts order that their client be transported to a local facility. In counsels' experience, the security arrangements can be routinely managed by the prison authorities (the trip is akin to any number of routine medical visits to which prisoners are transported). Counsels' office will assume any Bureau of Prison costs associated with the trip, and counsels' office will of course pay for the actual studies to be conducted.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

ANGELA JOHNSON,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 09-3064-MWB
(No. CR 01-3046-MWB)

**ORDER MODIFYING SCHEDULING ORDER AND AUTHORIZING ADDITIONAL TESTING**

————————————

This case is before the court on the January 14, 2011, Joint Motion For A Modified Scheduling Order And Johnson's Motion For MRI, PET/CT, And EEG Testing (docket no. 103). The court held a telephonic conference on the motion on Monday, January 17, 2011.

Johnson is entitled to "reasonably necessary" services to support a 28 U.S.C. § 2255 petition in a death penalty case. *See* 18 U.S.C. § 3599(a)(2), *and compare* 21 848(q)(4)(B) (repealed in 2006); *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (O'Connor, J., concurring). The court denied a similar request for testing in September 2009. *See* Order Regarding Third Supplement To Litigation Budget For Neuroimaging And Neuropsychological Tests (Crim. docket no. 823, docketed October 2, 2009). However, based on Johnson's showing in support of her renewed attempt to obtain authorization for neuroimaging testing, the court now concludes that MRI, PET/CT, and EEG testing are "reasonably necessary" to support her § 2255 Motion. Therefore, the court will authorize such testing as requested.

The parties request a continuance of the evidentiary hearing, scheduled for the week of March 7, 2011, and modification of various deadlines, in light of the additional testing approved above. Whether or not to grant a continuance is reviewed for abuse of discretion. *United States v. Keiser*, 578 F.3d 897, 901 (8th Cir. 2009) (considering denial of a motion to continue a sentencing). Continuances should only be granted upon a showing of a compelling reason and should be based, for example, on consideration of whether counsel will have sufficient time to prepare and whether the movant will be prejudiced if the motion to continue is denied. *Id.*

While some continuance may be reasonably necessary, the parties have not shown a compelling reason for a continuance as long as they have requested. *Id.* Moreover, the court is unwilling to give up the hearing days already scheduled for the evidentiary hearing in this case or to compel the parties in some other case to use those days on such short notice. Counsel was originally appointed to represent Johnson on her *anticipated* § 2255 Motion almost two months before the one-year period to file that motion began to run and, consequently, almost fourteen months before that motion was actually filed. The evidentiary hearing as currently scheduled comes almost a year-and-a-half after Johnson's § 2255 Motion was filed, notwithstanding the court's notice to the parties prior to filing of Johnson's § 2255 Motion that the court intended to hold an evidentiary hearing within approximately seven months of the filing of her motion and the original scheduling of the hearing on May 3, 2010. The evidentiary hearing has been repeatedly continued, at the request of original § 2255 counsel, who was subsequently replaced, under circumstances that, in the court's view, now look like stalling tactics under the guise of giving the petitioner a "perfect" collateral attack on her conviction. Thus, notwithstanding that additional testing is reasonably necessary, another five-month continuance is not. Use of the current hearing days and a more compressed time frame to address issues raised by the

additional testing will still provide counsel with sufficient time to prepare and are unlikely to prejudice Johnson. *Id.*

THEREFORE, the January 14, 2011, Joint Motion For A Modified Scheduling Order And Johnson's Motion For MRI, PET/CT, And EEG Testing (docket no. 103) are **granted**, as follows:

1. The court **orders and authorizes** payment for MRI and EEG testing at John Peter Smith Hospital in Fort Worth, Texas, and PET/CT testing at Radiology Associates in Fort Worth, Texas, at an estimated cost of $2,186.00 for the MRI; $480.00 for the EEG; and $1,590.00 for the PET/CT.[1] Petitioner's counsel is authorized to submit the costs of these tests on counsel's voucher. The United States Marshal Service and the Bureau of Prisons shall take all reasonably necessary steps to effectuate such testing, which the parties anticipate will occur on or before February 15, 2011.

2. The Scheduling Order is **modified** to set the evidentiary hearing in two parts, as follows:

a. The **first part** of the evidentiary hearing, for the presentation of the petitioner's non-expert (non-psychiatric and non-medical) witnesses, is now scheduled for **March 7, 2011, through March 13, 2011**, to run from 8:00 a.m. to 8:00 p.m. or the time at which available witnesses are expended each day, with reasonable breaks and one-hour breaks for lunch and dinner. This hearing schedule will require a second-shift court reporter.

---

[1]Because payment in excess of $7,500 is *not* anticipated for the additional testing at issue here or for the assistance of the Texas psychiatrist who is willing to prescribe those test, the court does not believe that written approval must be obtained from the chief judge of the circuit or his delegate.

3

b.     The **second part** of the evidentiary hearing, for the presentation of the petitioner's expert witnesses and the respondent's witnesses, is now scheduled for **June 13, 2011, through June 21, 2011**, including the weekend, if necessary, also to run from 8:00 a.m. to 8:00 p.m. or the time at which available witnesses are expended each day, with reasonable breaks and one-hour breaks for lunch and dinner. This hearing schedule will also require a second-shift court reporter.

c.     The parties shall confer and attempt to agree on appropriate deadlines for the petitioner's testing, exchange of experts' reports, depositions of experts, exchange of exhibits and witness lists, and pre-hearing briefs to prepare for the scheduled hearings. The court will intervene only to resolve disputes about the appropriate deadlines that the parties are unable to resolve by consultation and agreement. The parties shall advise the court of the deadlines that they establish.

3.     Petitioner's counsel Marcia Morrissey shall not be scheduled for a trial in Los Angeles County Superior Court in Case No. BA347047 that would conflict with her ability to prepare for the March 2011 or June 2011 hearings in this matter.

4.     Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, the parties are authorized to schedule depositions of petitioner's trial counsel. Trial counsel is authorized to submit vouchers for payment for their time, at the regular CJA hourly rate for felony cases, for reasonable preparation for and appearance at depositions and/or an evidentiary hearing and for payment of reasonable travel and other expenses relating to their appearance at depositions and/or an evidentiary hearing. The parties are to submit an appropriate proposed order, if necessary, compelling the appearance of trial counsel, adequately prepared, at any deposition or hearing.

5.     Trial experts are authorized to submit vouchers for payment for their reasonable time, at the rates authorized in the underlying criminal case, and for payment

4

of reasonable expenses, for preparation for and appearance at a deposition or evidentiary hearing in this matter.

**IT IS SO ORDERED.**

**DATED** this 17th day of January, 2011.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

# CERTIFICATE OF SERVICE

I, Michael Wiseman, Esq., hereby certify that on this 9th day of February, 2011, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ Michael Wiseman
Michael Wiseman