# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD LEON FIELDS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-10-115-RAW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the court is the petitioner's renewed motion for non-dispositive omnibus relief. The court previously ruled (#11) that upon a review of the briefing in this case, the court would revisit the issues of discovery and the need for an evidentiary hearing.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Curtis v. Chester,* 626 F.3d 540, 549 (10th Cir.2010). If a petitioner has shown good cause for discovery – that is, has set forth good reason to believe he may be able to demonstrate he is entitled to relief – the court may ensure adequate inquiry takes place. *Id.* (citing *Bracy v. Gramley,* 520 U.S. 899 (1997)).

Petitioner initially (#4) made four requests for tangible materials: (1) a bottle of Effexor capsules seized from his truck; (2) contents of the hard drives of his computers; (3) any previously undisclosed FBI Form 302s and OSBI reports and (4) all other exculpatory materials. In the present motion, petitioner states that requests (1) and (2) have been resolved between the parties, but that requests (3) and (4) are reasserted. The court denies requests

(3) and (4) on the ground that good cause has not been shown as required by Rule 6(a) of the Rules Governing Section 2255 Proceedings.

Petitioner also requests the opportunity to depose Dr. Kemp, petitioner's treating physician in the months prior to the offense. This request is also denied for lack of good cause shown. While calling Dr. Kemp at trial might have helped rebut the government's arguments that petitioner was malingering, the evidence was presented to the jury when Dr. Woods pointed out that petitioner's contemporaneous treatment records indicated his condition had improved on anti-psychotic medication. *See* Vol. 12, Trial Transcript at pp. 2293-2295. Additionally, trial counsel challenged the government's expert opinion that the hallucinations were malingered by asking specific questions about the records of the prior treating physicians. Petitioner cannot show he was prejudiced by his attorneys' failure to put the actual treating physicians on the stand to regurgitate the contents of those records for the jury.

Finally, petitioner requests a court order permitting him to be transported to an appropriate local medical facility for brain scans and imaging to be conducted at petitioner's expense. The government objects. Both sides have cited case authority, but none appears precisely on point. The government states: "Fields cannot show good cause because he has not established that a present-day neuroimage would meaningfully inform the distant events that form the basis of his underlying §2255 claim." (Response at 6). "Indeed, even if a neuroimage can retrospectively provide Fields with a diagnosis of a six-year-old brain

ailment, Fields does not demonstrate how it might assist in showing that trial counsel were prejudicially ineffective in failing to present such evidence based on the circumstances known to them." *Id.* at 6-7.

The petitioner responds that the request, properly understood, is not for "discovery" at all, but rather is simply a request for a "transport order." The petitioner reasons that a party does not ordinarily "require a court order to be evaluated by his own experts," but that inasmuch as petitioner is a prisoner he cannot leave the facility without such an order. Although not itself citing any specific source of authority, the Ninth Circuit recently noted in a habeas appeal that "[t]he district court granted Leavitt's request for the MRI that the state court had denied. . . . " *Leavitt v. Arave,* 2011 WL 1844064 (9th Cir.2011).

However, the request is characterized, the court is persuaded it has the authority to issue the requested order. The court is also persuaded the request should be granted. Petitioner alleges he suffers from "organic brain damage" which was present at the time of trial. Dr. Gelbort, the clinical neuropsychologist who examined petitioner at the time of trial, indicated that petitioner "displays a pattern often found in individuals with frontal lobe or non-dominant hemisphere neurocognitive dysfunction and brain damage *with further evaluation warranted."* See Appendix 6 at p.4 (emphasis added). Whether petitioner will be able to establish that any current defects were present at the time of the crime or the time

of trial is a distinct question from whether the evaluation should take place.[1] Under the present record, the court believes it should.[2]

In the present case, an additional aspect must be discussed. Petitioner has asserted multiple grounds containing allegations of ineffective assistance of counsel as a basis for relief. When a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim. *United States v. Pinson,* 584 F.3d 972, 978 (10th Cir.2009). Here, petitioner's lead trial attorney (Julia O'Connell) has submitted a declaration pursuant to 28 U.S.C. §1746, which purports to <u>concede</u> ineffectiveness on her part, as well as on the part of co-counsel (Isaiah Gant).

Under these circumstances, the court must obtain the full documentary context in which decisions were made. Trial counsel's statements in affidavits filed years after the trial (in which counsel in effect "fall on their swords") do not create credibility issues when trial counsel's documented contemporaneous statements show the contrary. *Jackson v. United States,* 638 F. Supp.2d 514, 528 (W.D.N.C.2009). Rule 7(a) of the Rules Governing Section 2255 Proceedings allows expansion of the record by directing the parties to submit additional

---

[1] The imaging may ultimately be relevant to petitioner's claim that he is presently incompetent to be executed, but petitioner concedes that claim is premature at this time.

[2] In one pleading, petitioner states that his counsel will bear the cost of transport and testing. (Notice of Supplemental Authority)(#24) at n.1. He further states the imaging can be accomplished in a "day trip" from USP - Terre Haute (where petitioner is incarcerated) and should the court agree in principle to permit the imaging, counsel will make arrangements with a local facility and present the information to the court for final approval. *Id.* at n.2.

materials. The court hereby invokes this provision and directs that Ms. O'Connell and Mr. Gant (as well as co-counsel Mr. Derryberry) submit their complete case files relating to this litigation, including attorney work product such as notes.[3] After reviewing that material, the court may propound interrogatories (pursuant to Rule 7(b)) to defendant's counsel seeking to elicit additional information.[4] Rule 8(a) states that any materials submitted under Rule 7 must be reviewed before the determination as to an evidentiary hearing is made. Accordingly, that issue is still under advisement.

It is the order of the court that the petitioner's motion (#21) is hereby GRANTED in part and DENIED in part.

The request of petitioner to be transported for neuroimaging is granted. Petitioner's counsel should make arrangements with a local facility to conduct the imaging and present the information to the court for final approval on or before August 31, 2011.

In all other respects, the motion is denied.

---

[3] Counsel for the United States is also entitled to review the material, pursuant to Rule 7(c).

[4] For example, Mr. Gant has not yet had the opportunity to respond to the statements made in Ms. O'Donnell's declaration.

Petitioner's trial counsel shall submit their complete case files to the court for review on or before August 31, 2011.

**ORDERED THIS 15th DAY OF AUGUST, 2011.**

**Dated this 15th day of August, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma