_____

|                                   | : |                          |
|-----------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA,          | : |                          |
|                                   | : |                          |
| Respondent,                        | : |                          |
|                                   | : | CIV-10-115-RAW           |
| -v-                                | : |                          |
|                                   | : | CAPITAL 2255 PROCEEDINGS |
| EDWARD LEON FIELDS, JR.,           | : |                          |
|                                   | : |                          |
| Petitioner.                        | : |                          |
|                                   | : |                          |

_____

### PETITIONER'S MOTION FOR RECONSIDERATION OF PORTION OF ORDER DATED AUGUST 15, 2011 AND CONSOLIDATED BRIEF IN SUPPORT

Petitioner Edward Leon Fields, Jr. hereby requests reconsideration of a portion of the Court's Order dated August 15, 2011 (doc. 25) (the "Order"). Specifically, Mr. Fields requests that the Court reconsider that portion of the Order which, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), directs Mr. Fields' trial counsel – Julia O'Connell, Isaiah Gant and Barry Derryberry – to submit their "complete case files" in this matter to the Court and makes that information available to the government.

## ARGUMENT

Rule 7 provides that, when a motion for relief pursuant to 28 U.S.C. § 2255 is not dismissed, the judge may "direct the parties to expand the record by submitting additional material relating to the motion." Rule 7(a), 2255 Rules. The Order violates this rule in several ways.

First, the Order compels the production of additional materials that do not "relat[e] to the motion" as required by Rule 7(a). The Order directs trial counsel to produce their entire set of files, regardless of whether the materials in those files are relevant to the six claims involving ineffectiveness of trial counsel that were raised in Mr. Fields' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("2255 Motion").[1] Indeed, it is likely that the vast majority of materials in trial counsel's case files is completely irrelevant to the 2255 Motion.[2]

---

[1]These include Grounds One, Three, Four, Five, Six and Seven of the 2255 Motion.

[2]In addition, Rule 7 applies only where claims have not been dismissed. Rule 7(a), 2255 Rules. In other words, the rule should be invoked only when a court has not decided the merits of a claim. Although this Court technically has not yet dismissed any claims in Mr. Fields' 2255 Motion, it appears that, in the case of at least one claim, the Court already has concluded that the claim is without merit because, according to the Court, Mr. Fields cannot prove prejudice. See Order at 2 ("Petitioner cannot show he was prejudiced by his attorneys' failure to put the actual treating physicians on the stand to regurgitate the contents of those records for the jury."). Mr. Fields objects to such a conclusion. However, if the Court indeed has made this determination, any materials in trial counsel's files that relate to this claim

Second, the Order compels the production of additional materials by non-parties. By its plain language, Rule 7 provides that court may direct *the parties* to expand the record. Rule 7(a), 2255 Rules. Nothing in the rule authorizes a court to compel *non-parties* to produce information. Yet, in this case, the Order is directed at three non-parties: Julia O'Connell, Isaiah Gant and Barry Derryberry, all of whom represented Mr. Fields at trial but who are no longer his counsel.

Third, the Order compels the production of information protected by the attorney-client privilege and the attorney work product doctrine. See Order at 4-5 (compelling production of entire case file, "including attorney work product such as notes"). While Mr. Fields acknowledges that a petitioner may impliedly waived the attorney-client privilege and work product protection by claiming that trial counsel were ineffective, that waiver is limited to information relevant to the petitioner's specific claims of ineffectiveness and is not a broad waiver of the attorney-client privilege or work product protection for all purposes. See United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) ("when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege *with respect to communications with his attorney necessary to prove or disprove his claim*") (emphasis supplied); In re Lott, 424 F.3d 446, 453 (6th Cir. 2005) ("Implied waivers are consistently construed narrowly. Courts must impose

are beyond the scope of Rule 7.

a waiver no broader than needed to ensure the fairness of the proceedings before it. A broad waiver rule would no doubt inhibit the kind of frank attorney client communications and vigorous investigation of all possible defenses that the attorney-client and work product privileges are designed to promote.") (internal quotation marks & citations omitted); see also Bittaker v. Woodford, 331 F.3d 715, 722 n.6 (9th Cir. 2003) (noting that limited implied waiver rule applies to attorney work product as well as attorney-client privilege).  In other words, the limited waiver implied by a petitioner's allegation of ineffectiveness is not a justification for the government to rummage through the confidential files of the petitioner's counsel.[3]

Fourth, the Order violates the purpose of Rule 7.  Rule 7 is intended to assist courts in avoiding time-consuming and expensive evidentiary hearings when discrete pieces of information can resolve a dispositive issue.  See Advisory committee note to Rule 7, Rules Governing Section 2254 Cases in the District Courts[4] ("The purpose is to enable the judge to dispose of some habeas petitions

---

[3]In addition, counsel have ethical obligations which govern the release of privileged or protected information.  See, e.g., ABA Formal Opinion 10-456 (Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim) (Jul. 14, 2010).

