**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

EDWARD LEON FIELDS, JR.,     )
              )
      *Petitioner*,     )
              )
v.         )     **Case No. CV-10-00115-RAW**
              )     **Criminal Case No. CR-03-73-RAW**
UNITED STATES OF AMERICA     )
              )
      *Respondent.*     )

## RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION OF PORTION OF ORDER DATED AUGUST 15, 2011

**COMES NOW**, Respondent, United States of America, by and through undersigned counsel, in response to Petitioner's Motion for Reconsideration of Portion of Order Dated August 15, 2011 (Doc. 27) and respectfully submits the following:

## PROCEDURAL HISTORY

Edward Leon Fields pleaded guilty to two counts of first degree murder within the special territorial jurisdiction of the United States. 18 U.S.C. § 1111. He received the death penalty during a penalty-phase jury trial. Trl. Doc. 228. The judgment was affirmed on appeal. *United States v. Fields*, 516 F.3d 923 (10th Cir. 2008). Fields filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, virtually all of which is an attack on trial counsel's effectiveness. Doc. 1. He subsequently filed a Motion for Non-Dispositive Omnibus Relief, requesting – inter alia – discovery and an evidentiary hearing. Doc. 4. This Court denied the requests, stating it would revisit the issues after it had the opportunity to review the pleadings and record. Doc. 11 at 4. Fields later filed a Renewed Omnibus Motion requesting an evidentiary hearing and discovery. Doc. 21. The Court issued an Order granting in part and denying in part Fields's Renewed Motion. Among

1

other things, the Order required Fields's trial attorneys to submit their complete case files pursuant to Rule 7 of the Rules following 28 U.S.C. § 2255. On August 30, 2011, Fields moved for reconsideration of that portion of the Order that required the submission of trial counsel's files. Doc. 27. ("Mot.") This Response in Opposition follows.

**THE COURT SHOULD MAINTAIN THE SUBSTANCE OF ITS ORDER FOR THE SUBMISSION OF TRIAL COUNSEL'S FILE**

Fields contends that the Order to submit counsel's files is overbroad and that the Court should narrow its scope to permit him to determine what records are material to his claims of ineffective assistance of counsel. Fields also argues the Order is misdirected to his former attorneys and that it violates the purpose of the rule that authorizes the expansion of the record because it will result in the submission of voluminous records that will undermine the efficiency of these proceedings. Mot. at 2-7. The government disagrees. The Court's Order is appropriate to the scope of Fields's wide-ranging attack on trial counsel. The Court, not Fields, should determine what portions of trial counsel's files are relevant to issues, and is authorized to do so under the plain language of the pertinent rules. At most, the Court should modify the order to direct Fields, rather than non-parties, to disclose files that legally belong to him.

A. Counsel's Entire File Relates to Fields's Claims

Fields argues that Rule 7 of the Rules Following § 2255 limits this Court's authority to expand the record to those records that are relevant to viable claims for relief. As such, he contends that the Court exceeded its power by requiring the submission of trial counsel's unexpurgated files, rather than just those portions that are relevant to claims that have not been dismissed. Mot. at 2. Fields is wrong: the plain language of the relevant rule contradicts his position.

2

The courts give judicial rules their plain meaning. *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989). Generally as with a statute, "[w]hen we find the terms [of a rule]. . . unambiguous, judicial inquiry is complete." *Id.* (citing *Rubin v. United States*, 449 U.S. 424, 430 (1981)); *see e.g., Rouse v. Iowa*, 110 F. Supp. 2d 1117, 1142 (D. Iowa 2000) (interpreting the rules following § 2254 to accord with their plain meaning).

The plain text of Rule 7 of the Rules Following 28 U.S.C § 2255 states, "If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion." The rule's use of the verb "relates" broadly refers to documents that have "a connection with or reference to" the § 2255 motion, not to any specific claims. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983) (citing *Black's Law Dictionary* 1158 (5th ed. 1979); see also *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (stating that "[t]he phrase 'relates to' generally conveys a sense of breadth"). An expansive term like "relates" does not connote or denote a need to establish the relevance of the documents before they are submitted, and the rule nowhere requires a showing of materiality on an issue-by-issue basis. Moreover, Rule 7 authorizes courts to expand records so long as the motion remains undismissed, and does not require an issue-by-issue analysis, as Fields suggests by way of footnote. *See* Mot. at 2, n.2.

