_____    :
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
             Respondent,                      :
                                              :    CIV-10-115-RAW
        -v-                                   :
                                              :    CAPITAL 2255 PROCEEDINGS
EDWARD LEON FIELDS, JR.,                       :
                                              :
             Petitioner.                      :
                                              :
_____    :

**PETITIONER'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION FOR RECONSIDERATION
OF PORTION OF ORDER DATED AUGUST 15, 2011**

Petitioner Edward Leon Fields, Jr. hereby replies to the government's Response in

Opposition to Motion for Reconsideration of Portion of Order Dated August 15, 2011

("Response").

1.      **Contrary to the Government's Argument, Materials Cannot "Relate" to a Section
        2255 Motion Unless They "Relate" to the Specific Claims Set Forth in That Motion.**

Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District

Courts requires that the record can only be expanded with "materials relating to the [section

2255] motion." The government suggests a nonsensical interpretation of this phrase. The

government concedes – as the plain language of the rule demands – that materials subject to Rule

7 must relate to a pending section 2255 motion, but inexplicably denies that those materials must

relate to the *claims* in a section 2255 motion. Response at 3. The government makes no attempt

to explain how material can relate to a motion if that material does not relate to any of the issues

raised in the motion.

The government presumably offers no explanation because none is possible.  A section

2255 motion is nothing more than one or more claims for relief.[1]  Material that is not relevant to

any claim set forth in a section 2255 motion cannot be relevant to that motion.  If relevance were

not dictated by the substance of the motion, the phrase "materials relating to the motion" would

lose all meaning, since *any* material would "relate" to the motion by virtue of being part of the

expanded record.  Under such an interpretation, however, the qualifying phrase "relating to the

motion" would add nothing to the rule.  This would violate well-established rules of statutory

construction.  See, e.g., United States v. Hasan, 526 F.3d 653, 666 (10th  Cir. 2008) (noting

"cardinal rule of statutory construction" not to read language in such a way as to render any word

surplusage).

The only way to give meaning to the qualifying phrase "relating to the motion" is to read

it as limiting the expansion of the record to documents relevant to the particular issues raised in a

section 2255 motion.  The August 15, 2011 Order (the "Order") violates this reading of Rule 7 by

directing the production of materials far in excess of what is required for this Court to adjudicate

the six specific ineffectiveness claims raised by Mr. Fields in his Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("2255 Motion").

**2.      Case Law Supports the Conclusion that Mr. Fields Has Not Impliedly Waived the
Attorney-Client Privilege or Work Product Protection Except With Regard to the
Specific Claims Asserted in His 2255 Motion.**

Mr. Fields' objection to the Order to the extent it violates the attorney-client privilege and

attorney work product doctrine is not based merely on "judicial dicta," as the government claims.

Response at 4.  As the Sixth Circuit noted in In re Lott, 424 F.3d 446, 453 (6th Cir. 2005),

---

[1]Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a section 2255 motion must include (1) all grounds for  relief, (2) the facts supporting each ground, and (3) the relief requested.

"Implied waivers are consistently construed narrowly."  Significantly, the government does not

cite a *single case* authorizing the kind of "all-embracing" waiver it argues for in the Response.

Instead, the government attempts to rewrite the holdings of two of the three cases cited in Mr.

Fields' reconsideration motion, United States v. Pinson, 584 F.3d 972 (10th Cir. 2009), and

Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003).[2]  The government's contortions are

unavailing.  Pinson and Bittaker clearly stand for the proposition that a petitioner does not

broadly waive the attorney-client privilege as to all matters by bringing claims of ineffectiveness.

Rather, an implied waiver is limited to that information which is necessary for the respondent to

defend against a specific ineffectiveness claim – i.e., information relevant to the specific

ineffectiveness claim.

The government first argues that in Pinson the Tenth Circuit "fail[ed] to establish a rule

limiting the breadth of disclosures in ineffectiveness cases ...."  Response at 5.  That claim

ignores Pinson's express holding:

> Given the ample, unanimous federal authority on point, we hold that when a
> habeas petitioner claims ineffective assistance of counsel, he impliedly waives
> attorney-client privilege *with respect to communications with his attorney*
> *necessary to prove or disprove his claim*.

584 F.3d 978 (emphasis added).  Thus, under Pinson, any implied waiver of the attorney-client

privilege extends only to "communications with [Mr. Fields'] attorney necessary to prove or

disprove" the specific claims of ineffectiveness alleged in Mr. Fields' 2255 Motion.  If the

---

[2]The government makes no attempt to distinguish Lott, the third case cited by Mr. Fields. There, in reversing the district court's finding of implied waiver, the Sixth Circuit observed, "Importantly, the waiver is implied from the nature of the claim, not from the nature of the proceeding."  Id. at 454.  In other words, in analyzing the scope of implied waiver, a court must proceed on a claim-by-claim basis, just as Mr. Fields asserts in his motion for reconsideration.

communication is not "necessary to prove or disprove" a particular ineffectiveness claim – i.e., if the communication is not relevant to a particular claim – it remains privileged.

