# Exhibit B

# IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-07-023-R |
| | ) | |
| JEREMY VAUGHN PINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR EXTENSION OF TIME
## WITHIN WHICH TO FILE RESPONSE
## AND REQUEST FOR AFFIDAVIT

COMES NOW the plaintiff, United States of America, through John C. Richter, United States Attorney for the Western District of Oklahoma, by James F. Robinson, Assistant United States Attorney, and moves this honorable Court for an Order granting an extension of time up to and including April 3, 2009, in which to respond to defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, United States Code, Section 2255, filed February 6, 2009. In support of this motion, counsel for plaintiff would show the following:

1. The government was initially ordered to respond by March 9, 2009.

2. Based upon allegations of ineffective assistance of counsel, an affidavit addressing these issues was requested from defendant's counsel at trial and on appeal, Joseph L. Wells.

3. The government's response to Defendant's motion is presently due March 9, 2009.

4. Mr. Wells has stated that he will not provide a affidavit addressing Mr. Pinson's allegations of ineffective assistance of counsel, as he believes that the communications between Mr.

Pinson and him during the period of his representation are privileged and protected by the Rules of Professional Conduct.

5.      Counsel for the Government was engaged in pre-trial preparation in *United States v. Robert Clifton Mace*, Case No. CR-08-096-HE, which was tried February 17-24, 2009, additionally, counsel has a response due in *United States v. Terry Dean Richardson*, CA No. 08-6229 due on March 26, 2009.

6.      The issues raised by the defendant waive the attorney/client privilege. (See memorandum). And an affidavit from Mr. Wells is essential to the preparation of an appropriate response to defendant's motion.

7.      Defendant is incarcerated as a result of his convictions, and therefore will not be prejudiced by this request.

8.      An affidavit from Mr. Wells is necessary for the government's response to the allegations raised by defendant.

9.      No previous extension may have been sought by the government.

### MEMORANDUM IN SUPPORT

In this case, prior defense counsel, Joseph L. Wells, can execute and furnish to Government counsel a detailed affidavit outlining information in response to the allegations of ineffective assistance of counsel cited in defendant's 2255 motion. Such information can be provided by Mr. Wells, the attorney accused of ineffective assistance, without violating the attorney-client privilege simply by omitting from the affidavit any mention of privileged communications. More significantly in this case, as the defendant has raised questions as to the effectiveness of his defense counsel by virtue of certain specific acts or omissions, Pinson has effectively waived the attorney-client privilege with regard to all communications relevant to those specific allegations of ineffective

assistance. United States v. Ballard, 779 F.2d 287, 292 (5th Cir. 1986), cert, denied, 475 U.S. 1109 (1986)(holding that an attorney may reveal otherwise privileged communications from his client to defend himself against charges of improper conduct without violating either the ethical rules of confidentiality or the attorney-client privilege); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967)(holding that a Section 2255 movant waived the attorney-client privilege by alleging that his former counsel had failed to adequately represent him at this arraignment and sentencing: "where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."). *See also*, Hunt v. Blackburn, 128 U.S. 464 (1888)(Supreme Court held where defendant asserted a guilty plea was invalid since he lacked knowledge of the sentencing consequences, he waived his right to bar the reception of evidence which addresses those issues).

Given the allegations in defendant's 2255 motion, Mr. Wells can respond without doing harm to professional ethics, by responding without referring to privileged communications, or in specific instances, may respond based upon the defendant's waiver. That information is necessary to adequately respond to defendant's allegations, and the Government should not be barred from it's presentation.

WHEREFORE, plaintiff, United States of America, respectfully moves the Court for an extension of time until April 3, 2009, within which to respond to Defendant's motion, and an order

for Joseph L. Wells to provide an affidavit addressing the issues raised in defendant's 2255 motion, on or before March 20, 2009.

Respectfully submitted,

JOHN C. RICHTER
United States Attorney


S/JAMES F. ROBINSON
JAMES F. ROBINSON
Assistant U.S. Attorney
Bar No. 7677
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8744 (office)
(405)553-8887 (fax)

## MAILING CERTIFICATE

This is to certify that a true copy of the foregoing was served on the defendant herein by mailing a copy of same to Joseph L. Wells, Esquire and to Jeremy Vaughn Pinson, #16267-064, Coleman II, P.O. Box 1034, Coleman, Florida, 33521, on this 3rd day of March, 2009.

S/JAMES F. ROBINSON
JAMES F. ROBINSON
Assistant U.S. Attorney
