EDWARD LEON FIELDS, JR.,        )
         )
        Petitioner,        )
         )
v.        )        **Case No. CIV-10-115-RAW**
         )
UNITED STATES OF AMERICA,        )
         )
        Respondent.        )

## <u>ORDER</u>

Before the court is the petitioner's motion for reconsideration. By order entered August 15, 2011, the court in part directed that petitioner's trial counsel submit their complete case files relating to this litigation. The court cited Rule 7(a) of the Rules Governing Section 2255 Proceedings as authority. In the present motion, petitioner asks the court to reconsider that portion of the order. Petitioner argues that the court's request is overbroad and that Rule 7(a) should not be used as a substitute for the traditional discovery process. The court does not see its order as a significant expansion of such cases as *Johnson v. Alabama,* 256 F.3d 1156, 1168 n.4 (11th Cir.2001). Nevertheless, the court has decided to vacate that portion of the order and allow the ordinary discovery process to proceed.

In the case at bar, petitioner's lead trial attorney has submitted a declaration purporting to concede ineffectiveness on her part, as well as on the part of co-counsel. The court saw the production of the complete case files as necessary for setting counsel's decisions in their context. The court now concludes this is a matter for government counsel

to pursue, if they so choose, by requests to the court pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings.

As the court's previous order states, a habeas petitioner who claims ineffective assistance of counsel impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim. *United States v. Pinson,* 584 F.3d 972, 978 (10th Cir.2009). Such waiver, however, must be no broader than needed to ensure the fairness of the proceedings. *Id.* It is limited to the claims made in the 2255 petition. *Id.* While the Tenth Circuit went on to state that compelling "the production of notes from an attorney in a case such as this is not per se unreasonable. . ." *Id.* at 979, this court is persuaded the winnowing should be done by the attorneys rather than the court. The court is aware that in place of the task of poring over boxes of attorney notes, it is possibly substituting the task of resolving objections and discovery disputes, the latter seems the more efficient course. Also, as the court is the ultimate decision-maker in this case, it is theoretically possible that in a perusal of complete attorney files the court might view a prejudicial document. This risk should be minimized.

The court may also have overestimated the need to examine trial counsel's present view of her own performance and that of co-counsel. *See Johnson v. Upton,* 615 F.3d 1318, 1337 n.17 (11th Cir.2010)("Of course, the test for deficient performance is an objective one, so [counsel's] subjective belief that his performance was deficient is far from determinative."); *Ebert v. Gaetz,* 610 F.3d 404, 415 (7th Cir.2010)("It is of no moment that

2

the [district] court neglected to give weight to Ebert's attorney's assessment of his performance as constitutionally ineffective.").

This case stands in an unusual posture as well, in that co-counsel (Mr. Gant) has been accused of ineffectiveness, but he has not filed a declaration himself. The court will leave the obtaining of Mr. Gant's version of events to the discovery process as well, assuming such a request is made and that the court grants it.

In short, the court at this time will permit applications for discovery limited to the issue of ineffective assistance of counsel. As to that issue alone, the court is also persuaded at this time that an evidentiary hearing will be necessary. The court reserves the right to broaden the issues, if necessary, after a hearing on the ineffectiveness issue.

Should any requests for discovery be forthcoming, the court reminds the parties that they must submit reasons for such a request and include any proposed interrogatories and requests for admission, and specify any requested documents. *See* Rule 6(b).

It is the order of the court that the petitioner's motion (#27) is hereby GRANTED. The portion of the August 15, 2011 order directed production of trial attorney files and notes is hereby vacated. The parties are granted until on or before May 28, 2012 to file any additional requests for discovery pursuant to Rule 6.

**ORDERED THIS 29th DAY OF MARCH, 2012.**

**Dated this 29th day of March, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3