## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

EDWARD LEON FIELDS, JR.,     )
        )
      *Petitioner*,     )
        )
v.         )     **Case No. CV-10-00115-RAW**
        )     **Criminal Case No. CR-03-73-RAW**
UNITED STATES OF AMERICA     )
        )
      *Respondent*.     )

## MOTION FOR DISCOVERY

**COMES NOW**, Respondent, United States of America, by and through undersigned counsel, and, pursuant to this Court's Order (Doc. 32) and Rule 6 of the Rules Governing Section 2255 Proceedings, moves for discovery:

## PROCEDURAL HISTORY

On August 1, 2003, a federal grand jury for this district returned an indictment that charged Fields with four non-capital offenses and two counts of the death-eligible crime of first degree murder. The government subsequently filed a notice of intent to seek the death penalty for the murders. On June 30, 2005, Fields pleaded guilty to all counts. On July 22, 2005, following a penalty-phase trial, a jury recommended the death penalty for both murders, which this Court later imposed. The Tenth Circuit affirmed the judgment in full. *United States v. Fields*, 516 F.3d 923 (10th Cir. 2008). On April 6, 2010, Fields filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. 1.

On June 1, 2010, Fields moved for non-dispositive relief, requesting discovery and an evidentiary hearing. Doc. 4. This Court denied the requests. Doc. 11. Fields filed a renewed omnibus motion, which the Court granted in part, directing trial counsel to submit their files for

1

in camera review and inspection by the government.  Docs. 21 & 25.  Fields moved for reconsideration, and the Court vacated its order to produce trial counsel's files and granted the parties until May 28, 2012 to file any additional discovery requests concerning the issue of ineffective assistance of counsel.  This Motion follows.

On May 29, 2012, counsel for the Respondent spoke with David M. Osborne, counsel for Petitioner, via telephone and was advised that Petitioner has objections to portions of the Respondent's Motion for Discovery which will be set forth in Petitioner's response.

## I. FIELDS SHOULD DISCLOSE TRIAL COUNSEL'S FILES

This Court should order Fields to disclose his trial attorneys' files and records concerning their representation of him, as the information contained within those documents is necessary for a full and fair adjudication of counsel's performance, which the defendant has placed in issue.

Rule 6 of the Rules Governing Section 2255 Cases authorizes discovery with leave of the district court.  Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause."  For the government to meaningfully reply to Fields's assertions, it requires access to the documents that informed and reflect trial counsel's contemporaneous impressions and actions.  As such, good cause exists for disclosure of counsel's files.  *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (stating that "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

Fields has, of course, waived his attorney-client privilege in regard to communications concerning his claims of ineffective assistance.  As this Court has recognized, a habeas petitioner who claims ineffective assistance of counsel impliedly waives attorney-client privilege with

respect to communications necessary to prove or disprove his claim. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir.2009); Doc. 32 at 2. Given the breadth of Fields's ineffectiveness claims, which encompass every aspect of the trial proceedings, including proof of the crime itself, proof of the defendant's mental health, and arguments to the jury, the government urges this Court to issue an order pursuant to Federal Rule of Civil Procedure, Rules 26 and 34,[1] requiring Fields to make available for inspection and copying, within 45 days, at the offices of the defendant's current counsel, trial counsel's complete case files relating to their representation of Fields. Any electronically stored information should be produced in its original form.

This Court has held that Fields's implied privilege waiver should be no broader than that necessary to ensure fairness. Doc. 32 at 2 (citing *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009)). The Court went on to state that any "winnowing" of trial counsel's file to conform to the scope of the implied waiver "should be done by the attorneys." *Id*. Given the breadth of Fields's claims, his waiver of privilege is likewise all-embracing, and he should bear the burden of identifying any documents that allegedly fall outside his implied waiver of privilege. The alternative would require the government to speculate about the existence of documents in order to seek their disclosure. Such a process would be highly inefficient and undermine the interest in fairness that the implied waiver of privilege is meant to protect.

## II. THE COURT SHOULD ORDER EXPERT WITNESS DISCLOSURES AND A WITNESS LIST

In support of his claims that trial counsel performed ineffectively, Fields has proffered declarations from asserted experts on mitigation, mental health and crime scene analysis. The

---

[1] The government relies upon the Rules of Civil Procedure because no Rule of Criminal Procedure provides an ample procedural vehicle for the scope of disclosures that should flow from the defendant to the government in this instance.

opinions of those potential witnesses will presumably play a central role in the evidentiary hearing this Court has ordered with respect to the claims of ineffectiveness. Accordingly, this Court should order Fields to provide full disclosures of expert testimony.

The Rules of Civil Procedure require a party that intends to call an expert witness to provide a written report outlining the opinions the expert will offer, the data considered by the expert in forming those opinions, the expert's qualifications, the cases in which the expert has recently testified, and the compensation to be paid to the expert.[2] Fed. R. Civ. P. 26(a)(2)(B). Such disclosures provide opposing parties with a reasonable opportunity to prepare effective cross-examination and to arrange for their own experts, as needed. *ClearOne Communications, Inc. v. Biamp Systems*, 653 F.3d 1163, 1176 (10th Cir. 2011).

