_____

UNITED STATES OF AMERICA,

                Respondent,

        -v-

EDWARD LEON FIELDS, JR.,

                Petitioner.

_____

CIV-10-115-RAW

CAPITAL 2255 PROCEEDINGS

HON. RONALD A. WHITE

## PETITIONER'S REQUEST FOR DISCOVERY
## AND CONSOLIDATED BRIEF IN SUPPORT

Pursuant to the Court's Order dated March 29, 2012 (Doc. 32), Petitioner Edward Leon

Fields, Jr., hereby moves for discovery, and in part renews a portion of Petitioner's Renewed

Motion for Non-Dispositive Omnibus Relief and Consolidated Brief in Support (Doc. 21).[1]  A

proposed order accompanies this motion.

### Procedural Background

On April 6, 2009, Mr. Fields filed Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion") (Doc. 1).  On

June 1, 2009, Mr. Fields filed Petitioner's Motion for Non-Dispositive Omnibus Relief and

Consolidated Brief in Support the Omnibus Motion (Doc. 4).  This motion included several

discovery requests, including a request for leave to take the deposition of an important non-

---

[1]Undersigned counsel have conferred with Assistant United States Attorney Christopher Wilson regarding this motion.  AUSA Wilson states that the government does not oppose some portions of this motion but objects to other portions and will provide a comprehensive answer in the government's response.

1

cooperating witness, Dr. Michael Kemp.  The Court denied the discovery requests on June 29, 2010.  Order dated 6/29/10 at 5 (Doc. 11).

On January 4, 2011, Mr. Fields filed Petitioner's Renewed Motion for Non-Dispositive Omnibus Relief and Consolidated Brief in Support ("Omnibus Motion"), which renewed certain discovery requests, including the request for leave to take the deposition of Dr. Kemp.  On August 15, 2011, the Court denied Mr. Fields' discovery requests – including the deposition of Dr. Kemp – but *sua sponte* ordered trial counsel to submit their files to the Court for review pursuant to Rule 7 of the Rules Governing Section 2255 Cases.  Order dated 8/15/11 (Doc. 25).

Mr. Fields filed a motion for reconsideration, <u>see</u> Petitioner's Motion for Reconsideration of Portion of Order Dated August 15, 2011 and Consolidated Brief in Support (Doc. 27), which this Court granted on March 29, 2012.  Order dated 3/29/12.  On reconsideration, the Court vacated its previous order with respect to the submission of trial counsel's files, stated that it would conduct a hearing on Mr. Fields' ineffectiveness claims at a minimum, and granted the parties until May 28, 2012 to file requests for discovery.  <u>Id.</u> at 3.

<div align="center"><strong><u>Requested Discovery</u></strong></div>

**I.      Disclosure of Hearing Witnesses**

Mr. Fields requests that, at a reasonable time prior to the hearing, the government disclose the names, addresses and telephone numbers of the witnesses it intends to present at the hearing and a brief summary of their anticipated testimony.  As good cause for this request, Mr. Fields states that his counsel require this information to prepare for the hearing and that this request is consistent with Rule 26(a)(3) of the Federal Rules of Civil Procedure.

## II. Expert Disclosures

With regard to all expert witnesses the government intends to use at the hearing, Mr. Fields requests that, at a reasonable time prior to the hearing, the government make all disclosures required under Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure, as well as all notes, interviews, raw test data, normative data, diagnostic criteria and other materials relied upon by such witnesses. As good cause for this request, Mr. Fields states that his counsel require this information to prepare for the hearing and that this request is consistent with Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.

## III. Documents

Mr. Fields requests copies of all documents relating to a bottle of 150 mg Effexor capsules seized from Mr. Fields' truck after his arrest, including but not limited to all chain of custody documents and all documents purporting to describe this evidence.

