—————————————————————————

:

UNITED STATES OF AMERICA,               :

:               CIV-10-115-RAW

Respondent,        :

:               CAPITAL 2255 PROCEEDINGS

-v-             :

:               HON. RONALD A. WHITE

EDWARD LEON FIELDS, JR.,                  :

:

Petitioner.      :

:

—————————————————————————               :

## PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE
## IN PARTIAL OPPOSITION TO PETITIONER'S REQUEST FOR DISCOVERY

The government's Response in Partial Opposition to Petitioner's Request for Discovery (Doc. 44) ("Response") shows that it holds Mr. Fields to a higher standard for demonstrating good cause than it does for its own discovery requests. The government continues to rely on civil cases explaining the purpose of discovery provisions of the Federal Rules of Civil Procedure for its own burden, as it did in the government's Motion for Discovery. However, it demands from Mr. Fields a narrow showing of hyper-relevance that is contrary to Habeas Rule 6 and the cases interpreting the rule. While Mr. Fields believes that the government has requested discovery that is inappropriate in this Section 2255 proceeding, should this Court be inclined to allow the parties to conduct depositions, Mr. Fields's discovery requests are amply supported by fact-specific showings of good cause.

## I.    The Limited Role of Discovery in a Section 2255 Proceeding

Mr. Fields maintains that depositions are unnecessary for either party in this Section 2255 proceeding, although he has requested them as a matter of fairness should the Court grant the

government's request and because he can demonstrate good cause for such discovery.

This is not an ordinary civil proceeding, in which the parties are granted access to a variety of discovery mechanisms as a matter of right, followed by dispositive motions in which the parties ask the Court to narrow the factual issues for trial or to resolve the matter without a trial. Here, the parties have already completed the criminal trial and appeal process, with extensive pre-trial investigation and discovery. The most significant issues between the parties have been litigated or otherwise resolved, including Mr. Fields' guilt and the applicability of the death sentence. Only a narrow range of issues related to the constitutionality of the sentence and prior proceeding remain. Mr. Fields has already agreed to provide a great deal of discovery to the government related to these remaining issues.

This Court has stated that it will hold an evidentiary hearing on Mr. Fields' allegations of ineffective assistance of counsel. Such a hearing is necessary because "[s]ome ineffectiveness claims cannot be resolved with sole reference to the record" and thus where "factual disputes and inconsistences beyond the record exist; ... a hearing is needed." Moore v. United States, 950 F.2d 656, 660 (10th Cir. 1991). Claims of ineffective assistance of counsel are mixed questions of law and fact that require resolution of a discrete set of factual issues related to counsel's actual performance and the impact it had on Mr. Fields' trial. Because this Court has already defined the set of issues on which it will hold an evidentiary hearing, the government's argument that depositions will potentially enable it to file dispositive motions to narrow the scope of issues is of no significance.

Furthermore, the parties are not preparing for trial, but rather an evidentiary hearing on a limited set of issues before this Court. This Court is more than capable of hearing all of the

2

parties' evidence and determining which of the issues have factual and legal merit, without the aid of the time-consuming process of depositions and dispositive motions. A round of depositions would not lessen the burden on the Court's resources, and could indeed lead to more litigation, delay the evidentiary hearing and do little to promote the orderly resolution of factual issues at the hearing.

Depositions would do no more than give a party the tactical advantage of an advance shot at the opposing party's witnesses prior to the hearing before this Court. While the Federal Rules of Civil Procedure discovery provisions may provide this tactical advantage as a matter of right to ordinary civil litigants, Habeas Rule 6 grants this Court discretion to determine the scope of discovery in this Section 2255 proceeding, even upon a showing of good cause.[1] Given the collateral nature of the proceedings, and the fact that depositions and dispositive motions will likely do little to narrow the already limited scope of the evidentiary hearing, this Court should exercise its discretion under Habeas Rule 6 and restrict the type of discovery mechanisms allowed.

## II. The Good Cause Standard

Should the Court be inclined to allow the parties to conduct depositions, Mr. Fields has demonstrated good cause for each of his discovery requests, as set forth in his Petition, Request for Discovery and prior Omnibus Motions. A post-conviction petitioner establishes "good cause" whenever "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 299

---

[1]Rule 26(b)(2)(C) also gives the Court power to limit unnecessary discovery.

