|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIV-10-115-RAW |
| Respondent, | : | |
| | : | CAPITAL 2255 PROCEEDINGS |
| -v- | : | |
| | : | HON. RONALD A. WHITE |
| EDWARD LEON FIELDS, JR., | : | |
| | : | |
| Petitioner. | : | |
| | : | |
| | : | |

## <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Petitioner Edward Fields submits the following supplemental authority in relation to the

government's Reply to Opposition to Motion for Discovery (Doc. 48).

The government cites the unpublished decision of <u>Lott v. Bradshaw</u>, No. 1:04-cv-822,

2005 WL 3741492, at *6 (N.D. Ohio Mar. 29, 2005), for the proposition that it is "'entitled to

discover any information tending to undermine' the allegations of a § 2255 movant." Reply at 3.

However, the relevant portion of <u>Lott</u> was reversed the Sixth Circuit in <u>In re Lott</u>, 424 F.3d 446

(6th Cir. 2005), which the government did not note in its Reply.

The quotation from <u>Lott</u> cited by the government comes from the District Court's

discussion of the scope of the implied attorney-client privilege waiver:

> Before subjecting these requests to the "good cause" discovery standard set forth
> above, the Court first examines the scope of the implicit waiver of Lott's
> attorney-client privilege. At issue in this litigation is the sole claim of actual
> innocence raised in the Successor Petition. He asserts that he is innocent of
> McGrath's murder. He states that, *inter alia*, the prosecutor's withholding of
> exculpatory evidence in violation of <u>Brady v. Maryland</u>, [citation omitted],
> prevented him from properly presenting his actual innocence claim to the state
> court or previously to this Court.

> To defend this claim, the Respondent would be entitled to discover any
> information tending to undermine Lott's assertion of innocence.  Thus, Lott
> cannot assert privilege to thwart the Respondent's efforts to obtain such
> information.  Moreover, because Lott asserts that he was unable to present his
> actual innocence claim to any previous court because, *inter alia*, the prosecutor
> withheld exculpatory evidence in violation of <u>Brady</u>, the Court finds that Lott has
> waived his right to assert privilege pertaining to his <u>Brady</u> claim.

2005 WL 3741492 at *6; <u>see</u> <u>also</u> <u>id.</u> ("the Court finds that [petitioner] has implicitly waived the

attorney-client and work product privileges to the extent necessary for the Respondent to defend

the actual innocence claim [petitioner] presented in the Successor Petition").

The Sixth Circuit granted the <u>Lott</u> petitioner's request for a writ of mandamus.  It held

that the petitioner had not implicitly waived the attorney-client privilege by bringing a claim of

actual innocence and the District Court's ruling to the contrary was "clear error as a matter of

law."  <u>In re Lott</u>, 424 F. 3d at 452.

Respectfully submitted,

<u>/s/Renee Hurtig Edelman</u>
Cristi Charpentier
David Osborne
Renee Hurtig Edelman
Capital Habeas Corpus Unit
Federal Community Defender for the
  Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
Philadelphia, PA 19106
215-928-0520
Cristi_Charpentier@fd.org
David_Osborne@fd.org
Renee_Edelman@fd.org

Counsel for Petitioner Edward Leon Fields, Jr.

Dated: August 16, 2012

**CERTIFICATE OF SERVICE**

I, Renee Hurtig Edelman, hereby certify that on this 16th day of August, 2012, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ Renee Hurtig Edelman
Renee Hurtig Edelman