EDWARD LEON FIELDS, JR.,    )
    )
    Petitioner,    )
    )
v.    )    Case No. CIV-10-115-RAW
    )
UNITED STATES OF AMERICA,    )
    )
    Respondent.    )

## ORDER

Before the court are the requests of the parties for discovery pursuant to Rule 6 of the

Rules Governing Section 2255 Proceedings. Discovery is available pursuant to this Rule,

but it is only granted at the court's discretion, and upon a showing of good cause. "A habeas

petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a

matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). In the unusual

circumstances of this case (with petitioner's lead trial counsel seeking to admit ineffective

assistance) the court is permitting somewhat broader discovery, particularly for the

respondent, than is normally seen in a §2255 case. In the briefing so far, however, the court

senses an expectation on the part of the parties that the singular posture of this case has given

rise to license to completely "re-try" the case[1], with defense evidence that arguably <u>could</u>

have been presented and the government in turn making the counter-presentation that <u>would</u>

---

[1]That is, a complete re-trial of the penalty phase. Petitioner pled guilty and proceeded to trial only upon the capital sentencing phase. *United States v. Fields,* 516 F.3d 923, 927 (10th Cir.2008).

have been made in the face of such evidence. This will not occur. The basic parameters for resolving an ineffective assistance claim are established and will be maintained.

Preliminarily, the parties have a dispute about standards. The Tenth Circuit holds that good cause is established where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *United States v. Moya-Breton,* 439 Fed.Appx. 711, 715-16 (10th Cir.2011).

This language explicitly applies to a request for discovery by petitioner. What about, as in this case, a request by the respondent? Respondent cites *Allen v. United States,* 2011 WL 4729819 at *2 (E.D.Mo.2011) for the proposition that a respondent is entitled to any information tending to undermine the allegations of a §2255 movant.[2] As it stands, this language is arguably too broad. In light of the Tenth Circuit standard, the formulation might be as follows: if respondent can make specific allegations that give reason to believe that respondent (upon full factual development) may be able to undermine petitioner's allegations, then respondent has shown good cause.

The court will address petitioner's motion first. Petitioner's first two requests involve (1) disclosure of hearing witnesses and (2) expert disclosures. The petitioner represents that the respondent has agreed on these matters.

---

[2]In the case at bar, petitioner has filed a notice of supplemental authority (#49) noting that the district court case cited by the *Allen* court on this point was reversed (actually, vacated on mandamus). The court finds this irrelevant. The *Allen* decision itself still stands, and the mandamus in the other case was not related to the pertinent language.

Next, petitioner requests copies of all documents relating to a bottle of Effexor capsules seized from petitioner's truck. The respondent objects, stating that the request does not relate to the ineffectiveness claims. Petitioner disagrees, stating that the request is relevant to the question of what trial counsel would have found if trial counsel had adequately investigated prior to trial. The court finds petitioner has shown good cause. Any such documents should be produced by the respondent.

Petitioner also requests a series of depositions. Petitioner states he does not believe depositions (except as to Dr. Kemp) are necessary in this proceeding, but makes a formal request in case the court is inclined to grant permission for depositions. It is true that "depositions are not routinely granted in §2255 matters." *U.S. v. Hollis,* 2010 WL 892196 (D.Alaska 2010). The case at bar is not the routine case, however.[3] The requests will be individually examined.

**Dr. Michael Kemp:** Dr. Kemp was petitioner's treating physician in the months preceding the offense. The court has previously denied such a request, but petitioner states that "[n]ow that the Court has now [sic] granted a hearing on all ineffectiveness claims . . . " (#40 at 4-5) the deposition should be permitted. The court has not so ruled. An evidentiary hearing will be held as to any ineffectiveness claim as to which the appropriate legal standard has been met and which has survived summary judgment, if such motion is

---

[3]Summary judgment is an available vehicle in habeas proceedings. *See Berryhill v. Jones,* 2012 WL 3581087 (W.D.Okla.2012) at *2 & n.9 (citing cases). *See also Anderson v. Attorney Gen. of Kan.,* 425 F.3d 853, 860 (10th Cir.2005)(Rule 56 standard appropriate in a habeas proceeding to determine whether the record raises a genuine factual issue requiring an evidentiary hearing).

filed.  The court previously held that petitioner has not shown prejudice in regard to trial counsel's conduct in this regard.  The jury heard about the history of Dr. Kemp's treatment.  It appears calling Dr. Kemp would have been cumulative.   The request is denied.

**Iris Dalley[4] and Dr. Ronald Distefano[5]:**  Petitioner contends these witnesses have relevant information to Ground Three of the petition (trial counsel was ineffective for failing to investigate, present and argue evidence that would have rebutted the substantial planning and mental anguish aggravating factors and the Fifth Amendment was violated because the government presented false and misleading testimony and argument to support the substantial planning aggravator.  Petitioner has presented a declaration from a "forensic investigation specialist," Robert Tressell (Petitioner's Appendix 23) who disagrees with Dalley's crime scene testimony in three areas:   (1) when the driver's side window was broken in relation to when Ms. Chick was shot; (2) whether Mr. Chick's body was moved after he was shot and, if so, when in relation to him being shot; and (3) whether Mr. Chick's wounds were the source of the high velocity blood splatter observed on Ms. Chick's face and hands.

