# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

EDWARD LEON FIELDS, JR., )
)
*Petitioner*, )
)
v. ) Case No. CV-10-00115-RAW
) Criminal Case No. CR-03-73-RAW
UNITED STATES OF AMERICA )
)
*Respondent.* )

## MOTION FOR CLARIFICATION REGARDING DISCOVERY

**COMES NOW**, Respondent, United States of America, by and through undersigned counsel, and requests clarification of this Court's Order regarding Discovery (Doc. 50). Specifically, the government requests an order permitting its retained neuropsychologist to conduct testing without the interference of a monitor or recording device. Undersigned counsel contacted David Osborne, counsel for petitioner Fields, who agreed that the discovery order should be clarified but maintains that the Court should order recording or monitoring of testing.

## PROCEDURAL HISTORY

On March 29, 2012, this Court permitted the parties to seek discovery about claims of ineffective assistance of trial counsel in Fields's Motion under 28 U.S.C. § 2255. Doc. 32. The government sought discovery, including leave to conduct neuropsychological testing. Doc. 39. In a response to the government's motion, Fields agreed to the proposed testing but contended that it should be recorded or monitored. Doc. 43. In reply, the government argued that the procedures advanced by the defense would undermine the validity of the testing. Doc. 48. This Court's Order regarding discovery (Doc. 50) granted the request for neuropsychological testing without resolving the recordation/observation dispute, and the government now moves for clarification to ensure the timely completion of discovery.

1

**THE COURT SHOULD NOT REQUIRE THE GOVERNMENT TO RECORD OR
PERMIT MONITORING OF ITS MENTAL HEALTH TESTING**

The government stands by its position that monitoring of its neuropsychological testing is neither prudent nor required. *See* Doc. 48. While the request for monitoring was raised by Fields in response to the government's discovery request, the government moves for clarification out of concern that continued ambiguity might delay testing, now scheduled for May of this year.

"The Sixth Amendment does not require that a defendant be permitted to have counsel present at a mental examination conducted to rebut a psychiatric defense he has initiated." *United States v. Wilson*, ___ F. Supp. 2d ___, ___ 2012 WL 6962982, *14 (E.D.N.Y. 2012). The defendant's attorneys are entitled only to advance notice of the examination so that they may advise their client regarding "the significant decision of whether to submit to the examination and to what end the psychiatrist's findings could be employed." *Id*. (citing *Estelle v. Smith*, 451 U.S. 454, 471 (1981)).

The government opposes defense counsel's involvement in neuropsychological testing because studies indicate that observation, by human or mechanical means, will depress Fields's performance. *See* Doc. 48. Furthermore, neuropsychological tests "have not been standardized in the presence of involved third party observers, and thus, it is inappropriate to compare the examinee's results to the normative results from the standardization sample." *Id*. Indeed, the Eastern District of New York found "compelling the . . . representation that . . . "the presence of third parties during examinations can be disruptive and have adverse effects on the performance and outcome of the evaluation." *Wilson*, 2012 WL 6962982 at *15 (collecting Second Circuit cases). Even less invasive measures, such as recordation, "are disfavored by courts for the same reasons that attorney presence is disfavored." *Id*. (collecting cases).

Because the reliability of the government's testing may hinge upon the issue of observation and recording, this Court should deny any such involvement by Fields's counsel.

**CONCLUSION**

The government urges this Court to clarify its discovery order and deny Fields's request to monitor or record the government's neuropsychological testing.

Dated: March 6, 2013

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that on March 6, 2013, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Osborne, Attorney for Petitioner
Renee Edelman, Attorney for Petitioner
Cristi Charpentier, Attorney for Petitioner

/S/ Christopher J. Wilson<br>
United States Attorney's Office