# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

EDWARD LEON FIELDS, JR.,  )
          )
    *Petitioner*,   )
          )
v.         )  **Case No. CV-10-00115-RAW**
          )  **Criminal Case No. CR-03-73-RAW**
UNITED STATES OF AMERICA )
          )
    *Respondent.*  )

## MOTION TO UNSEAL FIREWALLED DOCUMENTS

**COMES NOW**, Respondent, United States of America, by and through undersigned counsel, and moves this Court to enter an Order unsealing documents previously disclosed to "firewalled" counsel for the government. Counsel for Fields does not believe cause exists to unseal the firewalled materials and opposes this request.

## PROCEDURAL HISTORY

During the trial proceedings underlying this action, the Court ordered the defendant to provide mental health information to firewalled counsel for the government. It does not appear that the firewall was ever completely dissolved. On March 29, 2012, this Court permitted the parties to seek discovery about claims of ineffective assistance of trial counsel in Fields's Motion under 28 U.S.C. § 2255. Doc. 32. The government sought discovery, including leave to conduct neuropsychological testing. Doc. 39. Fields has agreed to the proposed testing (Doc. 43), which is currently scheduled for late spring of this year (Docs. 51 & 52). In the interest of simple expediency, the government seeks to provide its mental health expert with relevant records in the possession of firewalled counsel, though it recognizes that Fields is likely to later provide the same records under his ongoing discovery obligations.

1

**THE COURT SHOULD UNSEAL MENTAL HEALTH RECORD CURRENTLY IN THE CUSTODY OF FIREWALL COUNSEL**

The Court should provide the government with access to all sealed mental health records in the custody and control of firewall counsel in the underlying criminal case 05-CR-7128-RAW, *United States v. Edward Leon Fields*. By making allegations about his mental health, and defense counsel's investigation of it, Fields has placed in issue – and waived any claim of confidentiality about – previously sealed records concerning his psychological state. This Court should, therefore, permit the government access to all currently sealed documents concerning the efforts of defense counsel and the defendant's mental health.

On December 20, 2004, this Court entered an order (Tr. Doc. 93) granting the parties stipulated request for the government's mental health examination of Fields. To protect Fields's legal rights, the order required that the government's "firewalled" counsel receive all mental health documents regarding the defendant. *Id*. The order prohibited firewalled counsel from disclosing the mental health records unless Fields was convicted of a capital crime and confirmed his intent to offer mental health evidence during sentencing proceedings. *Id*. On June 30, 2005, Fields pleaded guilty as charged. At a hearing held on the day Fields entered his plea, the Court partially dissolved the firewall order. Tr. Tran. at 32-39.

During the penalty phase trial, Fields offered extensive mental health evidence through two expert witnesses. Accordingly, it appears that the terms of the firewall should have dissolved under the terms of the order that established it. Tr. Doc. 93 at ¶ 8. However, the docket is devoid of any entry that reflects the complete dissolution of the order. In the current proceeding, Fields continues to rely upon mental health evidence, and the government is preparing to have an expert test and interview the defendant. To ensure expeditious completion

of its mental health evaluation, the government seeks the immediate dissolution of the firewall so that it can provide its expert with the materials it protects.

By placing his mental state at issue, Fields has waived any claim to the Fifth and Sixth Amendment rights that gave rise to this Court's order sealing the mental health records in the possession of firewalled counsel. The Supreme Court has held that a government's use of properly obtained mental health evidence to rebut a "mental status" defense does not violate the Fifth or Sixth Amendments. *Buchanan v. Kentucky*, 483 U.S. 402, 422-24 (1987). As the Fifth Circuit has succinctly stated, "a defendant who puts his mental state at issue with psychological evidence may not then use the Fifth Amendment to bar the state from rebutting in kind." *Schneider v. Lynaugh*, 835 F.2d 570, 575 (5th Cir. 1988); *see United States v Madrid*, 673 F.2d 1114, 1121 (10th Cir. 1982) (permitting admission of evidence from a government mental health examination authorized under Fed. R. Crim. Proc. 12.2).

The mental health evidence in the custody of the firewalled counsel is relevant to rebut claims about Fields's mental health and trial counsel's efforts to investigate those issues. Fields's continuing reliance on evidence of his mental condition should waive any claim of confidentiality with regard to the information in the custody of firewalled counsel. Accordingly, the Court should lift the order sealing documents in the custody of firewalled counsel.

**CONCLUSION**

In order for the government to conduct a fair and meaningful review and respond to Fields's § 2255 claims, the government moves this Court to dissolve the firewall put in place on December 20, 2004, to the extent it still exists..

Dated:  March 12, 2013

<div style="margin-left:50%">

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779

</div>

**CERTIFICATE OF SERVICE**

I, hereby certify that on March 12, 2013, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Osborne, Attorney for Petitioner
Renee Edelman, Attorney for Petitioner
Cristi Charpentier, Attorney for Petitioner

<div style="margin-left:50%">

/S/ Christopher  J. Wilson
United States Attorney's Office

</div>