_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIV-10-115-RAW |
|  | : |  |
| Respondent, | : | CAPITAL 2255 PROCEEDINGS |
|  | : |  |
| -v- | : | HONORABLE RONALD A. WHITE |
|  | : |  |
| EDWARD LEON FIELDS, JR., | : |  |
|  | : |  |
| Petitioner. | : |  |
|  | : |  |

_____

**PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION FOR CLARIFICATION REGARDING DISCOVERY**

Petitioner Edward Leon Fields, Jr. responds to the government's Motion for Clarification

Regarding Discovery (Doc. 53) as follows.

As the government correctly notes, Mr. Fields concurs with the motion to the extent it

seeks clarification of this Court's discovery order with regard to observation or recording of the

government's anticipated neuropsychological evaluation of Mr. Fields, but he opposes the

government's position that such monitoring should not be permitted with regard to the testing

portion of that evaluation. Mr. Fields has sought an order permitting his counsel to observe his

evaluation or, in the alternative, requiring that his evaluation be videotaped or audiotaped in full

and a copy of such recording be provided to his counsel. See Petitioner's Response to

Government's Motion for Discovery (Doc. 43) at 12. Mr. Fields asks that this Court clarify its

discovery order by granting this request.

In moving for clarification, the government cites a factually inapposite decision from the

Eastern District of New York, United States v. Wilson, 2012 WL 6962982 (E.D. N.Y. June 22,

2012).[1] There the defendant requested an order allowing defense counsel to be present during his mental health evaluation to "protect his Fifth Amendment right to remain silent as to matters beyond the scope of the hearing, and to effectuate his Sixth Amendment rights" by "*advis[ing] him and [ ] interpos[ing] appropriate objections*." Id. at *14 (emphasis added). In the alternative, the defendant requested that defense counsel "be given a nearby venue in which to sit and monitor the proceedings, with an audio feed, *so that counsel has an opportunity to object* ...." Id. (emphasis added). The court denied the defendant's request.

The defendant's motion in Wilson was very different from Mr. Fields' request in this case. In Wilson, the defendant sought an order permitting defense counsel to be present at his evaluation or to monitor an audio feed of his evaluation *for the express purpose of lodging real-time objections*. In this case, in contrast, Mr. Fields does not seek permission for his counsel to interpose objections during the evaluation. He requests only permission to passively observe the evaluation (not necessarily in the same room as Mr. Fields and his evaluator) or, in the alternative, an order directing that the entire session be videotaped or audiotaped. Thus, unlike the motion in Wilson, Mr. Fields' request does not carry the potential for disrupting or interfering with the evaluation.

The government has informed Mr. Fields that, although its neuropsychological expert does not intend to record the testing portion of the evaluation, he does intend to record the interview portion, and the government has agreed to provide counsel with a copy of that recording. If the government's expert is permitted to bifurcate the examination into a recorded

---

[1]Mr. Fields notes that Wilson is not new law, but had been already decided when the government briefed this issue on August 13, 2012. See Reply to Opposition to Motion for Discovery (Doc. 48).

portion and an unrecorded portion, the salutary effect of recording will be lost, since Mr. Fields'

counsel will not know what questioning or other interactions may have taken place during the

unrecorded portion.

In objecting to recording the testing portion of Mr. Fields' evaluation, the government

apparently relies on a single limited-scope study published in 2002 that did not even consider

videotaping and that concluded further investigation was warranted.[2] See Motion for

Clarification Regarding Discovery at 2.  Moreover, Mr. Fields notes that, three years after this

study was published, the government's own neuropsychological expert, Dr. Price, audiotaped his

entire examination of Mr. Fields, and a copy of that recording was provided to trial counsel.  Tr.

7/21/05 at 3233.  Dr. Price never complained of any adverse impacts attributable to the

audiotaping process, and there is no reasonable concern that the government's current

neuropsychological expert will experience any such impacts if the testing portion of his

examination is similarly recorded – particularly since the expert already intends to introduce a

recording device into the evaluation room.

Because Wilson is inapposite, this Court should follow the authority previously cited by

Mr. Fields and grant his request.  See Nelson v. United States, 2010 WL 2010520, at *3 (W.D.

Mo. May 18, 2010) (allowing defendant's counsel to monitor government's mental health

examination of defendant by live audio or video feed arranged by correctional staff at F.C.C.

Terre Haute); Allen v. United States, No. 4:07-cv-00027-ERW (E.D. Mo. Oct. 5, 2011) (Parties'

---

[2]The government cites generally its Reply to Opposition to Motion for Discovery (Doc. 48) for its suggestion that "mechanical means" of monitoring may depress testing performance. The only relevant attachment to this document appears to be Exhibit B.  The other exhibits relate to observation by third parties.

Joint Stipulation Regarding Conduct of Mental Health Examination of Billie Allen providing that neuropsychological evaluation shall be videotaped and audiotaped and that counsel may be present outside evaluation room); United States v. Bourgeois, 2010 WL 2330375 (S.D. Tex. June 9, 2010 (denying government's motion for reconsideration of order requiring videotaping of mental health examinations by government experts). See also United States v. Hardy, 644 F. Supp. 2d 749, 750 (E.D. La. 2008) (ordering videotaping of both interview and examination of defendant by government's expert); United States v. Karake, 2006 WL 623676, at *2 (D.D.C. Mar. 6, 2006) (ordering government to provide defense with audiotape of all examinations conducted under Rule 12.2(c)(1)).

WHEREFORE, Mr. Fields requests that this Court clarify its discovery order by directing that his counsel shall be permitted to observe his evaluation by the government's neuropsychological expert or, in the alternative, that his evaluation shall be recorded in full and a copy of that recording provided to his counsel.

Respectfully submitted,

/s/ David Osborne
Cristi Charpentier
David Osborne
Renee Edelman
Capital Habeas Corpus Unit
Federal Community Defender Office
  for the Eastern District of Pennsylvania
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 928-0520
FAX: (215) 928-0826

Counsel for Petitioner Edward Fields, Jr.

**CERTIFICATE OF SERVICE**

I, David Osborne, hereby certify that on this 19th day of March, 2013, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ David Osborne
David Osborne