|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIV-10-115-RAW |
|  | : |  |
| Respondent, | : | CAPITAL 2255 PROCEEDINGS |
|  | : |  |
| -v- | : | HONORABLE RONALD A. WHITE |
|  | : |  |
| EDWARD LEON FIELDS, JR., | : |  |
|  | : |  |
| Petitioner. | : |  |
|  | : |  |
|  | : |  |

## PETITIONER'S RESPONSE TO GOVERNMENT'S
## MOTION TO UNSEAL FIREWALLED DOCUMENTS

Petitioner Edward Leon Fields, Jr. opposes the government's Motion to Unseal

Firewalled Documents (Doc. 54), except that, to the extent any expert reports may still be under

seal, Mr. Fields does not object to those documents being unsealed and provided to the

government. If this Court grants the government's motion, either all or in part, Mr. Fields

requests that the government be directed to provide his counsel with a copy of all documents

received from firewalled counsel.

Firewalled counsel was appointed by this Court in December 2004 pursuant to Rule 12.2

of the Federal Rules of Criminal Procedure. Under the Court's order, firewalled counsel was

authorized to broadly conduct mental health evaluations of Mr. Fields that could be used by the

government as rebuttal evidence in the event trial counsel placed his mental health at issue.[1]

---

[1]Mr. Fields notes that the examination procedures ordered by this Court were consistent
with Mr. Fields' pending request that his counsel be permitted to observe his anticipated
neuropsychological evaluation by a government expert or that the entire evaluation be recorded
in some manner. See Motion for Clarification Regarding Discovery Order (Doc. 53). In its
firewall order, this Court instructed, "In lieu of defense representation during government testing
and evaluation, the government expert(s) will audio-tape every session and will promptly deliver

Mr. Fields ultimately waived his right to a trial and pled guilty. At his sentencing hearing, he raised certain mental health defenses. Accordingly, the government used the experts who conducted Mr. Fields' Rule 12.2 examinations, including a psychologist, Dr. J. Randall Price, and a psychiatrist, Dr. Jeffrey Mitchell, to rebut those defenses. Mr. Fields' current counsel do not know to what extent the government may have received information relevant to these examinations in preparing for Mr. Fields' sentencing hearing, but assumes that at a minimum the government received copies of the reports of Dr. Price and Dr. Mitchell as well as copies of the reports of the defense's testifying experts.

In any event, this post-conviction proceeding is not a do-over of Mr. Fields' sentencing hearing. The primary issue before this Court is whether Mr. Fields' trial counsel were ineffective for, among other reasons, failing to present important mental health mitigation to his sentencing jury. Thus, the relevant question is not what information *firewalled counsel* had in his possession and provided to the *government's* mental health experts, but rather what information *trial counsel* had (or should have had) in their possession and provided to *the defense's* mental health experts. The effectiveness of firewalled counsel or any other government attorney is not at issue in this proceeding, and therefore it is immaterial what information they may or may not have turned over to the government experts who testified at Mr. Fields' sentencing hearing in 2005.

Nor does the government require the firewalled documents to conduct its anticipated evaluation of Mr. Fields. Although this Court's discovery order permits the government to

---

the tape(s) to defense counsel." Order Regarding Mental Health Examination and Evidence dated Dec. 20, 2004, ¶ 7.

conduct a neuropsychological evaluation for the purpose of potentially rebutting Mr. Fields'

specific claims related to cognitive impairment, the government has no authority to conduct a

broader mental health evaluation (for instance, a psychiatric examination).  <u>See</u> Order (Doc. 50).

Thus, the government cannot show good cause for seeking the entire contents of firewalled

counsel's file, which presumably includes many documents relevant to the government's

psychiatric evaluation of Mr. Fields.

Furthermore, as the government itself notes, Mr. Fields soon will be producing all non-

privileged documents that were in trial counsel's file and that are relevant to his claims in this

proceeding, including his mental health claims.  It is likely that these documents will include

many of the same documents in the possession of firewalled counsel.  In addition, the

government presumably already has much of the information in firewalled counsel's file because

that information was compiled by the government in its original investigation of this case.  This

information is more than adequate for the government to conduct the neuropsychological

evaluation authorized by the Court in this proceeding.

In the event this Court grants the government's motion, Mr. Fields requests that the

government provide his counsel with a copy of all documents received from firewalled counsel

pursuant to the Court's order.[2]

---

[2]Mr. Fields notes that firewalled counsel is Douglas Horn, who formerly was employed by the United States Attorney's Office for the Northern District of Oklahoma but currently is employed by the United States Attorney's Office for the Eastern District of Oklahoma, the office that originally tried Mr. Fields and is currently defending the government in this post-conviction matter.  Mr. Horn undoubtedly has faithfully complied with his obligations as firewalled counsel, but if this Court concludes that the firewalled documents should remain sealed, it may be appropriate to appoint new firewalled counsel.

WHEREFORE, Mr. Fields requests that this Court deny the government's motion to unseal the firewalled documents except with regard to any expert reports that may still be under seal. If the Court grants the government's motion, either all or in part, Mr. Fields requests that the government be ordered to provide his counsel with a copy of all documents received from firewalled counsel.

Respectfully submitted,

/s/ David Osborne

Cristi Charpentier
David Osborne
Renee Edelman
Capital Habeas Corpus Unit
Federal Community Defender Office
  for the Eastern District of Pennsylvania
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 928-0520
FAX: (215) 928-0826

Counsel for Petitioner Edward Fields, Jr.

**CERTIFICATE OF SERVICE**

I, David Osborne, hereby certify that on this 20th day of March, 2013, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ David Osborne
David Osborne