| | |
|---|---|
| EDWARD LEON FIELDS, JR., | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | )     **Case No. CV-10-00115-RAW** |
| | )     **Criminal Case No. CR-03-73-RAW** |
| UNITED STATES OF AMERICA | ) |
| | ) |
| *Respondent.* | ) |

## <u>REPLY TO OPPOSITION TO MOTION FOR CLARIFICATION</u>

**COMES NOW**, Respondent, United States of America, by and through undersigned counsel, and replies as follows to Petitioner Edward Leon Fields's Response to the Government's Motion for Clarification (Doc. 53):

## PROCEDURAL HISTORY

Under this Court's order (Doc. 32), the government moved for discovery, including leave to conduct neuropsychological testing. Doc. 39. In response, Fields agreed to the proposed testing but argued it should be recorded or monitored. Doc. 43. The government replied that the proposed monitoring procedures would undermine the validity of the testing. Doc. 48. This Court's discovery order (Doc. 50) did not address the monitoring dispute, and the government moved for clarification and now replies to Fields's opposition. *See* Docs. 53 & 55.

## THE COURT SHOULD NOT REQUIRE THE GOVERNMENT TO RECORD OR PERMIT MONITORING OF ITS MENTAL HEALTH TESTING

In opposing the request to clarify, Fields characterizes as inapposite, the case cited in the government's motion, *United States v. Wilson*, __ F.Supp.2d ___, 2012 WL 6962982, (E.D.N.Y. 2012). He also cites a handful of cases that permitted monitoring of mental health testing. Doc. 55. The government, however, maintains that monitoring of its neuropsychological testing is

1

neither prudent nor required.  *See* Doc. 48 & 53.  In fact, the basis of the government's concerns about monitoring were extensively documented in the exhibits to its initial opposition to recording and it declines to resubmit those documents here.  *See* Doc. 48 and attached exhibits.

In attempting to distinguish *Wilson*, Fields argues that the opinion primarily rejected a request by defense counsel to personally observe the government's mental health testing.  *See* 2012 WL 6962982 at *14.  Fields asserts that he seeks only electronic – not personal – monitoring of the government's testing and that his limited request subverts the applicability of *Wilson*.  But Fields ignores the fact that *Wilson* squarely rejected electronic monitoring:

> The court draws the same conclusions regarding the defense's alternative request that counsel be permitted to monitor the proceedings using an audio feed and to videotape the examinations. . . . These safeguards are unnecessary . . . and are disfavored by courts for the same reasons that attorney presence is disfavored. Indeed, "[m]ost courts analyze a request for recording in the same way that they evaluate a motion to permit the presence of an attorney" because, while "recording is less intrusive than permitting a third-party to be present, it would still impede one-on-one communication between the patient and the [examiner] and tend to undermine the [examiner's] evaluator technique."

*United States v. Wilson*, at *15.

Fields also cites a pair of cases in which courts permitted monitoring with government consent.  Doc. 55 at 3 (citing *Nelson v. United States*, 2010 WL 2010520, at *3 (W.D.Mo. May 18, 2010) and *Allen v. United States*, No. 4:07-cv-00027-ERW (E.D. Mo. Oct. 5, 2011)).  Another case cited by Fields ordered audiotaping of mental health testing without noting any objection by the government.  *Id*. (citing *United States v. Karake*, 2006 WL 623676, at *2 (D.D.C. Mar. 6, 2006)).  Fields also notes that an expert retained by the government at trial, Dr. J. Randall Price, recorded his examination of the defendant.[1]  *Id*.  None of the authority or

---

[1] Undersigned counsel cannot make a fully-informed response to the allegation about Dr. Price. Prior counsel apparently agreed to electronic monitoring of Dr. Price's evaluation before consulting with him, shifting responsibility for litigation of the issue to firewalled counsel.  *See*

anecdotal information is persuasive. In short, none of it demonstrates that electronic monitoring is the best practice in the face of documented concerns about its impact on testing reliability. The fact that other experts, and other attorneys, in other cases might have been unaware of those concerns does not eliminate or ameliorate them in this one.

However, two opinions cited by Fields do order monitoring of government mental health testing over objections citing concerns for testing reliability. Doc. 55 at 3 (citing *United States v. Bourgeois*, 2010 WL 2330375 (S.D. Tex. June 9, 2010); *United States v. Hardy*, 644 F. Supp. 2d 749, 750 (E.D. La. 2008)). The *Hardy* opinion orders electronic monitoring, but provides no explanation for the decision and therefore offers limited guidance. The *Bourgeois* court, however, explained that it would permit electronic monitoring because a correctional officer would observe "the examination through a window." In this case, however, the government's expert, Dr. Seward, has received assurances from the Bureau of Prisons, that no correctional officer would actively monitor the evaluation, though staff will have the capacity to see into the visitation area to maintain institutional security. Such conditions do not undermine the testing, according to Dr. Seward, who has previously performed an evaluation in the same facility under these circumstances. In any event, *Bourgeois's* rationale is flawed. The court essentially concludes that the presence of a human monitor obviates any concerns about an electronic one. As such, the court ignores the distinct possibility that electronic monitoring might exacerbate, rather than avoid, the problem of third-party intrusion on mental health testing.

---

Trl. Doc. 89 at ¶ 5. Current counsel lack access to any firewalled materials, and Fields has opposed dissolution of the wall. *See* Doc. 56.

**CONCLUSION**

Based on the foregoing reasoning and authority, the government urges this court to grant the motion for clarification and relieve Dr. Seward of any requirement to record his evaluation.

Dated: March 29, 2013

> Respectfully submitted,
>
> MARK F. GREEN
> United States Attorney
> Eastern District of Oklahoma
>
> /S/ Christopher J. Wilson
> CHRISTOPHER J. WILSON, OBA # 13801
> Assistant United States Attorney
> 1200 West Okmulgee
> Muskogee, OK 74401
> Telephone: (918) 684-5100
> FAX: (918) 684-5150
>
> /S/ Jeffrey B. Kahan
> JEFFREY B. KAHAN, PaBN #93199
> Trial Attorney, Capital Case Unit
> U.S. Dept. of Justice
> 1331 F Street, NW; Rm. 345
> Washington, DC 20530
> Telephone: (202) 305-8910
> FAX: (202) 353-9779

**CERTIFICATE OF SERVICE**

I, hereby certify that on March 29, 2013, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Osborne, Attorney for Petitioner
Renee Edelman, Attorney for Petitioner
Cristi Charpentier, Attorney for Petitioner

> /S/ Christopher J. Wilson
> United States Attorney's Office