**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

EDWARD LEON FIELDS, JR., )
)
*Petitioner*, )
)
v. ) Case No. CV-10-00115-RAW
) Criminal Case No. CR-03-73-RAW
UNITED STATES OF AMERICA )
)
*Respondent.* )


## REPLY TO OPPOSITION TO MOTION TO UNSEAL FIREWALLED DOCUMENTS

**COMES NOW**, Respondent, United States of America, by and through undersigned counsel, and replies to Petitioner Edward Leon Fields's Response to the Motion for an Order unsealing documents previously disclosed to "firewalled" counsel for the government.

## PROCEDURAL HISTORY

During the trial underlying this action, the Court ordered the defendant to provide mental health information to Douglas Horn, who was appointed as firewalled counsel for the government. On March 29, 2012, this Court permitted the parties to seek discovery about claims in Fields's Motion under 28 U.S.C. § 2255. Doc. 32. As part of that discovery, Fields has agreed to the government's request to conduct a neuropsychological evaluation of him. Docs. 39 & 43. To expedite the provision of needed mental health documents to its neuropsychological expert, the government moved to unseal the records possessed by firewalled counsel. Fields opposed this request, and this reply follows.

## THE COURT SHOULD UNSEAL MENTAL HEALTH RECORDS CURRENTLY IN THE CUSTODY OF FIREWALL COUNSEL

The Court should provide the government with access to the sealed mental health records in the custody of Mr. Horn, because Fields has raised the issue of his mental health in this

1

proceeding. Fields argues that the government is not entitled to the sealed documents because he has not challenged the performance of Mr. Horn. Additionally, he argues that the government does not need the sealed documents to facilitate a neuropsychological evaluation of Fields, because many of the records concern broad psychiatric issues, rather than the narrow issue of brain damage. Fields also states that dissolution of the firewall is unnecessary because he intends to produce, through discovery, non-privileged material that is currently the subject of the firewall. Doc. 56 at 2-3.

Fields's position is internally inconsistent. He cannot maintain the government is not entitled to documents he plans to disclose. If Fields believes that firewall counsel possesses specific documents that remain privileged despite the past and present litigation over his mental health, he should identify them and his rationale for maintaining their confidentiality. To the extent that Fields claims the government's neuropsychologist has no need of general psychiatric data, he cannot explain why his current expert relied on precisely such material. *See* Doc. 1 Appendix in Support of § 2255 Motion, Ex. 9 at 3-4 (noting Dr. Martell reviewed, inter alia, a mental health evaluation by Bradley Grinage, M.D., a neuropsychiatric evaluation by George Woods, M.D., a mental health evaluation by Jeff Mitchell, M.D., testimony by Grinage, Woods and Mitchell, treatment records of Chris Hardin, M.D., and Center for Psychiatry records). Fields has not identified any reason to believe that the firewall should be maintained as to any document in Mr. Horn's possession.

Instead, Fields confusingly suggests that the material possessed by Mr. Horn is relevant only to the performance of government lawyers,[1] rather than the competence of his trial counsel.

---

[1] In a parting fillip, Fields suggests the Court should replace Mr. Horn as firewalled counsel if it denies the motion to unseal the documents. Fields reasons that Mr. Horn was employed by another U.S. Attorney's Office when he was appointed in this case, but now works in the Eastern District of Oklahoma. The government recognizes that during capital trial proceedings,

Fields ignores the fact that he premised his claim of ineffective assistance of trial counsel on a retrospective neuropsychological evaluation that concludes he is brain damaged and that his prior attorneys failed to adequately investigate that fact. *See* Doc. 1 at 16-31. To rebut these allegations, the government seeks to establish that Fields is not presently brain damaged (and, by extension was not at any earlier time), or that any current brain damage was not detectable by trial counsel and their experts. In service of that goal, the government's neuropsychological expert requires Fields's medical, psychological and psychiatric records – just as Fields's expert did. Thus, Fields cannot maintain that this information – to the extent it is in the possession of Mr. Horn – is irrelevant to this proceeding.

Accordingly, the Court should lift the order sealing documents in the custody of firewalled counsel.

---

firewalled attorneys are sometimes appointed from outside offices. *See United States v. O'Reilly*, No. 05-80025, 2009 WL 3615019, *2 (E.D. Mich. Oct. 27, 2009). Here, however, there is no foreseeable call for Mr. Horn to perform any duty, apart from maintaining the security of the firewall. Because Mr. Horn is not litigating mental health issues in parallel with undersigned counsel, as would be the case during trial, there is no reason to suspect he will inadvertently disclose any confidential information.

**CONCLUSION**

The Court should dissolve the December 20, 2004 firewall order, to the extent it still exists.

Dated: April 3, 2013

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF SERVICE

I, hereby certify that on April 3, 2013, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Osborne, Attorney for Petitioner
Renee Edelman, Attorney for Petitioner
Cristi Charpentier, Attorney for Petitioner

/S/ Christopher J. Wilson
United States Attorney's Office