EDWARD LEON FIELDS,     )
                              )
             Petitioner,    )
                              )
vs.                            )     Case No. CIV-10-115-RAW
                              )
UNITED STATES OF AMERICA,     )
                              )
             Respondent.  )

## <u>OPINION AND ORDER</u>

This matter comes before the court on the Government's Motion for Clarification Regarding Discovery (Dkt. # 53) in which the government asserts the court should not require the government to record or permit monitoring of its mental health testing of the petitioner. On November 8, 2012, the court authorized the government to "perform a full-scope neuropsychological evaluation of the petitioner." Dkt. # 50. The petitioner requests this court allow his counsel to observe the evaluation or, in the alternative, require that the evaluation be videotaped or audiotaped in full. For the reasons stated herein, this court hereby denies counsel's request to observe the evaluation and declines to order that the evaluation be videotaped or audiotaped.

Rule 12.2 of the Federal Rules of Criminal Procedure generally governs a mental examination of a defendant who has given notice to present evidence of a mental condition. It gives the court authority in certain enumerated instances to order the defendant submit to a mental examination ". . . under procedures ordered by the court." Fed.R.Cr.P.

12.2(c)(1)(B). Nothing within this rule contemplates either that defense counsel will be allowed to attend the examination or that the examination must be recorded in some way. In a criminal proceeding, a defendant does not have a constitutional right to have counsel or another representative physically present during a mental evaluation. *Johnson v. United States*, Case No. C 09-3064-MWB, 2010 U.S. Dist. LEXIS 25347, at *42; *see also Pizzuto v. Hardison*, No. 05-CV-00516-S-BLW, 2010 WL 672754 (D. Idaho Feb. 20, 2010). Therefore, this court finds that such a right does not exist in this § 2255 proceeding. Furthermore, this court is persuaded by the studies attached to the government's earlier pleading (Dkt. # 48) indicating that the results could be affected by a third party observer. Petitioner will, however, be allowed reasonable access to his counsel before and after the evaluation session. *See, Estelle v. Smith*, 451 U.S. 454, 470, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) (a defendant in a capital case has a Sixth Amendment right to notice and to consult with counsel before, but not during, a psychiatric examination).

**Accordingly**, the government's motion for clarification regarding discovery (Dkt. # 53) is hereby **granted**.

**It is further ordered**:

(1) Reasonable advance notice shall be given to Petitioner Edward Leon Fields and his counsel of record of the date, time and place where the full-scope neuropsychological evaluation of the petitioner is to occur.

2

(2) Neither Petitioner's attorneys, Respondent's attorney, nor any other third party shall be permitted to attend the evaluation, nor shall any recording devices be permitted during the same. Petitioner shall be provided reasonable access to his attorneys before and after any evaluation session.

It is so ordered on this __15th__ day of April, 2013.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3