IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EDWARD LEON FIELDS, )
)
Petitioner, )
)
vs. ) Case No. CIV-10-115-RAW
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## OPINION AND ORDER

This matter comes before the court on the Government's Motion to Unseal Firewalled Documents (Dkt. # 54)* in which the government requests this court unseal all documents previously disclosed to "fire-walled" counsel for the government. The petitioner objects to the court unsealing the documents saying this proceeding is not a "do-over of Mr. Fields' sentencing hearing." *See*, Dkt. # 56, at p. 2. In their reply, the government claims its neuropsychological expert requires the information in firewalled counsel's possession to complete a full evaluation.

While the court agrees with petitioner's counsel that this proceeding is **not** a "do-over" of the sentencing proceedings herein, the documents were placed in the possession of "fire-walled" counsel under the provisions Fed.R.Cr.P. 12.2(b) which provides, in pertinent part, as follows:

---

*References to pleadings in this case are to "Dkt. # ___." References to pleadings in the underlying criminal case are to "Cr.Dkt. # ___."

**(b) Notice of Expert Evidence of a Mental Condition.** If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must . . . . . notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. . . . . .

**(c) Mental Examination.**
    **(1) Authority to Order an Examination; Procedures.**
        \* \* \* \* \*
        (B) . . . . . If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.
    **(2) Disclosing Results and Reports of Capital Sentencing Examination.** The results and reports of any examination conducted solely under Rule 12.2(c)(1) after notice under rule 12.2(b)(2) must be sealed and must not be disclosed to any attorney for the government or the defendant unless the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition.
    **(3) Disclosing Results and Reports of the Defendant's Expert Examination.** After disclosure under Rule 12.2(c)(2) of the results and reports of the government's examination, the defendant must disclose to the government the results and reports of any examination on mental condition conducted by the defendant's expert about which the defendant intends to introduce expert evidence.
    **(4) Inadmissibility of a Defendant's Statements.** No statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant:
        (A) has introduced . . . . . evidence requiring notice under Rule 12.2(a) or (b)(1), or

> (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2).
>
> \* \* \* \* \* \*
>
> **(e) Inadmissibility of Withdrawn Intention.** Evidence of an intention as to which notice was given under Rule 12.2(a) or (b), later withdrawn, is not, in any civil or criminal proceeding, admissible against the person who gave notice of the intention.

On November 1, 2004, the petitioner gave notice of his intent, pursuant to Fed.R.Cr.P. 12.2(b)(1)-(2), "to present expert testimony at trial relating to a mental condition, disease or defect bearing on either the issue of guilt or the issue of punishment." In that notice, Fields informed the court and opposing counsel that his experts included a neuropsychiatrist, a neuropsychologist and a pharmacologist. *See*, Cr.Dkt. # 85.

Thereafter, on December 20, 2004, the court entered an *agreed* order regarding mental health evidence and examination which created "fire-walled" counsel. Pursuant to said order, defense counsel was required "to inform the fire-walled AUSA of the nature of the examinations and the tests administered by the defense experts." Cr. Dkt. # 93, at p. 2. Thereafter, the government was authorized to have the defendant examined by a psychiatrist or other mental health professional to confirm or rebut mental health evidence presented by the defendant. The testing performed by the government's experts were only authorized to conduct tests of a similar nature to the tests performed by the defense's experts. After the testing was completed the fire-walled AUSA was required to read the reports prepared by the government's expert(s) before filing the report(s) with the court, and if the reports contained any exculpatory or mitigating information relevant to either the guilt or punishment phases,

the information had to be immediately disclosed to defense counsel and the trial AUSAs. Furthermore, the order provided that

> ..... the report(s) shall remained (sic) sealed with the Court and shall not be disclosed to the trial AUSAs, any other attorney for the government, or defense counsel, unless the defendant is found guilty of a capital crime and, through counsel, confirms his intent to offer expert evidence on mental health at the sentencing proceedings.

Cr.Dkt. # 93, at p. 4.

Thereafter, on January 10, 2005, defense counsel filed a "Withdrawal of Notice to Present Expert Evidence of Mental Condition Bearing on Guilt." Cr.Dkt. # 101. In said pleading, counsel indicated while she was withdrawing the notice of intent to present expert evidence of a mental condition bearing on guilt, "[t]he defendant maintains his intention to present expert evidence relating to punishment in this capital case." *Id.*

On June 30, 2005, the defendant/petitioner pled guilty, without the benefit of a plea agreement, to all six of the crimes charged in the Indictment. A jury trial as to the sentencing stage was commenced on July 13, 2005. During the presentation of evidence by the defendant, expert evidence regarding the defendant's mental conditions was introduced on behalf of the defendant. While the government apparently never asked this court to unseal the report(s) in the possession of the fire-walled AUSAs, once the defendant offered expert evidence in the sentencing proceedings regarding his mental health, the December 20, 2004 order authorized the material in the possession of the fire-walled AUSA to be unsealed.

4

Moreover, even if the earlier order had not contemplated the unsealing of the materials in the possession of the fire-walled AUSAs, once the petitioner raised the issue of ineffective assistance of counsel in relation to his mental health issues, he waived any privilege which may have existed to prevent the government in this proceeding from reviewing all material in the possession of the fire-walled AUSAs. The only way for this court to ascertain whether counsel's performance in relation to presentation of mitigating mental health evidence fell below an objective standard of reasonableness is to review exactly what counsel knew *or should have known* regarding the petitioner's mental health at the time of trial. Thus, a report prepared by a mental health professional who had examined the petitioner close in time to the actual trial will provide the court with much more relevant information regarding petitioner's claim that counsel was ineffective in failing to investigate his mental health than examinations conducted years after the trial. Therefore, this court finds the firewall should be dissolved and the fire-walled AUSA should provide a complete copy of the records maintained pursuant to the firewall to counsel for the petitioner and the government herein within ten (10) days of this order.

It is so ordered on this  15th  day of April, 2013.

Ronald A. White
United States District Judge
Eastern District of Oklahoma