**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EDWARD LEON FIELDS, JR., | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Case No. CV-10-00115-RAW |
| | ) | Criminal Case No. CR-03-73-RAW |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Respondent.* | ) | |

## MOTION FOR IN CAMERA REVIEW OF ALLEGEDLY PRIVILEGED DOCUMENTS

**COMES NOW**, Respondent, United States of America, by and through undersigned counsel, and, pursuant to Rule 6 of the Rules Following 28 U.S.C. § 2255, and Rule 26 of Rules of Civil Procedure, respectfully seeks in camera review of allegedly privileged documents. Based on the government's ongoing communications with counsel for Fields, it is aware that they object to this request.

### PROCEDURAL HISTORY

Fields was sentenced to death for two counts of first degree murder. He filed a § 2255 motion to vacate, set aside, or correct his sentence. Doc. 1. He later moved for discovery and an evidentiary hearing, which this Court denied. Docs. 4 & 11. Fields filed a renewed discovery motion, which the Court granted in part, directing trial counsel under Rule 7 of the Rules Following 28 U.S.C. § 2255 to submit their files for in camera review and the government's inspection. Docs. 21 & 25. The Court granted Fields's request for reconsideration of that order, but permitted both parties to seek discovery concerning the issue of ineffective assistance of counsel. Doc. 25.

1

The government sought production of trial counsel's file and argued that Fields should identify, in a log, any portions of that record he believed were protected by privilege despite his claim of ineffectiveness. Docs. 39 & 48. The Court agreed, urging

> the parties to proceed in as cooperative a manner as possible. The privilege log prepared by petitioner should be as thorough as possible, giving an informative description of each document withheld and an explanation of why an asserted privilege has not been waived. For the respondent's part, if a motion to compel is deemed necessary, it should be restricted to as few documents as possible and for which respondent can clearly articulate waiver under *Pinson* or some other basis for discovery. The court regrets the delay which this case has already occasioned, and full-scale "trench warfare" over the case files will not expedite matters.

Doc. 50 at 10. On April 23, 2013, Fields produced a privilege log (Ex. 1) along with a DVD-ROM that contained a portion of trial counsel's file.

The government concluded that the privilege log was inadequate and informed Fields that it intended to seek in camera review of all the documents for which the defense had summarily asserted privilege. Fields agreed to provide a more descriptive log, which he transmitted to the government on July 29, 2013. Ex. 2. Relying on the revision, the government agreed that several documents appeared inconsequential to the litigation and sent Fields an annotated list that identified material of continuing interest. Ex. 3 (highlighting in yellow those documents for which the government disputed claims of privilege). On October 17, 2013, Fields disclosed a portion of that material and transmitted a second-revised privilege log concerning the remainder of the unproduced documents. Ex. 4 (highlighting in boldface type those disputed documents for which Fields continues to assert privilege). The government now seeks in camera review of certain undisclosed documents.

**FIELDS SHOULD DISCLOSE DISPUTED RECORDS TO THE COURT FOR IN CAMERA REVIEW**

The government respectfully requests that this Court review in camera those documents, listed below, for which the prosecution disputes Fields's claim of privilege. The government further requests that the Court order production of any of the logged documents it finds are not protected by privilege.

A habeas petitioner who claims ineffective assistance of counsel impliedly waives attorney-client privilege with respect to communications necessary to prove or disprove his claim. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009); Doc. 32 at 2. A party resisting discovery based on a privilege bears the burden of establishing that it applies. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). When a party withholds documents based on a claim of privilege, the party must "expressly make the claim" and "describe the nature of the documents . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. Proc. 26(b)(5)(A). Thus, the log should contain information "sufficient to enable opposing parties and the court to determine whether each element of the asserted privilege is satisfied; a blanket claim of the asserted privilege does not satisfy the burden of proof." *Zander v. Craig Hosp.*, 743 F. Supp .2d 1225, 1232 (D. Colo. 2010) (citing *Hill v. McHenry*, 2002 WL 598331 at *2 (D. Kan. 2002)).

