| | | |
|---|---|---|
| EDWARD LEON FIELDS, JR., | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Case No. CV-10-00115-RAW |
| | ) | Criminal Case No. CR-03-73-RAW |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Respondent.* | ) | |

## REPLY IN SUPPORT OF MOTION FOR IN CAMERA REVIEW OF ALLEGEDLY PRIVILEGED DOCUMENTS

**COMES NOW**, Respondent, United States of America, by and through undersigned counsel, and files this Reply in Support of its Motion seeking In Camera Review of Allegedly Privileged Documents (Doc 71), to which Fields has filed a written Opposition (Doc. 72).

In opposition to the government's motion seeking in camera review of a limited number of documents, Fields argues that the government bears the burden of demonstrating an exception to his claim of privilege. Further, he argues that the government must show the relevance of the specific documents to his claims, in the face of their asserted subject matter. Finally, he contends that the government's request for in camera review offends Supreme Court case law that discourages such proceedings. Doc. 72. Fields's arguments all fail, as he must shoulder the burden of demonstrating the applicability of privilege despite having impliedly waived it by accusing his trial attorneys of ineffectiveness. He has not done so, and the government has reasonably confined its request for in camera review to the documents most likely to reflect on trial counsel's strategies and thought processes.

Fields bears the burden of establishing that privilege bars discovery. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). As such, he cannot succeed in suggesting that the government must show the probity of documents it has not seen.

Fields also argues that documents at issue are irrelevant because they concern different aspects of the trial than those at issue in his § 2255 claims. His argument ignores the fact that "when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to *prove or disprove* his claim." *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (emphasis added). Under that language, a document that tends to disprove a claim finds no protection from disclosure, regardless of its subject matter. The documents identified by the government for in camera review appear pertinent to the claims of ineffectiveness because they likely reflect on the attorneys' thought processes and strategies, regardless of subject.

Sixth Amendment cases rise and fall on the reasonability of counsel's actions, and are judged against the context in which the lawyers acted. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (holding, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time"). For instance, attorneys have no burden to pursue every factual line of defense when they reasonably believe they will not advance their clients' interests by doing so. *Iaea v. Sunn*, 800 F.2d 861, 865 n.4 (9th Cir. 1986). Likewise, the reasonableness of counsel's actions may be determined or substantially influenced by the defendant's statements or actions. *Strickland*, 466 U.S. at 691; *Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir.2001).

This Court has already indicated its inclination to find Fields's wide-ranging attack on trial counsel's performance – especially those claims premised on a failure to investigate – imply a broad waiver of privilege. Doc. 50 at 9. As noted, the reasonability of counsel's performance is analyzed in light of the context in which the attorneys operated. *Strickland*, 466 U.S. at 689, 691. Thus, the government has focused its request for in camera review on documents that likely reflect on trial counsel's mindset: notes, correspondence and document drafts. *See* Doc. 71. Attorneys frequently state or imply their motives in notes, correspondence and drafts. Thus, the government has a reasonable good faith belief that the material in question may assist it in defeating Fields's claims of ineffectiveness. *See United States v. Zolin*, 491 U.S. 554, 572 (1989). Fields should not succeed by arguing without any factual support that documents (particularly notes and correspondence) that address a given subject do not reflect the context in which other decisions were made.

Fields fails in attempting to establish that the Supreme Court discourages in camera review of allegedly privileged documents. In support of that position, he quotes extensively from *United States v. Zolin*, noting cautionary language about the use of in camera review. *See* Doc. 72 at 7 (quoting 491 U.S. at 571). He fails to acknowledge that portion of *Zolin* he quotes responded to a suggestion that the law should always permit in camera review at the request of a party asserting the crime-fraud exception to attorney-client privilege, circumstances entirely distinguishable from these. 491 U.S. at 570. *Zolin* concluded review was available if the moving party makes a threshold showing: "a factual basis adequate to support a good faith belief by a reasonable person . . . that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Id.* at 572 (internal quotes omitted). While *Zolin* concerns the crime-fraud exception and appears inapplicable in this context, the

3

government has nonetheless shown a reasonable good-faith belief that the documents for which

it seeks review fall within the *Pinson* exception to attorney-client privilege.

## CONCLUSION

Based on the foregoing reasoning and authority, the government urges this court to grant

in camera review of the disputed documents identified in Fields's second-revised privilege log

and order production of any unprivileged records.

Dated: November 26, 2013

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779

**CERTIFICATE OF SERVICE**

I, hereby certify that on November 26, 2013, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Osborne, Attorney for Petitioner
Renee Edelman, Attorney for Petitioner
Cristi Charpentier, Attorney for Petitioner

/S/ Christopher J. Wilson
United States Attorney's Office