EDWARD LEON FIELDS, JR.,   )
          )
   Petitioner,    )
          )
v.           )   **Case No. CIV-10-115-RAW**
          )
UNITED STATES OF AMERICA,   )
          )
   Respondent.   )

## ORDER

Before the court is the respondent's motion for *in camera* review of allegedly privileged documents. In the motion, the respondent seeks review of 79 documents withheld by petitioner's counsel. It appears that the parties have complied with the court's request that discovery be conducted in a cooperative manner, but have been unable to resolve the dispute fully.

The governing legal principle is that "when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim." *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir.2009). Petitioner characterizes respondent's claim to the documents as "speculation," but of course such a taxonomy is both somewhat true and somewhat inevitable, inasmuch as respondent has not seen the documents.

Generally, once a prima facie showing of a privilege has been made, an opposing party can justify *in camera* inspection of the documents by advancing "a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection <u>may</u> reveal

evidence that information in the materials is not privileged." *In re Grand Jury Investigation,* 974 F.2d 1068, 1074 (9th Cir.1992)(emphasis added). *See also G.D. v. Monarch Plastic Surgery,* 239 F.R.D. 641, 650 (D.Kan.2007)(requiring a "cogent basis" to justify *in camera* review). "Federal courts maintain broad discretion in discovery matters, and the election to conduct an *in camera* review is well within the bounds of that discretion." *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.,* 233 F.R.D. 483, 486 (N.D.Miss.2006)(citation omitted).

Given the Tenth Circuit holding that attorney-client privilege is impliedly waived in a case like this, subject to a certain relevancy limitation, and the fact that petitioner has alleged in part what the respondent calls "dysfunction among his trial lawyers," (Motion at 5), it appears the documents should be examined. Under the present record, therefore, the court is persuaded its discretion is best exercised in conducting the *in camera* review. The court will seek to render its decision as to privilege expeditiously.

It is the order of the court that the respondent's motion (#71) is hereby GRANTED. The disputed documents listed in respondent's motion shall be submitted by petitioner to the court's chambers on or before January 6, 2014.

ORDERED THIS 23rd DAY OF DECEMBER, 2013.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

3