UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIV-10-115-RAW |
| | : | |
| Respondent, | : | CAPITAL 2255 PROCEEDINGS |
| | : | |
| -v- | : | HONORABLE RONALD A. WHITE |
| | : | |
| EDWARD LEON FIELDS, JR., | : | |
| | : | |
| Petitioner. | : | |
| | : | |

_____ :

**SUPPLEMENTAL JOINT STATUS REPORT**

Pursuant to the Court's Order of September 5, 2014 (Doc. 89) directing counsel to confer

and submit a Supplemental Joint Status Report, the parties state the following:

In his motion pursuant to 28 U.S.C. § 2255, petitioner seeks relief from his sentence of

death on nine grounds, six of which include allegations of ineffective assistance of counsel:

1.     The Eighth Amendment Was Violated When the Jury Failed to Find as
Mitigating Factors Any of the Uncontested Mental Health-Related
Mitigating Facts Presented to It.  The Sixth Amendment Was Violated When
Trial Counsel Rendered Ineffective Assistance in Investigating, Presenting and
Arguing Mitigating Mental Health Evidence, Including Counsels' Failure to
Argue the Uncontested Mitigating Facts as Constituting Mitigating Factors.

2.     The Eighth Amendment and International Law Precludes Mr. Fields'
Execution Because of His Deteriorating Mental Health.  Additionally, He is Not
Competent for Execution.

3.     Trial Counsel Were Ineffective for Failing to Investigate, Present and
Argue Evidence That Would Have Rebutted the Substantial Planning and Mental
Anguish Aggravating Factors, and The Government Presented False and
Misleading Testimony and Argument About the Substantial Planning
Aggravating Factor in Violation of Due Process.

4.     Trial Counsel Were Ineffective for Failing to Present Mr. Fields' Social
History Through the Testimony of a Mitigation Specialist or Mental Health

Expert and Arguing That Social History as a Mitigating Factor.

5.     Mr. Fields Was Denied His Right to Individualized Sentencing, Due Process, a Fair Trial and the Effective Assistance of Counsel Because the Government's Closing Was Rife with Improper Argument, Most of Which Was Not Objected to by Trial Counsel, and Appellate Counsel Failed to Raise this Issue on Direct Appeal.

6.     Trial Counsel Were Ineffective for Failing to Object to Instructions and a Verdict Form That Allowed the Jury to Approve a General Verdict of Death Based on the Combined Weighing of Aggravating Factors Applicable to Two Separate Murder Counts.

7.     The Government Withheld Exculpatory, Material Evidence from the Defense in Violation of Due Process, and Trial Counsel Were Ineffective for Failing to Investigate and Present Exculpatory Evidence.

8.     The Cumulative Impact of All These Errors Denied Mr. Fields Due Process and a Reliable Sentencing Hearing.

9.     The Manner of Mr. Fields' Execution, If Carried Out, Would Violate the Eighth Amendment.

Doc. 1.

Petitioner subsequently filed his Motion for Non-Dispositive Omnibus Relief, Doc. 4, which included, *inter alia*, a request for an evidentiary hearing and included a "non-exhaustive" list of twenty factual disputes that the Court should address after a hearing, including eleven specific allegations of ineffective assistance of counsel.  *Id.* at 13-16.  In an Order dated June 29, 2010, this Court denied the request for an evidentiary hearing as premature, explaining:  "After all briefing has been conducted in this matter and this Court has an opportunity to determine if any of the issues raised merit an evidentiary hearing, the Court will then decide what, if any, discovery should be allowed herein."  Doc. 11 at 4.

Following the filing of Petitioner's Memorandum of Law, Respondent's Answer, Doc. 16, and Petitioner's Reply, Doc. 20, Petitioner filed a Renewed Motion for Non-Dispositive

2

Omnibus Relief, again requesting an evidentiary hearing and including the non-exhaustive list of twenty factual disputes. Doc. 21. In the Renewed Motion, Petitioner also identified certain areas in which Respondent's Answer raised factual disputes and credibility issues with regard to Petitioner's claims, and argued that these disputes and issues must be resolved after an evidentiary hearing. Doc. 21 at 2-6. In an Order dated August 15, 2011, this Court stated that Petitioner's request for an evidentiary hearing was still under advisement. Doc. 25 at 5.

