| | | |
|---|---|---|
| **EDWARD LEON FIELDS, JR.,** | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| **v.** | ) | **Case No. CV-10-00115-RAW** |
| | ) | **Criminal Case No. CR-03-73-RAW** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| *Respondent.* | ) | |

**MOTION FOR *IN CAMERA* REVIEW OF ALLEGEDLY**
**PRIVILEGED DOCUMENTS FROM FILES OF ISAIAH GANT**

**COMES NOW**, Respondent, United States of America, pursuant to Rule 6 of the Rules

Following 28 U.S.C. § 2255 and Rule 26 of Rules of Civil Procedure, moves this Court to

conduct *in camera* review of allegedly privileged documents.

On March 25, 2015, Fields's attorney, Hunter Labovitz, informed counsel for the

government by telephone that Petitioner maintains his assertion of privilege with regard to the

documents at issue but does not oppose the request for *in camera* review.

**PROCEDURAL HISTORY**

Fields, was sentenced to death for two counts of first degree murder, and sought relief

under 28 U.S.C. § 2255. Doc. 1. Most of Fields's § 2255 claims assert ineffective assistance of

trial counsel. *Id*. This Court has permitted the parties to seek discovery. Doc. 25. After the

initial discovery deadline expired, Fields determined that one of his trial attorneys, Isaiah Gant,

possessed files that remained undisclosed and moved, without objection, to extend the discovery

deadline. Doc 92. The court granted the motion (Doc. 93), and on March 16, 2015, Fields

disclosed four discs of material along with a privilege log listing eight groups of documents. Ex.

1. The government seeks *in camera* review of one group of documents, Isaiah Gant's contemporaneous trial notes.

**FIELDS SHOULD DISCLOSE COUNSEL'S TRIAL NOTES FOR *IN CAMERA REVIEW***

This Court should order Fields to disclose his counsel's contemporaneous trial notes for *in camera* review.

A habeas petitioner who claims ineffective assistance of counsel impliedly waives attorney-client privilege with respect to communications necessary to prove or disprove his claim. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009); Doc. 32 at 2. Claims regarding the effectiveness of criminal representation rise and fall on the reasonability of the attorneys' actions, evaluated against the context in which the lawyers acted. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (holding, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time"). For instance, attorneys have no burden to pursue every factual line of defense when they reasonably believe they will not advance their clients' interests by doing so. *Iaea v. Sunn*, 800 F.2d 861, 865 n.4 (9th Cir. 1986). Likewise, the reasonableness of counsel's actions may be determined or substantially influenced by the defendant's statements or actions. *Strickland*, 466 U.S. at 691; *Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001).

Discovery under the Federal Rules of Civil Procedure reflects a policy favoring full disclosure of facts to aid in the search for the truth. *Bethel v. United States,* 242 F.R.D. 580, 584 (D.Colo.2007). "Federal courts maintain broad discretion in discovery matters, and the election to conduct an *in camera* review is well within the bounds of that discretion." *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 486 (N.D. Miss. 2006) (citation

2

omitted).  Generally, once a prima facie showing of a privilege has been made, an opposing party can justify *in camera* inspection of the documents by advancing "a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir.1992) (emphasis added); *see also G.D. v. Monarch Plastic Surgery*, 239 F.R.D. 641, 650 (D.Kan.2007) (requiring a "cogent basis" to justify *in camera* review).

In this instance, the government requests *in camera* review only as to documents that likely reflect on trial counsel's mindset: notes made during the course of trial.  Fields does not oppose this request.  The government has a reasonable good faith belief that the material in question may assist it in defeating Fields's claims of ineffectiveness.  *See United States v. Zolin*, 491 U.S. 554, 572 (1989).  In particular, the notes could shed light on Fields's claims that his attorneys failed to present evidence and failed to interpose objections by providing a window into counsel's tactics and rationales.  *See* Doc. 1.

## CONCLUSION

Based on the foregoing reasoning and authority, the government urges this court to grant *in camera* review of the contemporaneous handwritten trial notes identified in Fields's privilege log.

Dated: March 26, 2015.

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Ave
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; Rm. 656
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF SERVICE

I, hereby certify that on March 26, 2015, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Hunter Labovitz, Attorney for Petitioner
Cristi Charpentier, Attorney for Petitioner
Katherine E. Ensler, Attorney for Petitioner

/s/ Christopher J. Wilson
United States Attorney's Office