|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. CIV-10-115-RAW |
| Respondent, | : | **CAPITAL 2255 PROCEEDINGS** |
| v. | : | HON. RONALD A. WHITE |
| EDWARD LEON FIELDS, JR., | : |  |
| Petitioner. | : |  |

**MOTION FOR LEAVE TO AMEND § 2255 MOTION UNDER FED. R. CIV. P. 15
TO PROVIDE ADDITIONAL FACTUAL SUPPORT TO CLAIMS ALREADY PLED**

Pursuant to Fed. R. Civ. P. 15, Petitioner moves for leave to amend Ground One of his

motion pursuant to 28 U.S.C. § 2255 [Docket No. 1] and the appendix submitted in support

thereof [Docket No. 2] to include the five (5) declarations attached to this motion. Respondent

opposes this motion as belated. In support of this motion, Petitioner states as follows:

1. On April 5, 2010, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to

vacate, set aside, or correct his sentence, which is currently pending before this Court. [Docket

No. 1].

2. On January 28, 2015, upon Petitioner's unopposed motion [Docket No. 92], the

Court vacated the briefing schedule and extended the discovery deadline in light of trial counsel

Isaiah "Skip" Gant informing undersigned counsel of the existence of trial files and notes that

were not previously disclosed to undersigned counsel (hereinafter "Gant documents") [Docket

No. 93].

3. Based upon information discovered in the Gant documents, undersigned counsel

conducted further investigation, which resulted in the production of the five (5) declarations

submitted with this motion. Following the conclusion of discovery related to the Gant documents, this Court entered an order on August 18, 2015, setting a briefing schedule for dispositive motions. [Docket No. 101]. Pursuant to this order, Respondent is scheduled to file its dispositive motion by October 16, 2015, with Petitioner's response due December 16, 2015, and Respondent's reply due by January 15, 2016.

4. Under Fed. R. Civ. P. 15, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, Rule 15(c)(1)(B) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." In considering the effect of Rule 15(c) on a § 2255 motion to vacate, the Tenth Circuit has held "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *United States v. Espinoza–Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (citing *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)) (internal quotations omitted); *see also Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.").

5. In light of Rule 15 and controlling precedent, amendment should be permitted here for the following three reasons. First, Petitioner does not seek to add any new claims or theories to his § 2255 motion; rather, each of the five (5) declarations submitted with this motion relates back to a common core of operative facts and claims already identified and pled in

2

Petitioner's § 2255 motion, specifically to Ground One, subpart C ("Trial counsel were ineffective for failing to Investigate and Present Evidence of Mr. Fields' Organic Brain Damage."), ¶¶ 22-52, particularly ¶¶ 23, 28-30, 36-37, 48-50; and Ground One, subpart E ("Trial counsel were ineffective for eliciting damaging testimony during the cross-examination of Dr. Price."), ¶¶ 69-80, particularly ¶¶ 74-77. Petitioner submits the following attached declarations that stem directly from investigation into the Gant documents:

| Attachment | Content |
|---|---|
| 1 | Isaiah "Skip" Gant declaration |
| 2 | Steven Nolder declaration |
| 3 | Dr. Michael Gelbort declaration and curriculum vitae[1] |
| 4 | Dr. Alan Kaufman declaration and curriculum vitae |
| 5 | Dr. Clark Clipson declaration and curriculum vitae |

6.      Further, this amendment should be permitted because the declarations flow directly from information undersigned counsel uncovered during a discovery process that the Court authorized. *See, e.g.*, *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012) (unpublished) (remanding to district court to "reconsider [petitioner's] motion to supplement or amend the § 2255 motion in light of the fruit of the discovery permitted"). Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, discovery is permitted upon a showing of good cause, which is established "'where specific allegations . . . show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate'" entitlement to relief. *Bracy v. Gramley*, 520 U.S. 899, 908–09, (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Because the Court permitted discovery of the Gant documents, it is only logical to

---

[1] A report Dr. Gelbort prepared at the time of Mr. Fields's trial was previously filed as Appendix Exhibit 6 to the § 2255 motion [Docket No.2-7].

allow Petitioner to amend his § 2255 motion to include additional "specific allegations" stemming directly from the discovery that further demonstrate his entitlement to relief.

7. Second, the proposed amendment is relevant to the determination of whether Petitioner is entitled to an evidentiary hearing on Ground One, providing further support of the existence of factual disputes and narrowing the issues in dispute.

8. Third, the government will suffer no prejudice because these declarations provide only greater support for the facts pled in Ground One, subparts C and E, which the government has had notice of since Petitioner's original § 2255 filing. *See, e.g,, Friedl v. City of New York*, 210 F.3d 79, 88 (2d Cir. 2000) ("[T]here has been no showing of either undue delay, given that the amendment was proposed only after discovery revealed additional relevant facts, or prejudice to the [non-moving party], given the minimal extent of the proposed changes.").

9. Therefore, this motion is timely and in the interest of justice. *See Mayle*, 545 U.S. at 664; *Espinoza–Saenz*, 235 F.3d at 505.

WHEREFORE, Petitioner seeks leave from this Court to amend Ground One of his § 2255 motion to include the five (5) declarations attached to this motion.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Hunter Labovitz  
Hunter Labovitz  
Cristi Charpentier  
Katherine Ensler  
Capital Habeas Corpus Unit  
Federal Community Defender Office  
 for the Eastern District of Pennsylvania  
Suite 545 West, The Curtis Center  
601 Walnut Street  
Philadelphia, PA 19106  
Telephone: (215) 928-0520

</div>

Dated: October 2, 2015  
    Philadelphia, PA

**CERTIFICATE OF SERVICE**

I, Hunter Labovitz, hereby certify that on this 2nd day of October, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the Court's electronic case filing system. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Christopher J. Wilson, Attorney for Respondent

Jeffrey B. Kahan, Attorney for Respondent

/s/ Hunter Labovitz
Hunter Labovitz