## BEFORE THE BOARD OF MEDICAL EXAMINERS
## STATE OF IOWA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### IN THE MATTER OF THE COMPLAINT AND STATEMENT OF CHARGES AGAINST

### LAWRENCE H. TROMBKA, M.D., RESPONDENT

### PO-91-546

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### TERMINATION ORDER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW ON _____ *August 21* _____, 19 **97** BE IT REMEMBERED:

1.      That on November 19, 1992, an Order was issued by the Iowa Board of Medical Examiners, placing the license to practice medicine and surgery, number 25750 issued to Lawrence H. Trombka, M.D. (the Respondent), on October 10,1986, on probation under certain terms and conditions; and,

2.      That the Respondent has successfully completed probation as directed; and,

3.      That the Board having directed that the probation placed upon the Respondent's license to practice  medicine and surgery should be terminated.

IT IS HEREBY ORDERED:

That the probation placed upon the Respondent's license to practice medicine and surgery is terminated, and the license is returned to its full privileges free and clear of all restrictions.

*Teresa A. Mock M.D.*

Teresa A. Mock, M.D., Chairperson
IOWA STATE BOARD OF MEDICAL EXAMINERS
1209 East Court Avenue
Des Moines, Iowa  50319-0180

BEFORE THE BOARD OF MEDICAL EXAMINERS

OF THE STATE OF IOWA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE MATTER OF THE COMPLAINT          :

AND STATEMENT OF CHARGES AGAINST    :                    ORDER

LAWRENCE H. TROMBKA, M.D.                  :                02-91-546

RESPONDENT                                             :

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NOW ON ___*November 19, 1992*___, BE IT REMEMBERED:

1.   That Lawrence H. Trombka, M.D. (hereafter the Respondent), was issued a license to practice medicine and surgery in the state of Iowa, on October 10, 1986, as evidenced by certificate number 25750, which is recorded in the permanent records in the office of the Iowa State Board of Medical Examiners (hereafter the Board).

2.   That a Complaint and Statement of Charges was filed against the Respondent, on July 16, 1992, and a hearing was held on the said Complaint and Statement of Charges before a three member panel of the Board on September 16, 1992.

3.   That a Proposed Decision of the Panel was issued on October 7, 1992. The said Proposed Decision of the Panel was accepted without appeal by the Board on October 8, 1992.

4.   That on October 16, 1992, a copy of the said Proposed Decision of the Panel was served on the Respondent via U.S. 1st Class Restricted Certified mail, return receipt requested.

5.   That pursuant to Rule 653-12.50(29) of the Iowa Administrative Code, thirty (30) days having passed and no appeal of the said

1

Proposed Decision of the Panel having been filed by the Respondent or any other party to proceeding, the said Proposed Decision of the Panel became a final order of the Board.

6. That pursuant to Sections 148.6(1) and 148.7(7) of the 1991 Code of Iowa as amended the undersigned is authorized to enter an Order herein.

**THEREFORE IT IS ORDERED** that Iowa medical license number 25750 issued to the Respondent is placed on probation to run concurrently with the probation of his medical license in Oklahoma, subject to the following terms and conditions:

A. The Respondent shall comply with all of the terms of his Oklahoma probation. A violation of the terms of his Oklahoma probation will be considered a violation of the probation in Iowa.

B. The Respondent shall immediately notify the Board if any licensing board institutes disciplinary action against him.

C. The Respondent shall notify the Board if he moves to Iowa with the intent to practice here. This notification shall occur prior to the commencement of a medical practice in Iowa.

D. The Respondent shall appear before the Board or file a written report upon request of the Board.

E. The Respondent shall obey all federal, state and local laws and all rules governing the practice of medicine.

F. In the event the Respondent violates or fails to comply with any of the terms or provision of this Order, the Board may initiate appropriate action to revoke or suspend the Respondent's license or to impose other licensee discipline as authorized in Iowa Code sections 258A.3(2) and 148.6(1) and 653 IAC 12.2.

2

G.     Upon full compliance with the terms and conditions set forth in this Order and upon expiration of the period of probation imposed by the Oklahoma licensing authority, Respondent's license shall be restored to its full privileges free and clear of the terms of probation.

