|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. CIV-10-115-RAW |
|  | : |  |
| Respondent, | : | **CAPITAL 2255 PROCEEDINGS** |
|  | : |  |
| v. | : | HON. RONALD A. WHITE |
|  | : |  |
| EDWARD LEON FIELDS, JR., | : |  |
|  | : |  |
| Petitioner. | : |  |
|  | : |  |

**PETITIONER'S *EX PARTE* MOTION TO UNSEAL
TRIAL DOCS. 52 & 65 (DKT. NO. 03-CR-73)**

Petitioner, Edward Leon Fields, through undersigned counsel, hereby moves to unseal

two previously sealed documents on his trial docket (Dkt No. 03-CR-73) and in support, states as

follows:

1.      Document 52 is Defendant's sealed *Ex Parte* Supplement to Motion for Extension

of Time, dated August 27, 2004.  Likewise, Document 65 is Defendant's sealed Supplemental *Ex*

*Parte* Motion for Extension of Time to File Rule 12.2 Notice, dated September 17, 2004.  These

motions were placed under seal at trial because they contained confidential mental health

information, including the results of expert evaluations.  *See* Dkt. No. 03-CR-73, Doc. 50 at 1-2.

2.      A copy of Document 65 was in trial counsel's file, which was provided to

Respondent during § 2255 discovery.  Because the motion has been provided to the Government

during the discovery proceedings, and because it is relevant to Mr. Fields's current claims

regarding trial counsel's ineffectiveness, it should no longer be considered privileged.  *See*

*United States v. Pinson*, 584 F.3d 972, 979 (10th Cir. 2009) (finding waiver of trial document

relevant "to the specific ineffective assistance of counsel claims raised").

3.      A copy of filed Document 52, which is missing the second page, was also in trial counsel's file provided to Respondent.  Because a copy of that document has been provided to the Government during the discovery proceedings, and because it is relevant to Mr. Fields's current claims regarding trial counsel's ineffectiveness, it also should no longer be considered privileged.  *See Pinson*, 584 F.3d at 979.[1]

4.      Petitioner is concurrently filing his Answer in Opposition to Motion for Judgment and its accompanying exhibits.  In an abundance of caution, Petitioner has used placeholder pages for the two motions in the exhibits attached to his Answer, per instructions from the Court's Courtroom Deputy.

WHEREFORE, Petitioner respectfully requests that the Court grant this motion to unseal the trial documents 52 and 65 and substitute the unsigned, complete version of Document 52 for the docketed version that is missing its second page.

Respectfully submitted,

/s/ Hunter Labovitz
Hunter Labovitz
Cristi Charpentier
Katherine Ensler
Federal Community Defender Office
  for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone: (215) 928-0520

---

[1] After conferring with the Court's Courtroom Deputy, undersigned counsel learned that the formally docketed version of Document 52 is also missing its second page.  Upon information and belief, trial counsel's file contains a complete, unsigned version of Document 52 (see Attachment 1).  This document was provided to Respondent during § 2255 discovery.  For the sake of completeness and because Petitioner relies upon portions of the unsigned document to answer the Motion for Judgment, the unsigned version of Document 52 should be made part of the record.

**CERTIFICATE OF SERVICE**

I, Hunter Labovitz, hereby certify that on this 6th day of January, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the Court's electronic case filing system. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Christopher J. Wilson, Attorney for Respondent
Jeffrey B. Kahan, Attorney for Respondent

/s/ Hunter Labovitz
Hunter Labovitz
