IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
                    Plaintiff,           )
                                  )       UNDER SEAL
vs.                             )       Case No. CR-03-73-S
                                  )
**EDWARD LEON FIELDS,** JR.,     )
                    Defendant.      )

DEFENDANT'S *EX PARTE* SUPPLEMENT TO
MOTION FOR EXTENSION OF TIME

COMES NOW the defendant, Edward Leon Fields, Jr., by his attorney, Julia L. O'Connell, and submits, pursuant to the Court's August 26th, 2004, order, the following supplemental pleading in support of his motion for sixty-day extension of time in which to file notice under Rule 12.2 of the Federal Rules of Criminal Procedure, and for a sixty-day extension of time to file motions related to Rule 12.2 evidence and procedures.

1.  Due to very recent developments in Fields' mitigation investigation, a continuance of the deadlines has become necessary.  On the recommendation of the neuropsychiatrist retained by the defense team, a neuropsychologist was retained to administer psychological and neuropsychological testing with Fields.   The neurpsychologist is from Chicago, and has traveled to Oklahoma to perform testing.  On Tuesday, August 24th, 2004, in a telephone conference with the doctor, counsel was informed that defendant's neuropsychological test results indicate the presents of frontal lobe impairment in his brain functioning.

2.    The indication of the presence of brain damage is a major medical factor that requires, in the opinion of the expert neuropsychologist and neuropsychiatrist   retained for defendant, additional testing.   Further, the experts have informed counsel that additional testing would be the norm in the medical and psychiatric professions, in order to fully and accurately diagnose the nature and extent of defendant's condition.   In order to render sound expert opinions regarding Fields, the experts concur that additional testing must be performed.

3.    The neuropsychiatrist retained by the defense team is located in California.   He has a practice of his own, and he works on court cases throughout the country.   He has informed counsel that it is essential that a neurological examination of the defendant now be conducted, in light of the defendant's psychiatric examinations and neuropsychological test results.   The doctor will not be available to return to Oklahoma to perform additional examinations until late September, 2004. Thereafter, additional medical testing may be indicated to accurately and effectively determine the nature and extent of Fields' physical brain impairment, as well as the relationship, if any, between the mental disease.   The expert has explained to counsel that he believes a sixty-day continuance is necessary for these purposes.

4.    The recently-discovered evidence of brain damage has significant mitigation value. Counsel believes that, if allowed to properly diagnose and document the defendant's condition, the case may be resolved without the necessity of trial.   If this end cannot be achieved, the evidence is of such a compelling nature that counsel feels it is her obligation to fully investigate it for presentation to a jury.   In the case at bar, the existence of physical brain impairment may be a mitigating factor that

would cause a jury to render a life verdict rather than a death verdict.

5.    Counsel believes she has been diligent in the preparation of this case for trial.    As the Court is aware, the government filed its *Notice of Intent to Seek the Death Penalty* on March 15th, 2004.    Once the case became a "death penalty case," counsel was able to request and obtain a working budget from the Office of Defender Services.    Counsel was informed the budget was available on April 2nd, 2004, less than five (5) months ago.    Counsel enlisted the services of mental health professionals, who met with Fields and reviewed the records related to his case.    At that point, counsel's mental health experts recommended a neuropsychiatrist be retained.[1]  The neuropsychiatrist, after his review of the case, recommended that neuropsychological services be utilized to administer specific tests he deemed indicated.    Counsel located and retained the recommended expert, the additional testing was performed, and the results indicated frontal lobe impairment.    Mitigation investigation is an on-going process, and when new information is uncovered, that information is sometimes of such importance that additional investigation is warranted.    That is the case here.

6.    The continuance is not requested for purposes of delay, but to provide defendant an opportunity to fully investigate new information indicating frontal lobe impairment.      To require notice under Rule 12.2 at this time would force counsel to make a decision that is not fully informed. If the defendant gives Rule 12.2 notice simply to protect the ability to present the evidence later, the government will likely request the opportunity to perform testing on the defendant.    If it is later

---

[1]At a June 14th, 2004, hearing, counsel informed the Court of her progress in obtaining expert services, that she was pursing appropriate expert examinations, and that additional experts or testing may be required in the process.  *Tr.* 9, 6-14.

determined the evidence does not support a defense of insanity, the government would have an unfair advantage, due to counsel's unsound decision to give uninformed Rule 12.2 notice, because it would have access to mental examinations of the defendant. This would gravely implicate Fields' due process rights to a fair trial, as well as his right to effective counsel.

7. Motions relating specifically to Rule 12.2 evidence and procedures will only be necessary if Fields gives notice under Rule 12.2. In the event notice is given, the content of such motions will depend upon the outcome of the additional neurological examination of defendant. For these reasons, counsel requests that she be allowed an extension of time for the filing of motions relating to Rule 12.2 evidence and procedures.

WHEREFORE, the defendant respectfully requests this Court grant his request for a sixty-day extension of time in which to file notice under Rule 12.2 of the Federal Rules of Criminal Procedure, and a sixty-day extension of time for filing pretrial motions relating specifically to evidence and procedures under Rule 12.2.

Respectfully submitted this 27th day of August, 2004.

OFFICE OF THE FEDERAL PUBLIC DEFENDER
Paul D. Brunton, Federal Public Defender

By: _____

Julia L. O'Connell     OBA #13882
Assistant Federal Public Defender
One West Third St., Ste. 1225
Tulsa, Oklahoma 74103

4

(918) 581-6916

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

Because this document is filed *ex parte*, no service is required.

_____

Julia L. O'Connell
Assistant Federal Public Defender