[4]The advisory committee note to Rule 7 of the 2255 Rules observes that the advisory committee note to Rule 7 of the rules governing section 2254 cases applies to Rule 7 of the 2255 Rules.

not dismissed on the pleadings, without the time and expense required for an evidentiary hearing. ... Authorizing expansion of the records will, hopefully, eliminate some unnecessary hearings."). As one court has noted, "Its purpose is to clarify the relevant facts." Brinkley v. Houk, 2008 WL 2169683, at *5 (N.D.Ohio May 22, 2008).

Although there are instances when an expanded record pursuant to Rule 7 may be useful, "[r]outine resort to expansion of the record appears inappropriate ... because of the inevitable delay which must result from such an order" and an "evidentiary hearing ... remains the ordinary course." Hillery v. Pulley, 533 F. Supp 1189, 1196 n.14 (D.C. Cal. 1982) (quoting L. Yackle, Post Conviction Remedies, § 122, pp. 468-69 (1981)); see also 28 U.S.C. § 2255(b) (court must grant evidentiary hearing in section 2255 cases "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief "). In the case of section 2255 proceedings, such as this one, where the post-conviction judge also was the trial judge, Rule 7 is even less favored. Advisory committee note to Rule 7, 2255 Rules ("It is less likely that the court will feel the need to expand the record in a 2255 proceeding than in a habeas corpus proceeding, because the trial (or sentencing) judge is the one hearing the motion ... and should already have a complete file on the case in his possession.").

5

By directing trial counsel to produce their entire case files without regard for whether the contents of those files are in any way relevant to resolving specific issue in dispute, the Order does not help streamline the disposition of Mr. Fields' 2255 Motion. Instead, it merely substitutes an unfettered *in camera* document review for an orderly public evidentiary hearing conducted pursuant to established evidentiary rules. It is inconceivable that the concerns for judicial efficiency which undergird Rule 7 will be advanced by compelling trial counsel to dump boxes and boxes of documents in the lap of the Court without regard to their relevance to any disputed issue. Indeed, undersigned counsel are not aware of any cases which even begin to approach the breadth of Order with regard to expansion of the record.

Nor is Rule 7 intended to provide litigants with a means of circumventing the discovery procedures for section 2255 proceedings. In a section 2255 proceeding, discovery is governed by Rule 6 of the 2255 Rules. In <u>Bracy v. Gramley</u>, 520 U.S. 899 (1997), the Supreme Court discussed the contours of the Rule 6(a) "good cause" requirement,[5] holding that any such requests must relate to "specific allegations" made by the moving party that, if supported, would entitle that party to relief. Needless to say, no such showing has been made – or even attempted – by the government in this case.

_____

[5] Although <u>Bracy</u> involved discovery in a section 2254 proceeding, the Rule 6(a) "good cause" requirement is identical for section 2255 proceedings.

## CONCLUSION

For all the foregoing reasons, this Court should reconsider its Order to the extent it compels Mr. Fields' trial counsel to produce their files to the Court. If the Court cannot dispose of Mr. Fields' claims on the record before it, it should grant an evidentiary hearing. The government then can request whatever discovery it needs to prepare for the hearing – including any privileged or protected information it claims Mr. Fields has impliedly waived – after a showing of good cause and a response by Mr. Fields.

In the alternative, the Court should narrow the scope of the Order to include only material relevant to the six specific claims in Mr. Fields's 2255 Motion that involve ineffectiveness of trial counsel. Such a revised order should be directed to Mr. Fields' current counsel, not to his former counsel, and it should grant counsel ninety days to cull the files for relevant material and make its disclosure to the Court. In addition, if the Court concludes that Mr. Fields is not entitled to an evidentiary hearing after reviewing this material, the factual basis for the Court's conclusion should be made a part of the record and Mr. Fields should be permitted an opportunity to make appropriate objections.

Respectfully submitted,

/s/Cristi Charpentier

Cristi Charpentier
Federal Community Defender for the
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
Philadelphia, PA 19106
215-928-0520

Counsel for Petitioner
Edward Leon Fields, Jr.

Dated:      August 30, 2011
            Philadelphia, Pennsylvania

**<u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 7.1(g)</u>**

I, Cristi Charpentier, hereby certify that on the 30th day of August, 2011, I conferred with counsel for the United States of America, specifically, AUSA Christopher Wilson and AUSA Jeffrey B. Kahan, in good faith and in a sincere attempt to resolve differences regarding the subject matter of this motion. These conferences took place by electronic mail and telephone because the distance between counsel's offices made a personal conference infeasible.

/s/ Cristi Charpentier
Cristi Charpentier

## <u>CERTIFICATE OF SERVICE</u>

I, Cristi Charpentier, hereby certify that on this 30th day of August, 2011, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/Cristi Charpentier
Cristi Charpentier