Accordingly, Fields cannot establish that Rule 7 limits this Court's authority to require the submission of trial counsel's files as they clearly relate to his motion for § 2255 relief and its diverse claims of ineffective assistance of counsel. *See, infra,* Arg. C (reviewing Fields's diverse claims).

B. <u>The Order May Be Modified to Name Fields as the Responsible Party</u>

Fields argues that the Order compels the production of the trial attorneys' files by the lawyers themselves, who are not parties to this case. Mot. at 3. Fields's observation requires, at most, a non-

3

substantive modification to the order.

Trial counsel's files belong to Fields, not his former lawyers. *See Jones v. Comm.*, 129 T.C. No. 16, 153-58 (U.S. Tax Ct. 2007) (relying on, inter alia, the Oklahoma Rules of Professional Conduct to conclude that a defendant in a capital case owns his attorneys' files).  Admittedly, there is a split in nationwide authority as to the ownership of attorney work-product, but  the majority of jurisdictions hold that clients own it along with the rest of their lawyers' records. *See id.* at 154. Moreover, Oklahoma Rule of Professional Conduct 1.17(c), concerning the sale of a law practice, implicitly recognizes that the majority rule obtains here.  The rule requires the seller of a law practice to give notice to clients of their right – without any exception for work product – "to take possession of the file and retain other counsel."

As Fields points out, Rule 7 authorizes this Court to order the parties to expand the record. Given Fields' ownership interest in his trial attorneys' files, this Court can and should order him to submit them through present counsel.

C.  The Court May Impose a Protective Order to Ensure Fields's Sixth Amendment Interests But Should not Limit the Scope of the Ordered Submission

While conceding that an attack on trial counsel's competence impliedly waives the attorney-client privilege, Fields argues that the waiver should be construed narrowly and thus limit the scope of documents he must submit under the Court's Rule 7 Order.  He asserts that the Court should narrow its Order to contemplate only information material to his claims and he concludes that the Court should permit his current counsel 90 days in which to determine the documents that are relevant to Fields's claims of ineffectiveness.  Mot. at 3-4, 7.  Fields has inappropriately relied on judicial dicta in a failed attempt to limit the requisite disclosures in this case.

4

Fields, relying on the Tenth Circuit's opinion in *United States v. Pinson*, conflates two concepts – the waiver of his attorney-client privilege and the ambit of the disclosures necessary to adjudicate his claims. *Pinson* announced that the waiver of attorney-client privilege implied by an ineffective assistance of counsel claim should be "'no broader than needed to ensure the fairness of the proceedings before it.'" *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc)). In light of that limitation, *Pinson* characterized as "a bit troubling," the trial court's broadly-worded order for an allegedly ineffective trial attorney to submit an affidavit about his conduct. *Id.* at 979. But that obiter dictum had no precedential value, as underscored by the fact that *Pinson* ultimately upheld the lower court's ruling. *Id.* Not only did *Pinson* fail to establish a rule limiting the breadth of disclosures in ineffectiveness cases, the court premised its opinion on *Bittaker v. Woodford*, a Ninth Circuit case that provides a clear alternative to such restrictions. *Bittaker* upheld a protective order imposed on state officials who were litigating ineffectiveness claims in the context of a habeas corpus proceeding. While *Bittaker* recognized the possibility that a court could tailor its orders to limit disclosures, it stands for the proposition that a district court can issue a protective order to appropriately cabin the waiver of attorney-client privilege implied by an ineffectiveness claim. *See* 331 F.3d at 728 & n.11.