The government notes that the Tenth Circuit affirmed the district court's order that trial counsel submit – as the government vaguely characterizes it – "an affidavit about [trial counsel's] conduct." Response at 5. According to the government, this demonstrates that the Tenth Circuit will not disturb a district court's conclusion that raising an ineffectiveness claim waives all privileged and protected communications, regardless of whether those communications relate to the ineffectiveness claim. The government is flatly wrong. The record reveals that the order affirmed by the <u>Pinson</u> Court was markedly different from the Order in this case.

In <u>Pinson</u>, the order at issue granted the government's request for, as the Tenth Circuit described it, an "affidavit to rebut <u>Pinson</u>'s claims" of four specific "errors ... premised upon ineffective assistance of counsel."[3] 584 F.3d at 977. Thus, the order did not call for the disclosure of all privileged communications, but only those that related to the ineffectiveness claims. Strikingly, *the government in <u>Pinson</u> recognized the exact same proposition Mr. Fields has argued here* – that a petitioner's implied waiver of privilege is limited to communications relating to specific claims of ineffectiveness. <u>See</u> Motion for Extension of Time Within Which to File Response and Request for Affidavit at 2-3, <u>United States v. Pinson</u>, No. CR-07-023-R (W.D. Okla. Mar. 3, 2009) (attached at Exhibit B) (government acknowledges that "Pinson has effectively waived the attorney-client privilege *with regard to all communications relevant to*

---

[3]The actual language of the order directs trial counsel to file an affidavit "addressing the issues raised in defendants [sic] § 2255 Motion ...." Order, <u>United States v. Pinson</u>, No. CR-07-023-R (W.D. Okla. Mar. 9, 2009) (attached at Exhibit A).

*those specific allegations of ineffective assistance*") (emphasis added).[4]  Thus, the affidavit that was requested by the government, ordered by the district court, and affirmed by the Tenth Circuit was limited to the *specific* ineffectiveness claims alleged by the petitioner.  Here, in contrast, the Order directs trial counsel to produce, not just privileged information related to the specific errors based on ineffectiveness alleged in Mr. Fields' 2255 Motion, but *all* privileged information in the files of trial counsel, regardless of whether they bear any relationship whatsoever on Mr. Fields' ineffectiveness claims.

Moreover, although the Tenth Circuit affirmed the district court's order, it found the order's vagueness "a bit troubling."  584 F.3d at 979.  It warned that future intrusions into the attorney-client privilege "should ideally be carefully tailored to protect prisoners' Sixth Amendment rights."  Id.  Significantly, in support of this proposition, the Court cited Johnson v. Alabama, 256 F.3d 1156, 1168 n.4 (11th Cir. 2001), where the Eleventh Circuit noted that it had directed the district court to consider "whether and to what extent [the petitioner's] communication presumptively protected by the attorney-client privilege is relevant to the specific ineffective assistance of counsel claims raised by [the petitioner] in his habeas petition."  Thus, there can be no doubt that the Pinson Court endorsed a claim-by-claim analysis in determining the scope of an implied waiver of the attorney-client privilege.[5]

---

[4]The government also noted that, in the alternative, when responding to the specific claims of ineffectiveness, "information can be provided by Mr. Wells, the attorney accused of ineffective assistance, without violating the attorney-client privilege simply by omitting from the affidavit any mention of privileged communications."  Exhibit B at 2.  Thus, in Pinson the government did not demand the disclosure of even those privileged communications relating to the petitioner's ineffectiveness claims.

[5]In addition, Pinson cites, among other cases, a recent case in this district, Barrett v. United States, 2009 WL 2982670 (E.D. Okla. Sept. 11, 2009).  There the district court (Payne, D.J.) ruled that, with regard to the government's request to unseal certain CJA documents, "Petitioner has impliedly waived his attorney client and/or work product privileges but *this waiver is limited to*

The government similarly misconstrues <u>Bittaker</u>, a Ninth Circuit case upon which <u>Pinson</u> is premised. In <u>Bittaker</u>, the issue before the Court was whether confidential information disclosed without objection by the petitioner in discovery could be used by the prosecution for purposes other than litigating the habeas proceedings (for instance, on retrial). The Court held that, because the waiver of privilege implied by an ineffectiveness claim is narrow in scope, it was within the district court's discretion to issue a protective order limiting the prosecution's use of such information to the habeas proceedings.[6]

The government asserts that <u>Bittaker</u> "stands for the proposition that a district court can issue a protective order to appropriately cabin the waiver of attorney-client privilege implied by an ineffectiveness claim."[7] Response at 5. While <u>Bittaker</u> certainly affirms the discretion of a district court to fashion a protective order proscribing the future use of information disclosed in discovery, the Ninth Circuit did *not* hold that such a protective order is an acceptable alternative to narrowing the scope of a habeas petitioner's implied waiver of privilege. On the contrary, the Court emphatically stated that, in determining the scope of an implied waiver of the attorney-client privilege when a petitioner asserts an ineffectiveness claim,

> the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose. Courts, including ours, that have imposed waivers under the fairness principle have therefore *closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question.*

*claims of ineffective assistance of counsel claims as raised in the § 2255 motion.*" <u>Id.</u> at \*5 (emphasis added). The government undoubtedly is familiar with this case because the same prosecutors are involved in both <u>Barrett</u> and <u>Fields</u>.