Presently, it appears that Fields may attempt to present the expert testimony of as many as 13 witnesses – George W. Woods, M.D., Bardley D. Grinage, M.D., Glori J. Shettles, Mitigation Specialist, Michael M. Gelbort, Ph.D., Daniel A. Martell, Ph.D., Louise Bumgardener, M.D., Larry Trombka, M.D., R.L. Winters, M.D., Dean Anderson, PA, Peter R. Breggin, Elizabeth Kaledin, Gardiner Harris, and R. Robert Tressell. *See* Doc. 1 at Exs. 2-4, 6, 9-14, 16-17 & 23. As to each of these witnesses, good cause exists for disclosures under Rule 26(b)(2), which will permit the government to prepare cross-examination and identify experts that it may need to retain. *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir.2008). For the government to fully and fairly prepare for the evidentiary hearing, this Court should order Fields

---

[2] The Rules of Civil Procedure appear to provide the only procedural vehicle through which the government can obtain expert disclosures, because the defense has not requested disclosures under Federal Rule of Criminal Procedure, Rule 16(a)(1)(G) or given notice under Rule 12.2(b). Cf. Fed. R. Crim. Pro. 16(b)(1)(C).

to make disclosures, within 45 days, for the above-named experts, and any other experts, he intends to call at the evidentiary hearing concerning claims of ineffective assistance of counsel.

Additionally, to permit the government to fully prepare for the hearing, this Court should order Fields to provide a witness list under the procedure set forth in Federal Rule of Civil Procedure 26(a)(3).

## III. THE COURT SHOULD PERMIT THE GOVERNMENT TO DEPOSE FIELDS'S WITNESSES

In support of his claims that trial counsel performed ineffectively, Fields has proffered declarations from several witnesses, who will presumably testify in support of his contentions during the ordered evidentiary hearing. This Court should permit the government to depose Fields's witnesses in anticipation of the hearing.

Depositions of witnesses will lead to the discovery of evidence and facilitate potentially dispositive motions that could narrow the scope of the evidentiary hearing. *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Good cause for the proposed depositions exists: they will permit the government to fully and fairly prepare for the evidentiary hearing and to seek summary judgment as to claims that can be determined without evidentiary development.

At present, it appears that Fields will rely on the following expert witnesses: George W. Woods, M.D., Bardley D. Grinage, M.D., Glori J. Shettles, Mitigation Specialist, Michael M. Gelbort, Ph.D., Daniel A. Martell, Ph.D., and R. Robert Tressell. The opinions of those asserted experts are central to Fields's claims of ineffectiveness. *See, e.g.*, Doc. 1 at 1-54, 72-76. Given the importance of those witnesses to the claims of ineffectiveness, the government seeks to depose them, pursuant to Federal Rule of Civil Procedure 26(b)(4), and thereby determine the scope, bases, and reliability of their opinions.

Because the conduct of trial counsel lies at the heart of Fields's ineffective assistance claims, the government also seeks leave to depose Julia O'Connell, Barry L. Derryberry, and Isaiah S. Gant under Federal Rule of Civil Procedure 30.  Likewise, Fields's own conduct and statements necessarily informed counsel's actions and the opinions of the defense's experts.  As such, the government also seeks leave to depose Edward Leon Fields at the Federal Correctional Complex in Terre Haute, Indiana.  *See* Fed. R. Civ. Pro. 30(a)(2)(B) (requiring leave to depose an incarcerated witness).

## IV. THE COURT SHOULD ORDER FIELDS TO UNDERGO A MENTAL HEALTH EVALUATIONS BY THE GOVERNMENT'S EXPERTS

Fields asserts as a basis for his ineffectiveness claims that trial counsel inadequately investigated and presented evidence of his mental health.   In support of those arguments, Fields has proffered declarations from several expert witnesses attesting to his past and present mental condition.  The government seeks an opportunity to perform a mental health evaluation of Fields.

Because Fields asserts that his current mental health informs his prior condition and, by extension, the reasonableness of trial counsel's conduct, good cause exists for the government to evaluate his present mental condition.  Federal Rule of Civil Procedure 35(a)(1) authorizes courts to order a party whose mental condition is in controversy to submit to a mental examination by a suitably licensed or certified examiner.  In this case, Fields has placed in controversy his mental health as diagnosed by psychiatrists and neuropsychologists.  *E.g.* Doc. 1 at 5, 19-26.  Fields places particular emphasis on neuropsychological evaluations, including one completed in 2010, that he claims provide evidence of organic brain damage.  For the government to independently assess the reliability and veracity of these reports, it should have the opportunity to evaluate Fields's mental health.  Accordingly, the government proposes that within the next 180 days,

James D. Seward, Ph.D., ABPP will perform a full-scope neuropsychological evaluation and Michael Welner, M.D. will perform a full-scope psychiatric evaluation of Fields at the Special Confinement Unit in Terre Haute, where the defendant is currently housed by the Bureau of Prisons. The evaluation will be limited in scope to an assessment of Fields's mental health, as it relates to his assertions of mental illness and organic brain damage at the time he murdered Charles and Shirley Chick.