Mr. Fields can show good cause for requesting documents related to the Effexor bottle. As alleged in Ground 7(A)(1) of the 2255 Motion, defense experts testified at trial that, in the months preceding the offense, Mr. Fields' treating physician prescribed him Effexor, a powerful antidepressant, and just days before the offense increased the dosage from 37.5 mg to 150 mg. 2255 Motion at ¶¶ 82, 90. These defense experts explained that an increase in Effexor dosage could have caused Mr. Fields – who suffered from bipolar disorder – to experience a manic flip. Id. at ¶ 12. In response, the government elicited testimony that there was "no evidence" Mr. Fields ever took any 150 mg Effexor capsules. Id. at ¶ 214. Yet, at the time the government elicited this testimony, it knew that investigators had recovered a bottle of 150 mg Effexor capsules from Mr. Fields' truck after his arrest. Id. at ¶ 211. Mr. Fields filled a prescription for

these capsules the day before the offense, <u>id.</u>, and thus the bottle and its contents are exculpatory evidence that would have countered the government's argument that there was "no evidence" he took any 150 mg capsules.

In Petitioner's Motion for Non-Dispositive Omnibus Relief and Consolidated Brief in Support, Mr. Fields requested that the Court order the government to produce the bottle of 150 mg Effexor capsules. The government subsequently informed counsel that it could not locate the bottle. Response to Motion for Non-Dispositive Omnibus Relief (Doc. 6) at 7-8. In lieu of this missing physical evidence, Mr. Fields is entitled to documents related to the Effexor bottle, including chain of custody documents that would assist counsel in determining what happened to this evidence as well as any documents that purport to describe the bottle and its contents.[2]

## IV. Depositions

Mr. Fields renews his request in the Omnibus Motion that the Court grant leave for his counsel to depose Dr. Michael Kemp, his treating physician in the months preceding the offense. Dr. Kemp has refused to cooperate with Mr. Fields' counsel, and thus counsel cannot determine whether Dr. Kemp has information to Ground 1(D) of the 2255 Motion – and therefore should be presented as a witness – unless and until he is deposed. Good cause for this request exists for the reasons set forth in further detail in the Omnibus Motion at 12-13. In its August 2011 order, the Court acknowledged that "calling Dr. Kemp at trial might have helped rebut the government's arguments that petitioner was malingering," but it denied leave to depose Dr. Kemp after concluding that Mr. Fields could not show that he was prejudiced by trial counsel's deficient performance. Order dated 8/15/11 at 2. Now that the Court has now granted a hearing on all

---

[2]The government implied that such documents exist, <u>see</u> Response to Motion for Non-Dispositive Omnibus Relief at 7-8, but to date Mr. Fields' counsel have not received any of these documents.

ineffectiveness claims – including the claim that trial counsel were ineffective for failing to call Dr. Kemp and other local medical practitioners – Mr. Fields should be permitted to determine what information Dr. Kemp may have possessed about Mr. Fields' mental health, and thereby enable counsel to establish both prongs of the ineffectiveness test set forth in Strickland v. Washington, 466 U.S. 668 (1984).

Mr. Fields does not concede that depositions of any witnesses other than Dr. Kemp are permitted or required in this case. Mr. Fields reserves the right in his response to the government's discovery motion to object to the government's request to depose witnesses on the grounds that depositions of witnesses who will testify at the hearing are unduly expensive, time-consuming, impractical and not reasonably necessary to prepare for an evidentiary hearing, among other grounds.[3]

However, to ensure that Mr. Fields is not construed to have waived his opportunity to request depositions (in addition to that of Dr. Kemp) in the event this Court grants the government's request, all or in part, to depose witnesses, Mr. Fields requests that, if the Court grants the government leave to depose any witnesses, his counsel be permitted to depose the following witnesses: (1) Iris Dalley; (2) Dr. Ronald F. DiStephano; (3) FBI Special Agent (S.A.) Gary Graff; (4) U.S. Forest Service (USFS) Agent Gary Rose; (5) USFS Agent Paul Jolivette; (6) USFS Agent Jessie Scott; (7) Oklahoma Bureau of Investigation (OSBI) Agent William Donnie Long; (8) OSBI Agent Stan Florence; (9) S.A. James Alford; (10) Medical Examiner's Investigator Sherry Bedford; (11) Dr. J. Randall Price; (12) Dr. Jeffrey Mitchell; (13) all other

---

[3]The government does not allege, for instance, that any deposition is required to preserve the testimony of a witness who may be unavailable to attend the hearing.

expert witnesses the government intends to use at the hearing; and (14) all other witnesses the government intends to present at the hearing.