(1969)); <u>Moore v. Gibson</u>, 195 F.3d 1152, 1165 (10th Cir. 1999) (quoting <u>Bracy</u>); <u>Quesinberry v. Taylor</u>, 162 F.3d 273, 279 (4th Cir. 1998) ("Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief."). "A district court has discretion to grant discovery in a habeas case upon a fact-specific showing of good cause under Rule 6." <u>Stanford v. Parker</u>, 266 F.3d 442, 460 (6th Cir. 2001); <u>see</u> <u>also</u> <u>Wallace v. Ward</u>, 191 F.3d 1235, 1245 (10th Cir. 1999); <u>United States v. Moya-Breton</u>, 439 F. App'x 711, 716 (10th Cir. 2011) (applying same standard to section 2255 petitions).

The government maintains that it has demonstrated good cause because the depositions it seeks will enable it to "discover information ahead of the ordered hearing and facilitate potentially dispositive motions," Response at 6, relying on a civil case, <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986), which explains the underlying purpose of the Federal Rules of Civil Procedures' deposition provisions. As explained in Petitioner's Response to Government's Motion for Discovery (Doc. 43), this is not the proper standard for assessing whether the government has demonstrated good cause for discovery in this Section 2255 proceeding. Although it relies on the civil standard to lower its burden, the government creates an artificially high burden for Mr. Fields to demonstrate good cause. Without citation to any rule or precedent, the government demands that Mr. Fields show that witnesses "possess information that would meaningfully inform the resolution of the ineffectiveness issue before the Court," Response at 5, when such a standard clearly conflicts with <u>Bracy</u> and its progeny. Furthermore, the government seeks to restrict Mr. Fields' discovery, only to those witnesses that Mr. Fields "cannot independently interview," Response at 6, but has asked Mr. Fields to provide in

4

discovery materials that the government currently possesses and information regarding and access to witnesses it has already interviewed.

**III.     Scope of Discovery**

The government repeatedly contends that Mr. Fields' discovery requests are relevant only to his <u>Brady v. Maryland</u> claims, but ignores Mr. Fields' allegations of ineffective assistance of counsel in Grounds III and VII regarding the same subject matter.  Mr. Fields has claimed that trial counsel rendered ineffective assistance by, *inter alia*, failing to investigate, present and argue evidence that would have rebutted the substantial planning and mental anguish aggravating factors and failing to investigate and present the exculpatory evidence regarding the Effexor bottle.  The discovery Mr. Fields seeks – depositions of Dalley, DiStephano, Graff, Rose, Jolivette, Scott, Long, Bedford, Gentry, Robinson, Schubert, Thornburg, Fout, Alford and Florence, and documents related to the FBI's disposition of the Effexor bottle – is relevant to the question of what trial counsel would have found if counsel had adequately investigated prior to trial, and Mr. Fields has made a "fact-specific showing of good cause" to conduct such discovery.

The government now misleadingly suggests that "Fields has previously represented that the dispute over information related to the Effexor bottle was resolved."  Response at 4.  This is simply not the case.  Mr. Fields informed the Court that his request for the actual Effexor bottle was resolved – by reference to the specific request in the initial Omnibus Motion – based upon the government's representation to him that the bottle had been delivered to the jail and was no longer in the government's possession.  Petitioner's Renewed Motion for Non-Dispositive Omnibus Relief (Doc. 21), at 2 n.2.

Although the government agrees to provide the same information from its expert witnesses that it has requested from Mr. Fields – specifically the underlying raw testing data, interview notes, and other materials relied upon by the expert in forming his opinion – it continues to maintain that such discovery is not required by Rule 26(a)(2)(B). This rule requires a party to disclose, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i) & (ii). The rule's language is straightforward – parties must disclose the facts and *data* relied upon by its testifying experts, and there is no rationale for carving out an exception for raw testing data. This provision of Rule 26 was amended in 2010 to require the disclosure of "facts or data," and the case relied upon by the government was based upon the pre-amendment language. As explained in the Advisory Committee Note addressing the 2010 amendment, "the intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the experts, from whatever source, that contains factual ingredients."

## IV. Depositions

As set forth above, Mr. Fields generally contends that depositions are not necessary or called for in this Section 2255 proceeding, because Habeas Rule 6 was not intended to open the full panoply of discovery provisions to collateral proceedings and the evidentiary hearing will be sufficient to reveal and resolve all of the parties' factual disputes.[2] Additionally, Mr. Fields believes that the government has not demonstrated good cause for its discovery requests.

---

[2]Mr. Fields' request to depose Dr. Kemp – an uncooperative witness – in order to determine if he has relevant information and to preserve his testimony is an exception to this general statement.

However, should the Court feel that depositions are called for in the proceedings, Mr. Fields has made a fact-specific showing of good cause in support of depositions of the following individuals.