While the declaration of trial counsel (Petitioner's Appendix 8 - Doc. 2-2) indicates that the testimony of Dalley and Distefano "was damaging because it supported the substantial planning aggravating circumstance or by suggesting that Mr. Fields had a plan

---

[4]At the time she testified at trial, Ms. Dalley was an agent with the Oklahoma State Bureau of Investigation.   The respondent included an affidavit by Ms. Dalley as Exhibit 1 to its Answer in Opposition (#16) to petitioner's §2255 motion.

[5]At the time he testified at trial, Dr. Distefano was a medical examiner at the Office of the Chief Medical Examiner for the state of Oklahoma.  He testified regarding autopsy findings regarding the victims.

4

to kill the victims and that plan did not involve a robbery," any plan or lack of plan concerning the robbery is irrelevant to the finding of the substantial aggravating factor. Specifically, the statutory aggravating factor "substantial planning and premeditation" deals with the defendant committing the **offense of murder** after substantial planning and premeditation. *See* Jury Instructions - Sentencing Phase, at p.20 (#227). It has absolutely nothing to do with the offense of robbery. Further, the petitioner has not submitted anything to establish that he told trial counsel that Dalley's crime scene conclusions were erroneous. Rather, the record reflects that petitioner pled guilty to deliberately killing the Chicks "during the course of a robbery" and that he "also committed a burglary by breaking into their van . . . with the intent to steal items inside that belonged to them." (Tr. of Change of Plea Hearing held on June 30, 2005 at p.24). Inasmuch as the reasonableness of counsel's actions regarding investigation of the crime scene depends upon what petitioner told trial counsel, the court finds petitioner has failed to show good cause such that a deposition of Ms. Dalley should be taken.

Given Dr. Distefano's testimony that he could not say how many hours Mr. Chick sat at a picnic table after death, the court is not persuaded (based upon a review of the Tressel declaration) that petitioner has established good cause for a deposition. The pertinent statements in Tressel's declaration seem consistent with Dr. Distefano's testimony. No deposition is needed.

5

**S.A. Graff & USFS Agents Rose and Jolivette:** These depositions are requested regarding petitioner's statements about his alibi. The court finds good cause has not been shown.

**S.A. Alford, USFS Agents Rose and Jolivette and OSBI Agents Dalley and Florence:** A separate reason for requesting depositions of these witnesses is counsel wants them to testify about Ground 7 (government withheld exculpatory, material evidence from defense in violation of due process and trial counsel were ineffective for failing to investigate and present exculpatory evidence). The court has allowed petitioner to obtain copies of any extant documents relating to the Effexor bottle, and these depositions would likely be cumulative. This request is denied.

**Dr. Mitchell[6] and Dr. Price[7]:** Petitioner requests these depositions on the basis that these individuals have information relevant to Ground 1 (counsel was ineffective in failing to investigate, present and argue mitigating mental health evidence). To the extent both these doctors testified at trial, the court does not find good cause to depose them. For example, the petitioner relies upon what Dr. Mitchell testified to at trial as the basis for an ineffectiveness claim. Dr. Mitchell's testimony is not being essentially challenged. As to Dr. Price, the petitioner presents a witness that claims Dr. Price misinterpreted his own data, but petitioner does not appear to challenge the data itself.

---

[6]Dr. Jeffrey Mitchell is a psychiatrist who testified for the government on rebuttal.

[7]Dr. Randall Price is a psychologist who testified for the government on rebuttal.

The court now turns to respondent's motion. To connect logically to the preceding paragraph, the court first addresses the third section of the motion, which is a request to depose the petitioner, his experts and his trial counsel. Under the circumstances of this case, the court may well ultimately allow these depositions.[8] In assessing any of the ineffectiveness claims, one aspect of the factual context is what petitioner told his counsel. Any such depositions, however, should take place after respondent has an opportunity to review trial counsel's files (subject to claims of privilege). Therefore, the court will deny respondent's request for depositions without prejudice, pending such review. In light of the ruling on counsel's files and the taking of depositions, respondent's requests to serve subpoenas duces tecum and to propound interrogatories are denied.

As in petitioner's motion, the respondent represents that agreement has been reached between the parties as to expert witness disclosures and a witness list.

Respondent also seeks to perform a mental health evaluation of petitioner. It requests that petitioner be subjected to (1) a full-scope neuropsychological evaluation and (2) a full-scope psychiatric evaluation. Petitioner agrees good cause has been shown for the former but not the latter. The court will permit the neuropsychological evaluation. The court has previously allowed the petitioner to be transported for an evaluation so that he could attempt

---

[8]At various points in his motion (#40), petitioner makes a statement to the effect that "if the government is allowed depositions, good cause exists for [petitioner] to conduct depositions." This is a non sequitur. Each request has been examined on the merits. A deposition of trial counsel who is conceding (and accusing co-counsel) of ineffective assistance is far more vital than, for example, a witness who has already testified at trial.

to prove his claims that his brain defects were present at the time of trial.[9]  The court will deny the request for psychiatric evaluation at this time.