Generally, a privilege log is sufficient if "it identifies with particularity the documents withheld, including their date of creation, author, title or caption, addressee and each recipient, and general nature or purpose for creation. In addition, the particular privilege relied on must be specified." *Zander*, 743 F. Supp. 2d at 1232. "The law is well settled that failure to produce a

privilege log or production of an inadequate privilege log may be deemed waiver of the privilege." *Thelen Reid & Priest LLP v. Marland*, No. C 06-2071, 2007 WL 578989, at *9-10 (N.D. Cal. Feb. 21, 2007) (citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005)).

Discovery under the Federal Rules of Civil Procedure reflects a policy favoring full disclosure of facts to aid in the search for the truth. *Bethel v. United States,* 242 F.R.D. 580, 584 (D. Colo. 2007). Relevant discovery need not be admissible at trial, if it appears reasonably calculated to lead to the discovery of admissible evidence. *Centurion Industries, Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981). "Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Flour Mills of America, Inc. v. D .F. Pace*, 75 F.R.D. 676, 680 (10th Cir. 1977). Thus, admissibility at trial is not the test for discovery. *Centurion*, 665 F.2d at 326. Parties may obtain inadmissible information through discovery so long as it may assist in trial preparation. *Smith v. Schlesinger*, 513 F.2d 462, 473 (D.C.Cir.1975); *Pivitol Colorado II, LLC v. Triple M Beteiligungs-GMBH & Co KG*, No. CIV.A. 07-CV-01991-W, 2008 WL 349059, *3 (D. Colo. Feb. 6, 2008).

In this case, the Court ordered Fields to provide the government with a log, under Federal Rule of Civil Procedure 26, identifying documents it believed remained subject to attorney-client privilege. Doc. 50 at 10. The order required Fields to give "an informative description of each document withheld and an explanation of why an asserted privilege has not been waived." *Id*. Fields's logs, including his most recent revision, fall short of these requirements. The second-revised log simply asserts that every document in present dispute is irrelevant to the § 2255

litigation and protected by attorney-client privilege or work-product doctrine. The government can neither dispute nor rely upon the logs' vague and legally-questionable assertions of privilege and irrelevance.

As noted, irrelevance does not generally bar disclosure in discovery. Accordingly, the government has relied upon assertions of irrelevance only when Fields describes a document that appears unrelated to the issues at trial. As for the Fields's assertions of the work-product doctrine, a blanket claim is insufficient to establish it has not been waived. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). Furthermore, the protection is not absolute, and discovery may be permitted if the party seeking access establishes adequate reasons. *United States v. Nobles*, 422 U.S. 225, 239 (1975); *Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947). Whatever improvements Fields has made to his privilege log (*compare* Ex. 1 *with* Ex. 3), he has not provided an adequate basis for the government to conclude that his need to protect information under the work-product doctrine outweighs the government's need to rely upon it. He has likewise failed to explain why his waiver of attorney-client privilege under *Pinson* does not reach specific documents.

These reservations aside, the government is cognizant of the Court's admonition not to engage in "scorched-earth" litigation over documents it does not believe, in good faith, will advance this litigation. Toward that end, it has engaged in a productive dialogue that winnowed the documents in issue. However, the summary nature of Fields's privilege logs does not satisfy the government that Petitioner may not suppress pertinent documents that concern the tactics and thought processes of trial counsel. In particular, the government believes that correspondence between members of the defense team should be scrutinized for its amenability to a claim of privilege, especially given Fields's claims of dysfunction among his trial lawyers. See, e.g.,

Doc. 1 at 3-4. Likewise, the government believes that drafts and notes that potentially reflect on counsel's tactics and strategies are of critical importance in determining whether the attorneys' actions at trial amounted to ineffective assistance. *See generally* Doc. 16 at 12 (citing, inter alia, *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) and *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000)).