In an Order dated March 29, 2012, Doc. 32, this Court stated that it would "permit applications for discovery limited to the issue of ineffectiveness of counsel. As to that issue alone, the court is also persuaded at this time that an evidentiary hearing will be necessary. The court reserves the right to broaden the issues, if necessary, after a hearing on the ineffectiveness issue." Doc. 32 at 3. The Court's Order did not specify a particular ground or grounds for relief as enumerated in the Petition.

Following the parties' motions for discovery, Docs. 39 & 40, this Court ordered Petitioner to produce "trial counsel's complete case files relating to their representation of petitioner, with the exception of those documents for which a privilege is asserted." Doc. 50, at 11. This Court explained:

> The respondent argues that the petitioner's claim of ineffective assistance is itself so broad that "his waiver of privilege is likewise all-embracing. ..." (Motion at 3). The petitioner disagrees, stating that his claims of ineffective assistance are limited to the list of 11 discrete allegations on page 6 of his response (#43) to respondent's motion. The court finds itself more inclined to the respondent's view. Several of petitioner's claims are of the "failure to investigate" variety. In this context, the Supreme Court has noted that "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. . . In particular, what investigation decisions are reasonable depends critically on such information." *Strickland v. Washington*, 466 U.S. 668, 691 (1984).

Doc. 50 at 9. This Court also allowed the Respondent to conduct a full-scope neuropsychological evaluation of Petitioner, which the Respondent argued was necessary because Petitioner "has placed into controversy his mental health as diagnosed by ... neuropsychologists." Doc. 39 at 6 (citing Petition, Ground I.C.).

Following the expiration of time for discovery, the Court ordered the parties to propose briefing deadlines in a joint status report. Doc. 87. During telephonic consultation, the parties agreed that they lacked adequate information to suggest a meaningful briefing schedule. Specifically, the parties were – and are – uncertain which of Petitioner's separately-articulated claims of ineffective assistance of counsel are subject to further evidentiary development. Additionally, the parties were unsure of what type of briefing the Court would find helpful in anticipation of the ordered evidentiary hearing.

In view of counsels' uncertainty, the parties filed a joint status report requesting a status conference to identify the remaining issues in this matter. Doc. 88. This Court ordered the parties to confer and supplement their status report, indicating what issues remain and proposing an orderly process for their resolution.

To the extent the Court's earlier order to conduct neuropsychological testing indicated an open factual question about claim I,C of the § 2255 Motion, the parties agree the matter is ready for evidentiary presentation, subject to the schedules of the Court and counsel. To the extent that the Court is inclined to take evidence on issues in addition, or alternative, to number I,C, the parties request that the Court conduct a status conference or otherwise provide an opportunity for the parties to confer and propose a schedule for development of those issues. Should the Court order briefing on the scope of the issues to be presented at the hearing, the parties propose that

the government file its brief in the next three months, followed by Petitioner's response six

weeks later.

Respectfully submitted,

 /s/ Christopher J. Wilson                               /s/ Renee Hurtig Edelman
Christopher J. Wilson, OBA # 13801          Cristi Charpentier
Assistant United States Attorney               Renee Hurtig Edelman
520 Denison Avenue                                   Hunter Labovitz
Muskogee, OK 74401                               Capital Habeas Corpus Unit
Telephone: (918) 684-5100                        Federal Community Defender Office
FAX: (918) 684-5150                                 for the Eastern District of Pennsylvania
                                                               Suite 545 West, The Curtis Center
 /s/ Jeffrey B. Kahan                                601 Walnut Street
Jeffrey B. Kahan, Pa. No. 93199               Philadelphia, PA 19106
Trial Attorney, Capital Case Unit               Telephone: (215) 928-0520
U.S. Dept. of Justice                                 FAX: (215) 928-0826
1331 F Street, NW, Rm. 337
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

Counsel for Respondent United States of America   Counsel for Petitioner Edward Fields, Jr.

## CERTIFICATE OF SERVICE

I, Renee Hurtig Edelman, hereby certify that on this 23th day of September, 2014, the foregoing document was electronically filed and is available for viewing and downloading through the ECF system.

/s/ Renee Hurtig Edelman
Renee Hurtig Edelman