_____

C. L. Peterson, D.O., Chairperson
IOWA STATE BOARD OF MEDICAL EXAMINERS
1209 East Court Avenue
Des Moines, IA   50319-0180

3

BEFORE THE IOWA BOARD OF MEDICAL EXAMINERS

IN THE MATTER OF THE          )
COMPLAINT AND STATEMENT        )          DIA NO. 92DPHMB-31
OF CHARGES AGAINST             )          02-91-546
                               )
LAWRENCE H. TROMBKA, M.D.,      )
                               )          PROPOSED DECISION
          Respondent           )          OF THE PANEL

TO:  LAWRENCE H. TROMBKA, M.D.

On July 16, 1992, a Complaint and Statement of Charges was filed against Lawrence H. Trombka, M.D. (Respondent) by the Iowa Board of Medical Examiners (Board) which charged him with violating Iowa Code sections 148.6(1), 148.6(1)(b) and 148.6(1)(d) (1991) by his conviction of a felony criminal charge of Medicaid fraud and the subsequent suspension of his Oklahoma medical license.

The hearing was held before a panel of the Board on September 16, 1992, at 1:30 p.m. in the conference room, Iowa Board of Medical Examiners, 1209 East Court Avenue, Des Moines, Iowa. The Board panel included Edra Broich, James M. Caterine, M.D.; and Charlotte Cleavenger, D.O. The Respondent appeared in person and was not represented by counsel. The State was represented by Theresa Weeg, Assistant Attorney General. The hearing was recorded by a certified court reporter. The hearing was closed to the public at the written request of the Respondent, pursuant to Iowa Code section 258A.6(1). Margaret LaMarche, Administrative Law Judge from the Department of Inspections and Appeals, presided and was instructed to prepare this proposed decision.

### THE RECORD

The record includes the Complaint and Statement of Charges, Original Notice, Order for Hearing, the testimony of the witnesses, and the following exhibits:

State's Exhibit 1:   Investigative Report, dated June 29, 1992

State's Exhibit 1A:  National Practitioner Data Bank, Adverse Action Report

State's Exhibit 1B:  Letter dated January 2, 1992 (Nichols to Smith)

State's Exhibit 1C:  Certified Copy - Oklahoma State Board of Medical Licensure Disciplinary Records

State's Exhibit 1D:  Letter dated January 30, 1992 (Carr to Trombka)

DIA No. 92DPHMB-31
Page 2

State's Exhibit 1E: Letter dated January 30, 1992 (Carr to Clerk of District Court)

State's Exhibit 1F: Letter dated February 11, 1992 (Trombka to Carr)

State's Exhibit 1G: Certified Copies of File CF-91-3982, Oklahoma County District Court

State's Exhibit 2: Letter dated August 14, 1992 (Trombka to Carr)

State's Exhibit 3: Letter dated September 10, 1992 (Sosbee to Carr)

State's Exhibit 4: Order Modifying Suspension, Case No. 91-08-1208.

## FINDINGS OF FACT

1.   The Respondent is a resident of Oklahoma and was issued license number 25750 to practice medicine and surgery in the State of Iowa on October 10, 1986, which is current until January 1, 1994.  (official file)

2.   On August 2, 1991, the Respondent entered a plea of guilty to a felony charge of Medicaid fraud in Oklahoma County District Court, Oklahoma City, Oklahoma.  Respondent received a three-year suspended sentence and was ordered to pay a $15,000.00 fine, $10,000.00 reimbursement to the Victims Compensation Fund, and $75,000.00 restitution.  (testimony of Dennis Carr, Respondent; State's Exhibits 1E, 1G)

3.   On November 8, 1991, the Oklahoma State Board of Medical Licensure and Supervision found that Respondent had perpetuated significant harm to public health, safety, and welfare by making false claims upon the Oklahoma Medicaid program which caused the Medicaid program to pay him at least $75,000.00 more than he was entitled to receive for professional services.  (testimony of Dennis Carr; State's Exhibit 1B, 1C)

4.   The Oklahoma medical licensing authority ordered the Respondent's Oklahoma medical license suspended for six months, effective November 4, 1991, followed by five years probation, subject to certain terms and conditions.  (testimony of Respondent, Dennis Carr; State's Exhibit 1C)

5.   On March 5, 1992, the Oklahoma medical licensing authority modified the suspension of Respondent's license to allow him to practice medicine at the Muskogee Regional Medical Center in Muskogee, Oklahoma until May 4, 1992, without receiving any

DIA No. 92DPHMB-31
Page 3

remuneration or payment for his services.  (testimony of Respondent; State's Exhibit 4)