In this case, in which Fields has attacked virtually every aspect of his trial attorneys' representation, the Court is far better served by considering a protective order, to limit the dissemination of trial counsel's records, than by preemptively restricting the ambit of necessary disclosures. Fields's § 2255 Motion attacks trial counsel's performance on every front. The Motion asserts that counsel failed to properly argue that Fields's mental health was mitigating; failed to

5

investigate and present evidence of Fields's organic brain damage; failed to investigate and present local medical professionals to support a manic flip defense; failed to avoid damaging testimony during the cross-examination of an expert witness; failed to investigate and present evidence of compulsive aggression in patients who used Effexor; failed to adequately prepare two mental health experts; failed to investigate and present rebuttal evidence to establish that Fields did not substantially plan and premeditate the murders; failed to present Fields's social history through a mitigation specialist or mental health expert; failed to argue that Fields's social history was mitigating; failed to object to the government's summation; and failed to object to the jury charge and verdict form. Docs. 1 & 14.

Given the breadth his claims, Fields's waiver of privilege is likewise all-embracing. Because Fields has alleged that trial counsel was deficient in every aspect of their representation, this Court appropriately ordered a full disclosure of their files. The Court may issue a protective order to ensure the appropriately narrow construction of Fields's privilege waiver, but it should not restrict the expansion of the record as it prepares to determine the effectiveness of counsel's performance on so many fronts. Indeed, the Government anticipates that even if this Court were to limit the scope of disclosures in the first instance, Fields would seek a protective order to prevent unwarranted dissemination of any privileged records.

D. <u>The Court Should Give Full Effect to the Plain Meaning of the Rules</u>

Fields argues that this Court's Order violates the purpose of Rule 7, because a review of trial counsel's voluminous files will be less efficient than an evidentiary hearing and because the records will provide the Government with discovery for which it has not established good cause. Mot. 4-6. Fields's argument fails to identify any legal flaw in the Court's Order.

As previously discussed, courts give judicial rules their plain meaning. *Pavelic & LeFlore*, 493 U.S. at 123. Reliance on plain meaning, "avoid[s] the pitfalls that plague too quick a turn to the more controversial realm of legislative history." *Lamie v. U.S. Trustee*, 540 U.S. 526, 536 (2004). The plain language of Rule 7 authorizes this Court to order the submission of trial counsel's files, and the possibility that such disclosure could be inefficient does not invalidate the Order. Further more, the validity of the order is not affected by Fields's observation that one court has warned against "routine" expansions of the record under Rule 7. The non-binding dicta Fields cites arguably provides a guidepost for interpreting the rule in adjudicating a body of cases. Mot. at 5 (citing *Hillery v. Pulley*, 533 F. Supp. 1189, 1196 n.14 (E.D. Cal. 1982)). But the instant Order does not indicate that the Court has a regular practice of reliance on Rule 7. Of course, such a practice still would not amount to error, and Fields lacks standing to object to the Court's reliance on Rule 7 outside the context of this case.

Fields also argues that Rule 7 is not meant as a basis for circumventing conventional discovery procedures in § 2255 cases, implying that the Order has provided the government with a windfall that invalidates the record expansion. Because the government did not request disclosure of counsel's file, it cannot be accused of having manipulated the rules to circumvent discovery requirements. Of course, the Court cannot be accused of any impropriety by having hewed to the letter of Rule 7, and ordered disclosure of the expanded record to the government. Indeed, Fields's contention – that the ordered disclosure subverts the discovery process – is nothing more than a criticism of Rule 7, not a basis for a finding of legal error.

**CONCLUSION**

Based on the foregoing reasoning and authority, the government respectfully urges this Court to deny the Motion for Reconsideration except to modify its Order to direct Fields, rather than former counsel, to make the requisite submission.

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

s/  Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA #13801
Assistant United States Attorney
Eastern District of Oklahoma
1200 West Okmulgee
Muskogee, OK 74401-6848
Tel: (918) 684-5100

s/  Jeffrey B. Kahan
JEFFREY B. KAHAN, PA Bar No. 93199
Trial Attorney
U.S. Department of Justice
1331 F Street, N.W.; Rm. 337
Washington, D.C. 20530
Tel: (202) 305-8910

Dated: September 13, 2011.

## CERTIFICATE OF SERVICE

I, hereby certify that on 13th day of September, 2011, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Michael Wiseman - Michael_Wiseman@fd.org
Cristi Charpentier - Cristi_Charpentier@fd.org

s/      Christopher  J. Wilson
Assistant United States Attorney