[6]In contrast to Mr. Fields' case, the petitioner in <u>Bittaker</u> did not object to the production of attorney-client privileged information, as long as that information was subject to a protective order.

[7]The government apparently envisions that a suitable protective order would "limit the dissemination of trial counsel's records ...." Response at 5.

331 F.3d at 720.  Thus, <u>Bittaker</u> recognizes that the scope of an implied waiver of the attorney-client privilege must be considered on a claim-by-claim basis.  <u>See</u> <u>also</u> <u>Lott</u>, 424 F.3d at 454 ("Importantly, the waiver is implied from the nature of the claim, not from the nature of the proceeding.").

The government further attempts to evade this case law by making the hyperbolic claim that Mr. Fields has "attacked virtually every aspect of his trial attorneys' representation" and has "attack[ed] trial counsel's performance on every front."  Response at 5.  The government's claim is patently and demonstrably false.  Mr. Fields has raised exactly six specific instances of trial counsel's ineffectiveness.  Except for these six issues, Mr. Fields makes no claim of ineffectiveness with regard to any other aspect of trial counsel's representation.  Accordingly, any implied waiver of the privilege extends exclusively to his counsel's conduct with regard to the six claims alleged in Mr. Fields' 2255 Motion and nothing else.

**3.      The Court Is Not Permitted to Expand the Record in a Manner That Eviscerates the Good Cause Requirement of Rule 6.**

The government misses the point entirely with regard to Mr. Fields' argument that the Order violates the purpose of Rule 7.  Rule 7 was adopted to help courts avoid the need to conduct an evidentiary hearing when discrete information can resolve a potentially dispositive issue.  It was not adopted to give courts unfettered discretion to compel the production of documents by parties regardless of whether those documents are relevant to any issue that must be decided by the factfinder.

In general, the production of documents by parties is governed by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Under Rule 6(a), a party seeking discovery in section 2255 proceedings must establish "good cause" for the request.

In <u>Bracy v. Gramley</u>, 520 U.S. 899 (1997), the Supreme Court discussed the contours of this requirement, holding that any such requests must relate to "specific allegations" made by the moving party that, if supported, would entitle that party to relief.[8] <u>Id.</u> at 908-09; <u>see also</u> <u>Wallace v. Ward</u>, 191 F.3d 1235, 1245 (10th Cir. 1999). Rule 6(a) does not permit a party to cast a wide net in the mere hope that it might ultimately turn up something relevant and probative. <u>See</u> <u>Williams v. Bagley</u>, 380 F.3d 932, 974 (6th Cir. 2004) (Rule 6 does not "sanction fishing expeditions based on a [party's] conclusory allegations").

It is a basic tenet of statutory construction that court rules must be interpreted in a manner that ensures internal consistency. <u>See</u>, <u>e.g.</u>, <u>Hickman v. Taylor</u>, 329 U.S. 495, 505 (1947) (rules regarding depositions and discovery create "integrated procedural devices"); <u>McLean v. Prudential S.S. Co.</u>, 36 F.R.D. 421, 425 (E.D. Va. 1965) (holding that party may not use Rule 45 of Federal Rules of Civil Procedure to circumvent a requirement of Rule 34, concluding that "[i]t is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45"). For this reason, Rule 7 cannot be interpreted to allow a court the discretion to provide a party with more materials than the party would be entitled to in discovery under Rule 6. If that were the case, Rule 7 would create a loophole that would swallow Rule 6, which limits discovery to that which is supported by good cause. In the words of the <u>McLean</u> Court, Rule 6 would be "emasculated by the use of" Rule 7.

Here, however, the Order does exactly that. The government cannot establish good cause to obtain trial counsel's entire file because much of that file would be irrelevant to any of the "specific allegations" made by Mr. Fields. Rule 7 cannot be read to allow what Rule 6 forbids.

---

[8]Although <u>Bracy</u> involved discovery in a section 2254 proceeding, Rule 6(a)'s "good cause" requirement is identical for both section 2254 and section 2255 proceedings.

Thus, the Order is overly broad and must be vacated in pertinent part or, in the alternative, modified as proposed by Mr. Fields in his motion for reconsideration.

## CONCLUSION

For all the foregoing reasons, and for all the reasons set forth in Petitioner's Motion for Reconsideration of Portion of Order Dated August 15, 2011 and Consolidated Brief in Support, this Court should reconsider its Order to the extent it compels the production of trial counsel's files and grant the relief requested in the reconsideration motion.

Respectfully submitted,

/s/ Cristi Charpentier
Cristi Charpentier
Federal Community Defender for the
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
Philadelphia, PA 19106
215-928-0520

Counsel for Petitioner
Edward Leon Fields, Jr.

Dated: September 23, 2011
Philadelphia, Pennsylvania

## CERTIFICATE OF SERVICE

I, Cristi Charpentier, hereby certify that on this 23rd day of September, 2011, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ Cristi Charpentier
Cristi Charpentier