## V. THE COURT SHOULD PERMIT THE GOVERNMENT TO SERVE SUBPOEANAS DUCES TECUM

Fields asserts that his attorneys inadequately presented evidence of his mental health and social history. In support of those arguments, Fields relies, directly and indirectly, upon his personal history – including aspects of his education, employment, family life, military career, and medical history – and the opinions of several expert witnesses. This Court should permit the government to subpoena documents relating to Fields's life history and the files of various witnesses, including trial counsel and the defense's experts.

Federal Rules of Civil Procedures 34(c) and 45 permit a litigant to subpoena documents in the possession of a non-party. Good cause exists to permit the government to subpoena documents related to Fields's personal history. Fields has, himself, relied upon details of his life to support his claims. For instance, he argues that counsel should have presented more coherent social history evidence, including school records. *See* Doc. 1 at 84-85, 92. Moreover, Fields's conduct and performance at work, at school, in the military and in custody bear on the reliability of his mental health diagnoses, which form the core of several of his ineffective assistance of counsel claims. Of course, his medical record also informs the reliability of his mental health

diagnoses. Finally, his conduct, and that of his family members, as recounted in prior legal actions provides a reliable source of evidence about his mental health and social history.

Given the significance of life history records to Fields's claims, the Court should permit the government to subpoena records from the following third parties: the U.S. Department of Defense (for all records of Fields's enlistment in the military), the U.S. Department of Veterans Affairs (for all records of Fields's veterans benefits), the U.S. Social Security Administration (for all records of Fields's benefits and paid employment), all organizations and individuals who employed Fields in a paid or unpaid capacity (for all records of his employment); all schools that Fields attended (for all of his academic, administrative, behavioral and counseling records); all judicial and administrative courts in which Fields has been a litigant or witness (for any sealed transcripts of his testimony or any non-public records related to litigation in which he was a party or witness); all penal and detention facilities in which Fields has been an inmate (for all records of his custody), all medical professionals who have treated or diagnosed Fields (for all of his medical records), all mental health professionals who have treated or diagnosed Fields (for all of his mental health records). To the extent any such records are privileged under state or federal law, this Court should order Fields to execute the waivers necessary for the government to obtain the material.

As noted, Fields has relied upon the opinions of several medical and mental health experts as the bases for his claims of ineffective assistance of counsel. *See*, *supra*, Args. II & III. To permit the government to test the veracity and reliability of the experts' testimony, it should have the opportunity to subpoena the documents that they considered in forming those opinions. Accordingly, good cause exists for the government to issue subpoenas for such material, including any notes, interview notes, raw test data, normative data, diagnostic criteria, and other

documents provided by the defendant or his attorneys that were considered in forming the experts' opinions.

Finally, the government seeks leave to subpoena the files of trial counsel, only to the extent that Fields is unable, for want of possession, to disclose that material himself. As argued above, good cause exists for the court to permit the government to obtain counsel's file, as it presumably contains evidence of the trial lawyers' contemporaneous impressions and decision making. *See, supra*, Arg. I.

## VI. THE COURT SHOULD PERMIT THE GOVERNMENT TO PROPOUND INTERROGATORIES TO FIELDS

As previously noted, Fields has relied extensively on his own personal history as a basis for his claims of mental illness, which in turn animate claims of ineffective assistance of counsel. Of course, Fields is the person best informed about own life, and his current attorneys have evidently expended great effort in documenting that history.

Parties may propound interrogatories broadly related to claims for relief. See Fed. R. Civ. Pro. 26(b) & 33. The need for the government to investigate Fields's personal history provides good cause for it to propound interrogatories to him. Through these interrogatories, the government aims to obtain information with which it can verify factual assertions made by the defense and its experts and determine whether expert opinions have been founded on complete information. The proposed interrogatories are all reasonably calculated to lead to the discovery of other information or to confirm the absence of information. Specifically, the interrogatories will seek to determine the identities of medical and mental health professionals who have treated or diagnosed Fields, the identities of people with whom Fields has had intimate relationships, the identities of any employers Fields has had, the identities of any schools Fields has attended, and

the identities of any psychoactive agents he has ingested.  Additionally, the government seeks to learn of contacts Fields may have had with police and child protective agencies, and also to determine what civil or criminal litigation he has participated in as a witness or litigant.

## CONCLUSION

Based on the foregoing reasoning and authority, the government urges this court to grant the proposed discovery order.

Dated: May 29, 2012

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779