With regard to Ms. Dalley and Dr. DiStephano, in the Government's Answer in Opposition to Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 16), the government included affidavits by Ms. Dalley and Dr. DiStephano. Id. at Exhibits 1 & 2. The government proffered these affidavits to rebut Mr. Fields' claim that trial counsel were ineffective for failing to attack the aggravating circumstances argued by the government at the penalty phase, which is alleged in Ground 3 of the 2255 Motion. Mr. Fields assumes that the government will present Ms. Dalley and Dr. DiStephano as witnesses at the hearing. In addition, several other crime scene responders have relevant information about this claim, including: OSBI Agent Long (who provided information for the search warrant); USFS Agents Scott, Rose and Jolivette (who investigated the crime scene); and Investigator Bedford (who inspected the bodies at the crime scene). If the government is permitted to conduct depositions in this case, good cause exists for Mr. Fields' counsel to depose these witnesses on issues relevant to Ground 3.

With regard to S.A. Graff and USFS Agents Rose and Jolivette, these agents interviewed Daniel Presley about Mr. Fields' activities on the day of the offense. S.A. Graff noted in his report that Mr. Presley stated that Mr. Fields told him he wanted them to do something together that day. This report is attached to the Appendix to the 2255 Motion at Tab 21. Thus, these agents have relevant information that would have rebutted the government's claim that Mr. Fields tried to create an alibi for his whereabouts the night of the crime, as set forth in Ground 3(A) of the 2255 Motion. If the government is permitted to conduct depositions in this case,

good cause exists for Mr. Fields counsel to depose S.A. Graff and USFS Agents Rose and Jolivette on issues relevant to Ground 3.

In addition, S.A. Alford, USFS Agents Rose and Jolivette, and OSBI Agents Dalley and Florence inventoried the contents of Mr. Fields' truck and/or executed the search warrant for the truck, and thus have relevant information about Mr. Fields' claim regarding the bottle of Effexor capsules set forth in Ground 7 of the 2255 Motion. See supra, Section III. If the government is permitted to conduct depositions in this case, good cause exists to depose these witnesses on issues relevant to Ground 7.

With regard to Drs. Price and Mitchell, Dr. Price determined that Mr. Fields suffers from organic brain damage, 2255 Motion at ¶ 34, and Dr. Mitchell agreed that Mr. Fields suffered from depression and that his history of hearing voices was credible. Id. at ¶ 13. If the government is permitted to conduct depositions in this case, good cause exists to depose Drs. Price and Mitchell because they have information relevant to Mr. Fields' claim that trial counsel were ineffective in failing to investigate Mr. Fields' mental health, as set forth in Ground 1 of the 2255 Motion.

With regard to other expert and lay witnesses the government may present at the hearing, these individuals and their anticipated testimony have not yet been identified to Mr. Fields. If the government is permitted to conduct depositions, good cause exists for Mr. Fields' counsel to depose these witnesses once they have been identified to counsel.

To the extent the Court allows the government to conduct depositions, Mr. Fields further requests that the government be ordered to pay for undersigned counsel's travel and subsistence expenses and fees pursuant to Rule 6(c) of the Rules Governing Section 2255 Cases.

**Conclusion**

For all of the foregoing reasons, Mr. Fields respectfully requests that the Court grant him the discovery identified in this motion. Mr. Fields reserves the right to supplement or amend this motion after receiving any disclosures ordered by the Court.

<div style="margin-left: 45%;">

Respectfully submitted,

/Cristi Charpentier
Cristi Charpentier
David Osborne
Renee Edelman
Capital Habeas Corpus Unit
Federal Community Defender for the
  Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
Philadelphia, PA 19106
215-928-0520
Cristi_Charpentier@fd.org
David_Osborne@fd.org
Renee_Edelman@fd.org

Counsel for Petitioner
Edward Leon Fields, Jr.

</div>

Dated: May 29, 2012

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 7.1(g)**

I, Cristi Charpentier, hereby certify that on May 29, 2012, counsel for Mr. Fields conferred with AUSA Christopher Wilson in good faith and in a sincere attempt to resolve differences regarding the subject matter of this motion. This conference took place by electronic mail and telephone because the distance between counsel's offices made a personal conference infeasible.

/s/ Cristi Charpentier
Cristi Charpentier

**CERTIFICATE OF SERVICE**

I, Cristi Charpentier, hereby certify that on this 29th day of May, 2012, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ Cristi Charpentier
Cristi Charpentier