**A.      Declared Government Hearing Witnesses**

The government has agreed to depositions of Iris Dalley and Robert DiStephano. The government has also indicated that it has "no general opposition," Response at 6, to the depositions of witnesses it intends to rely on at the evidentiary hearing.  The government has requested to have Mr. Fields evaluated by a neuropsychologist and a psychiatrist, and if the Court so orders and the government decides to present either or both of these experts as witnesses, Mr. Fields requests that he be permitted to depose any such mental health expert. While the government has not yet identified the witnesses it intends to call at the hearing, as per the parties' agreement, Mr. Fields requests to depose any such witnesses and assumes that the government will have no objection to a Court order to that effect.

Inexplicably, the government indicates that it will present Dr. Jeffrey Mitchell as a witness but objects to a deposition, claiming that it "has not indicated any intent to adduce any new opinions from Dr. Mitchell at the evidentiary hearing." Response at 8.  Such an argument applies equally to the government's requested depositions of Dr. George Woods and Dr. Bradley Grinage, who also will not be providing new opinions at the evidentiary hearing. See Petitioner's Response to Government's Motion for Discovery (Doc. 43), at 14.  The government also contends that Dr. Mitchell possesses no information relevant to Mr. Fields' claims, id., but if that were the case, the government would not be calling him as a witness.  As a mental health expert who evaluated Mr. Fields prior to trial, Dr. Mitchell undoubtedly has information relevant

7

to Mr. Fields' claims.[3]  The fact that Mr. Fields has also alleged that trial counsel did not effectively argue to the jury the helpful aspects of Dr. Mitchell's testimony hardly detracts from the need for Dr. Mitchell's deposition.

**B.      Other Witnesses**

Mr. Fields has requested depositions of other individuals who he believes possess information that is relevant and helpful to the claims that trial counsel failed to, *inter alia*, investigate and present evidence of Mr. Fields' organic brain damage (Ground I.C), investigate and present available medical and mental health providers who could have supported the manic flip defense and who would have testified that Mr. Fields' mental illness was genuine and not malingered (Ground I.D), investigate, present and argue evidence that would have rebutted the substantial planning and mental anguish aggravating factors (Ground III), and investigate and present exculpatory evidence (Ground VII).  This Court has ordered an evidentiary hearing on these claims, as well as the other allegations of ineffective assistance of counsel in the Petition.

The government opposes the deposition of Dr. Michael Kemp because it contends the underlying claim is meritless.  However, this Court has already said that it will hold an evidentiary hearing on the ineffective assistance of counsel claims, including the allegation that trial counsel failed to investigate and present the testimony of the available medical and mental health providers such as Dr. Kemp.  As a prior treating provider, Dr. Kemp clearly possesses information relevant to this claim – a fact which the government effectively concedes in its speculative argument that his testimony would be cumulative of the information in his records.

---

[3]Indeed, the government has requested discovery from and about a variety of mental health experts who evaluated Mr. Fields prior to the crimes and the trial, as well as throughout his entire life.

In particular, Mr. Fields has alleged that Dr. Kemp's records demonstrate that the doctor did not believe Mr. Fields to be malingering his symptoms, a critical issue at the trial.[4]

With regard to Dr. Randall Price, a neuropsychologist who evaluated Mr. Fields prior to trial and testified at the trial, the government makes the nonsensical argument that Mr. Fields should not be able to depose him because Mr. Fields has based some of his allegations of ineffective assistance of counsel upon Dr. Price's data and testimony. To the contrary, the fact that Dr. Price's testimony and data support the claims is the reason to permit Mr. Fields to depose Dr. Price. Dr. Price clearly possesses information regarding whether Mr. Fields suffered from organic brain damage, the very information Mr. Fields alleges trial counsel ineffectively failed to investigate. Additionally, Mr. Fields has alleged that trial counsel's cross-examination of Dr. Price was ineffective because she elicited harmful testimony that was not supported by Dr. Price's own testing data, and thus Dr. Price obviously possesses information on what he would have said if properly cross-examined by trial counsel.

Mr. Fields has also requested to depose three groups of individuals: law enforcement officers and other officials who responded to the crime scene; law enforcement officers who inventoried the contents of Mr. Fields' truck; and law enforcement officers who took part in the interview of Daniel Presley. Individuals in each group possess information that is relevant to

---

[4]The government further argues that trial counsel's strategy was to argue that Dr. Kemp's diagnosis was wrong, and thus trial counsel cannot be ineffective for not presenting evidence that was inconsistent with her chosen strategy. However, that argument puts the cart before the horse. This Court must assess whether trial counsel's strategic choices were supported by adequate investigation, see, e.g., Strickland v. Washington, 466 U.S. 668, 690-91 (1984), and Mr. Fields contends that trial counsel's investigation was not adequate because she did not find out what helpful information treating providers such as Dr. Kemp could have offered.