Finally, respondent requests the files of petitioner's trial counsel.  The respondent requests an order requiring petitioner to make available for inspection and copying, within 45 days, at the offices of petitioner's current counsel, trial counsel's complete case files relating to their representation of petitioner.  Petitioner objects to the request, and in the alternative offers to go through the files and provide to respondent those materials which are relevant.

As has been noted in previous orders in this case, the Tenth Circuit holds that a claim of ineffective assistance of counsel (as petitioner has made here) waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim.  *See United States v. Pinson,* 584 F.3d 972, 978 (10th Cir.2009).[10]  The court went on to say this holding does not end the analysis.   The waiver must be no broader than needed to ensure the fairness of the proceeding before the court.  *Id.*  The court must determine what is the appropriate level of "broadness" in the present case.

The court has found no authority addressing this issue in the situation presented by the case at bar.   Here, petitioner's lead trial counsel (the United States Federal Public

---

[9]The testing is also relevant to a possible claim (not yet ripe) pursuant to *Ford v. Wainwright*, 477 U.S. 399 (1986)(Eighth Amendment prohibits the State from inflicting the penalty of death upon a prisoner who is insane).

[10]The same concerns dictate waiver of the work product protection as well.  *See Alvarez v. Woodford,* 81 Fed. Appx. 119, 120 (9th Cir.2003).

Defender for this district) has presented a declaration purporting to <u>concede</u> ineffectiveness on her part and to allege failure to assist by co-counsel. This circumstance would seem to argue that a broader interpretation of waiver is appropriate. The "fairness of the proceeding" must be ensured to both the petitioner <u>and</u> the respondent. In the unusual posture in which both petitioner and his trial counsel agree that counsel was ineffective, access to the documentary record must of necessity be broader.[11]

The respondent argues that the petitioner's claim of ineffective assistance is itself so broad that "his waiver of privilege is likewise all-embracing. . . ." (Motion at 3). The petitioner disagrees, stating that his claims of ineffective assistance are limited to the list of 11 discrete allegations on page 6 of his response (#43) to respondent's motion. The court finds itself more inclined to the respondent's view. Several of petitioner's claims are of the "failure to investigate" variety. In this context, the Supreme Court has noted that "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. . . In particular, what investigation decisions are reasonable depends critically on such information." *Strickland v. Washington,* 466 U.S. 668, 691 (1984).

---

[11]"[T]rial counsel's statements in affidavits filed years after the trial (in which counsel in effect 'fall on their swords') do not create credibility issues when 'trial counsel's documented contemporaneous statements show the contrary.'" *Jackson v. United States,* 638 F.Supp.2d 514, 528 (W.D.N.C.2009)(quoting *United States v. Streater,* 70 F.3d 1314, 1321 (D.C.Cir.1995)).

Respondent's proposed remedy is for the petitioner to prepare a privilege log pursuant to Rule 26(b)(5)(A) F.R.Cv.P.[12] The court agrees, but urges the parties to proceed in as cooperative a manner as possible. The privilege log prepared by petitioner should be as thorough as possible, giving an informative description of each document withheld and an explanation of why an asserted privilege has not been waived. For the respondent's part, if a motion to compel is deemed necessary, it should be restricted to as few documents as possible and for which respondent can clearly articulate waiver under *Pinson* or some other basis for discovery. The court regrets the delay which this case has already occasioned, and full-scale "trench warfare" over the case files will not expedite matters.

---

[12]Rule 6(a) of the Rules Governing Section 2255 Proceedings provides in part that discovery may be conducted under the Federal Rules of Civil Procedure.

It is the order of the court that the request of the petitioner for discovery (#40) is hereby GRANTED in part and DENIED in part. The motion is denied with the exception of petitioner's request for any documents relating to the Effexor bottle.

The request of the respondent for discovery (#39) is hereby GRANTED in part and DENIED in part. Petitioner shall make available for inspection and copying, within 45 days, at the offices of the petitioner's current counsel, trial counsel's complete case files relating to their representation of petitioner, with the exception of those documents for which a privilege is asserted. As to those documents, a detailed privilege log shall be provided to respondent's counsel. Respondent's request for depositions of trial counsel and petitioner is denied at this time, but may be renewed after completion of document discovery.

The motion is also granted in that respondent may perform a full-scope neuropsychological evaluation of the petitioner. Such evaluation should take place on or before January 21, 2013.

Finally, the court hereby establishes the date of February 5, 2013 as the date of discovery cutoff. Should the court ultimately permit depositions of trial counsel and/or petitioner, an extension may be granted solely for that purpose.

**ORDERED THIS 8TH DAY OF NOVEMBER, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

11