Accordingly, the government requests that the Court review in camera the documents set forth in boldface type in Fields's second-revised discovery log. Ex. 4. For the sake of clarity the government lists those documents here:

| Date | Description | Pgs | Summary |
|---|---|---|---|
| 7/25/03 | Draft pleading | 4 | Brief re: motion for hearing on competency |
| 7/30/03 | Fax from O'Connell to Gant | 2 | Fax cover sheet, transmission confirmation |
| 4/13/04 | Email from Gant to O'Connell | 2 | Timeline for capital cases |
| 4/14/04 | Email from Gant to O'Connell | 1 | Trial and motion scheduling |
| 4/14/04 | Email from Gant to O'Connell | 1 | Trial and motion scheduling |
| 5/24/04 | Email from Gant to O'Connell | 1 | Motion to vacate |
| 5/24/04 | Draft pleading | 10 | Motion to vacate |
| 5/24/04 | Email from Gant to O'Connell | 1 | NADCL workshop re: voir dire |
| 6/10/04 | Draft pleading | 6 | Response to answer to motion to vacate |
| 6/16/04 | Email from O'Connell to Shettles | 1 | Proceedings on motion to vacate |
| 6/16/04 | Email from O'Connell to Shettles | 1 | Proceedings on motion to vacate |
| 7/12/04 | Draft pleading | 5 | Response to motion for more definite Rule 12.2 notice |
| 8/26/04 | Email from Gant to O'Connell | 2 | Grand jury abuse |
| 8/26/04 | Email from Gant to O'Connell | 2 | Sample motions |
| 8/26/04 | Email from Gant to O'Connell | 2 | Facial constitutional challenge to death penalty |
| 8/26/04 | Email from Gant to O'Connell | 2 | Grand jury abuse |
| 8/26/04 | Email from Gant to O'Connell | 6 | Motion to dismiss death penalty |
| 8/26/04 | Email from Gant to O'Connell | 3 | Victim impact |
| 8/26/04 | Email from Gant to O'Connell | 2 | Victim impact |
| 9/1/04 | Draft pleading | 14 | Motion for second stage procedures |
| 9/1/04 | Draft pleading | 66 | Motion to dismiss death penalty |
| 9/1/04 | Draft pleading | 68 | Motion to strike death penalty |

| | | | |
|---|---|---|---|
| 9/1/04 | Draft pleading | 71 | Motion to strike death penalty |
| 9/1/04 | Draft pleading | 69 | Motion to strike death penalty |
| 9/1/04 | Draft pleading | 7 | Motion to strike non-statutory aggravators |
| 10/1/04 | Email from Gant to O'Connell | 3 | Capdefnet.org access |
| 10/29/04 | Email from Gant to Branham | 1 | Victim outreach |
| 12/4/04 | Draft pleading | 4 | Order re: mental health evidence |
| 12/9/04 | Email from Gant to Branham | 1 | Victim outreach |
| 12/13/04 | Memo from Branham to File | 1 | Victim outreach |
| 12/20/04 | Email from Gant to O'Connell | 1 | Victim outreach |
| 12/29/04 | Email from O'Connell to Shettles | 1 | Victim outreach |
| 12/29/04 | Email from Shettles to O'Connell | 1 | Victim outreach |
| 1/3/05 | Email from Gant to O'Connell | 1 | Jury questionnaires |
| 1/7/05 | Email from Gant to O'Connell | 1 | Government's motion to continue |
| 1/7/05 | Email from Gant to O'Connell | 1 | Government's motion to continue |
| 1/7/05 | Email from Gant to O'Connell | 3 | Jury questionnaires, time between indictment and trial in capital cases |
| 2/10/05 | Email from Gant to O'Connell | 1 | Jury questionnaire |
| 2/11/05 | Email from Gant to O'Connell | 1 | Jury questionnaire |
| 3/9/05 | Email from Gant to O'Connell | 3 | Death qualification of jurors |
| 3/11/05 | Email from Gant to O'Connell | 1 | Order re: jury selection procedures (unrelated case) |
| 3/31/05 | Draft pleading | 7 | Response to motion re: mental health evidence |
| 4/5/05 | Draft pleading | 2 | Trial brief |
| 4/21/05 | Draft pleading | 2 | Trial brief |
| 5/13/05 | Email from Tolliver to O'Connell | 1 | Government's proposed jury instructions |
| 5/13/05 | Calendar entry | 1 | Calendar entry re: due date for proposed jury instructions |
| 6/1/05 | Email from O'Connell to O'Connell | 1 | Scope of aggravation, use of hearsay, victim impact evidence |
| 6/2/05 | Email from O'Connell to Gant | 1 | Pre-trial hearing |
| 6/10/05 | Draft pleading | 8 | Supplemental trial brief |
| 6/14/05 | Email from Manning to O'Connell | 1 | Trial notebook preparations |
| 6/14/05 | Email from Manning to O'Connell | 1 | Trial notebook preparations |
| 6/16/05 | Email from Manning to O'Connell | 1 | Trial notebook preparations |
| 6/19/05 | Email from Bochnak to | 1 | Trial date and voir dire |