6.   On May 3, 1992, Respondent's Oklahoma medical license was fully restored, subject to the terms of his five-year probation. The Respondent remains in compliance with the terms of his Oklahoma probation.  (Exhibit 3)

7.   The Respondent accepts full responsibility for his crime and expressed remorse for his actions.  As a result of his conviction he was excluded from participating in the Medicare and Medicaid programs for ten years, but this exclusion has now been reduced to five years.  The Respondent enjoys rural practice and the midwest, and would like to maintain his Iowa license for possible practice in Iowa in the future.  (testimony of Respondent)

## CONCLUSIONS OF LAW

1.   Iowa Code section 148.6(1)(b) and (d) provides in relevant part:

> 1.   The medical examiners, after due notice and hearing in accordance with chapter 17A, may issue an order to discipline a licensee for any of the grounds set forth in section 147.55, chapter 258A or this subsection. Notwithstanding section 258A.3, licensee discipline may include a civil penalty not to exceed ten thousand dollars.
> Pursuant to this section, the board of medical examiners may discipline a licensee who is guilty of any of the following acts or offenses:
> •  •  •
> b.   Being convicted of a felony in the courts of this state or another state, territory, or country . . .  A certified copy of the final order or judgment of conviction or plea of guilty in this state or in another state shall be conclusive evidence.
> •  •  •
> c.   Having the license to practice medicine and surgery, osteopathic medicine and surgery or osteopathy revoked or suspended, or having other disciplinary action taken by a licensing authority of another state, territory, or country.  A certified copy of the record or order of suspension, revocation, or disciplinary action is conclusive or prima facie evidence.

2.   The record includes a certified copy of Respondent's conviction of Medicaid fraud, a felony, in Oklahoma County District Court.  The Respondent has violated Iowa Code section 148.6(1)(b) and its corresponding administrative code provision, 653 IAC

DIA No. 92DPHMB-31
Page 4

12.4(5).   This felony is directly related to the Respondent's practice of medicine.

3.   The record includes a certified copy of the disciplinary action taken by the Oklahoma medical licensing authority against the Respondent.   The Respondent has violated Iowa Code section 148.6(1)(d) (1991).

## DECISION AND ORDER

The Respondent's actions which led to this felony conviction and suspension of his Oklahoma license were grievous.   However, the Oklahoma County District Court and the Oklahoma medical licensing authority appear to have addressed the severity of this offense in their punishment and discipline of the Respondent.   The panel is satisfied that the Respondent is remorseful and his fraudulent billing will not be repeated.

It is hereby ORDERED, that if this proposed decision becomes a final order, the Respondent's license number 25750 shall be placed on probation, to run concurrently with the probation of his medical license in Oklahoma, subject to the following terms and conditions:

A.   The Respondent shall comply with all of the terms of his Oklahoma probation.   A violation of the terms of his Oklahoma probation will be considered a violation of the probation in Iowa.

B.   The Respondent shall immediately notify the Board if any licensing board institutes disciplinary action against him.

C.   The Respondent shall notify the Board if he moves to Iowa with the intent to practice here.   This notification shall occur prior to the commencement of a medical practice in Iowa.

D.   The Respondent shall appear before the Board or file a written report upon request of the Board.

E.   The Respondent shall obey all federal, state and local laws and all rules governing the practice of medicine.

F.   In the event the Respondent violates or fails to comply with any of the terms or provisions of this Order, the Board may initiate appropriate action to revoke or suspend the Respondent's license or to impose other licensee discipline as authorized in Iowa Code sections 258A.3(2) and 148.6(1) and 653 IAC 12.2.

G.   Upon full compliance with the terms and conditions set forth in this order and upon expiration of the period of

DIA No. 92DPHMB-31
Page 5

probation imposed by the Oklahoma licensing authority, Respondent's license shall be restored to its full privileges free and clear of the terms of probation.

In accordance with 653 IAC 12.50(29), a proposed decision becomes a final decision unless appealed to the Board by a party adversely affected by serving notice of appeal on the executive director within thirty (30) days after service of the proposed decision. The Board may also review a proposed decision on its own motion.

Dated this 7TH day of October , 1992

THE PANEL:

_Edra Broich_
Edra Broich

_James Caterine M.D._
James Caterine, M.D.

_Charlotte A. Cleavenger, D.O._
Charlotte Cleavenger, D.O.

Copies to:

Theresa Weeg
Lawrence Trombka, M.D.