Mr. Fields' claims that trial counsel ineffectively failed to investigate and present evidence that would have rebutted the substantial planning and mental anguish aggravating factors (the crime scene responders and Pressley interviewers), and ineffectively failed to investigate exculpatory evidence (the truck inventory takers). In order to demonstrate that trial counsel's performance fell below the requirements of the Sixth Amendment, Mr. Fields must demonstrate that had counsel conducted an effective investigation, counsel would have discovered helpful information such that there would be a reasonable probability of a different result had the information been presented to the jury.

The crime scene responders – OSBI Agent William Donnie Long; USFS Agents Jessie Scott, Gary Rose and Paul Jolivette; Medical Examiner's Investigator Sherry Bedford; LeFlore County Sheriff Roy Gentry Deputy Sheriffs Ricky Robinson, Thomas Schubert and J.D. Thornburg, and Dale Fout – had the opportunity to observe the location and condition of the victims' bodies and vehicle, and in particular the driver's side window of the van. As set forth in the Petition and Memoranda of Law, and in the Government's Answer, these are highly contested factual issues given their relevance to the government's theory at trial that Mr. Fields returned to the crime scene hours later to stage a robbery. Given the significant factual disputes between the parties, Mr. Fields has demonstrated good cause to depose the other individuals who responded to the crime scene.

FBI Special Agent Gary Graff, along with USFS Agents Rose and Jolivette, interviewed Daniel Presley. The government makes the nonsensical argument that Mr. Fields should not be

permitted to depose Agent Graff[5] because the *government* has not contested the veracity or accuracy of Agent Graff's report of the interview. The government has argued that Mr. Presley's declaration submitted with the Petition is inconsistent with Agent Graff's report. Government's Answer (Doc. 16), at 48. Mr. Fields maintains that the report and declaration are not inconsistent, and in any event, Agent Graff's report is not a sworn statement adopted by Mr. Presley, and is the agent's paraphrasing of the interview. Given that the government has contested the accuracy and veracity of Daniel Presley's declaration, Mr. Fields has demonstrated good cause to depose of Agents Graff, Rose and Jolivette, who were present for the interview of Mr. Presley.

FBI Special Agent James Alford and OSBI Agent Stan Florence, as well as Iris Dalley and Agents Rose and Jolivette, inventoried the contents of Mr. Fields' truck and may have information regarding the contents and disposition of the bottle of 150 mg Effexor capsules found in the truck. The government has represented to Mr. Fields that the bottle was delivered to the Muskogee County Jail by the FBI, but the government has not identified the agents responsible for doing so. Response to Motion for Non-Dispositive Omnibus Relief (Doc. 6), at 7. Mr. Fields has alleged that trial counsel was ineffective for failing to investigate the whereabouts and contents of the bottle of 150 mg Effexor capsules, and has set forth good cause to depose the individuals from whom trial counsel could have elicited information regarding the bottle's disposition.

---

[5]The government does not address the propriety of deposing USFS Agents Rose and Jolivette with regard to Mr. Fields' allegation that trial counsel did not investigate Daniel Presley's statement.

**V.     Conclusion**

Mr. Fields does not believe that depositions are necessary in this Section 2255 proceeding, but has supported his request for discovery with a fact-specific showing of good cause, and has satisfied <u>Bracy</u>'s requirement that "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  520 U.S. at 908-09.  If the Court is inclined to allow the parties to conduct depositions in this Section 2255 proceeding, the Court should grant Petitioner's Request for Discovery.

Respectfully submitted,

/s/Renee Hurtig Edelman
Cristi Charpentier
David Osborne
Renee Hurtig Edelman
Capital Habeas Corpus Unit
Federal Community Defender for the
 Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
Philadelphia, PA 19106
215-928-0520
Cristi_Charpentier@fd.org
David_Osborne@fd.org
Renee_Edelman@fd.org

Counsel for Petitioner
Edward Leon Fields, Jr.

Dated: August 13, 2012

**CERTIFICATE OF SERVICE**

I, Renee Hurtig Edelman, hereby certify that on this 13th day of August, 2012, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ Renee Hurtig Edelman  
Renee Hurtig Edelman