| | | | |
|---|---|---|---|
| | O'Connell | | |
| 6/19/05 | Email from O'Connell to Gant | 1 | Victim impact |
| 6/20/05 | Email from Manning to O'Connell | 1 | Trial notebook preparations |
| 6/22/05 | Email from Manning to O'Connell | 1 | Trial notebook preparations |
| 6/25/05 | Email from O'Connell to Gant | 1 | Contact email address |
| 7/11/05 | Email from Manning to O'Connell | 1 | Trial notebook preparations |
| 7/25/05 | Email from Shettles to Oswald | 1 | Post-trial follow up |
| 7/25/05 | Email from Otto to O'Connell | 1 | Victim outreach seminar |
| 7/25/05 | Email from Shettles to O'Connell | 1 | Jury verdict |
| 7/25/05 | Email from Shettles to O'Connell | 1 | Post-trial follow up |
| 7/25/05 | Handwritten note | 1 | Post-trial follow up |
| 7/25/05 | Email from Shettles to O'Connell | 1 | Jury verdict |
| 7/25/05 | Email from O'Connell to Shettles | 1 | Post-trial follow up |
| 7/26/05 | Email from Freedman to O'Connell | 1 | Post-trial follow up |
| 7/27/05 | Email from Manning to O'Connell | 1 | Trial notebook preparations |
| 7/27/05 | Email from Manning to O'Connell | 1 | Trial notebook preparations |
| 8/2/05 | Email from Shettles to O'Connell | 1 | Post-trial follow up |
| 9/7/05 | Email from Gant to O'Connell | 1 | Schedule/contact information |
| 9/7/05 | Email from O'Connell to Gant | 1 | Presentence report |
| 9/8/05 | Email from O'Connell to Gant | 1 | Request re: acceptance of responsibility |
| Undated | Handwritten notes | 156 | Case cites, future dangerousness, voir dire, victim impact, phone numbers, trial logistics, court conference, miscellaneous notes |
| Undated | Draft pleading | 8 | Portion of memo re: constitutionality of substantial premeditation aggravator |
| Undated | Draft instructions | 9 | Guilt phase jury instructions and notes |
| Undated | Draft pleading | 2 | Portion of pleading re: discovery |
| Undated | Typed note | 1 | Page from trial notebook index |
| Undated | Handwritten notes | 1 | Discovery |
| Undated | Typed note | 1 | Agent Dalley |

The government believes review of this limited portion of counsel's file will permit the parties to efficiently advance the litigation of this case, and requests that the Court order production of any documents that in concludes are not covered by privilege.

## CONCLUSION

Based on the foregoing reasoning and authority, the government urges this court to grant in camera review of the disputed documents identified in Fields's second-revised privilege log and order production of any unprivileged records.

Dated: November 7, 2013

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that on November 7, 2013, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Osborne, Attorney for Petitioner
Renee Edelman, Attorney for Petitioner
Cristi Charpentier, Attorney for Petitioner

/S/ Christopher J. Wilson
United States Attorney's Office