# BEFORE THE BOARD OF MEDICAL EXAMINERS

## OF THE STATE OF IOWA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE MATTER OF THE COMPLAINT    :

AND STATEMENT OF CHARGES AGAINST :    COMPLAINT AND STATEMENT

LAWRENCE H. TROMBKA, M.D.    :    OF CHARGES

RESPONDENT    02-91-546

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW William S. Vanderpool, Executive Director of the Iowa State Board of Medical Examiners (hereafter the Board), on _July 16,_ _____, 1992, and at the direction of the Board, files this Complaint and Statement of Charges against Lawrence H. Trombka, M.D., (hereafter the Respondent), a physician licensed pursuant to Chapter 147, Code of Iowa and alleges:

1. That Edra Broich; James M. Caterine, M.D.; Charlotte Cleavenger, D.O.; Mary C. Hodges; James D. Collins, Jr., M.D.; John W. Olds, M.D.; C. L. Peterson, D.O.; George G. Spellman, Sr., M.D.; Laura J. Stensrud; and Johanna B. Whalen, M.D., are the duly appointed and qualified members of the Board.

2. That the Respondent is a resident of Oklahoma and was issued license number 25750 to practice medicine and surgery in the State of Iowa on October 10, 1986, as recorded in the permanent records in the office of the Board.

3. That the Respondent's Iowa medical license is current until January 1, 1994.

1

4.    That on or about August 2, 1991, the Respondent entered a plea of guilty to a felony criminal charge of Medicaid fraud. The guilty plea was entered in Oklahoma County District Court, Oklahoma City, Oklahoma. On the same date, based upon the guilty plea, the Respondent was sentenced to a three year suspended term of incarceration. In addition, the Respondent was sentenced to pay a fine of $15,000, a victim compensation assessment of $10,000, restitution of $75,000 and court costs.

5.    That on or about November 8, 1991, the Oklahoma medical licensing authority ordered the Respondent's Oklahoma medical license suspended for six months, effective November 4, 1991, followed by five years probation to begin on the date of the reinstatement of the license.

6.    That the Board is authorized to take disciplinary action against the Respondent pursuant to the provisions of sections 148.6(1), 148.6(1)(b) and 148.6(1)(d) of the 1991 Code of Iowa, which state in whole or in part:

148.6(1)    -    "The medical examiners, after due notice and hearing in accordance with Chapter 17A, may issue an order to discipline a licensee for any of the grounds set forth in section 147.55, Chapter 258A, or this subsection...

"Pursuant to this section, the board may discipline a licensee who is guilty of any of the following acts or offenses:"

148.6(1)(b)    -    "Being convicted of a felony in the courts of...another state..."

2

148.6(1)(d)    -    "Having the license to practice medicine and surgery suspended by a licensing authority of another state..."

7. That the Board is authorized to take disciplinary action against the Respondent pursuant to the provisions of 653 I.A.C 12.4, 12.4(5), and 12.4(28) which state in whole or in part:

12.4    -    "Grounds for discipline. The Board may impose any of the disciplinary sanctions set forth in rule 12.2, including civil penalties in an amount not to exceed $10,000, when the board determines that the licensee is guilty of any of the following acts or offenses:"

12.4(5)    -    "Conviction of a felony related to the profession...of the licensee..."

12.4(28)    -    "Violating any of the grounds for revocation or suspension of a license listed in Iowa Code sections ...148.6"

8. That paragraphs 6 and 7 constitute grounds for the Board to revoke, suspend or otherwise discipline the license to practice medicine and surgery issued to the Respondent on October 10, 1986.

WHEREFORE the undersigned charges that the Respondent, is subject to disciplinary action pursuant to the provisions of sections 148.6(1), 148.6(1)(b) and 148.6(1)(d) of the 1991 Code of Iowa and 653 I.A.C. 12.4, 12.4(5) and 12.4(28). The undersigned prays that the Board enter an order fixing a time and place of hearing for the Complaint and Statement of Charges. The undersigned further prays that upon final hearing, the Board

3

enter its findings of fact and decision to revoke, suspend or otherwise discipline the license to practice medicine and surgery issued to the Respondent on October 10, 1986, and for such other relief as the Board deems just in the premises.

IOWA STATE BOARD OF MEDICAL EXAMINERS

William S. Vanderpool
Executive Director
Executive Hills West
1209 East Court Avenue
Des Moines, IA    50319
Telephone:    (515) 281-5171

4