|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. CIV-10-115-RAW |
|  | : |  |
| Respondent | : | **CAPITAL 2255 PROCEEDINGS** |
|  | : |  |
| v. | : | HON. RONALD A. WHITE |
|  | : |  |
| EDWARD LEON FIELDS, JR., | : |  |
|  | : |  |
| Petitioner. | : |  |
|  | : |  |

### MOTION TO ALTER AND AMEND JUDGMENT
### PURSUANT TO FED. R. CIV. P. 59(E) AND BRIEF IN SUPPORT

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Petitioner, through

undersigned counsel, moves to alter and amend the opinion, order, and judgment (Docs. 125 &

126) entered by this Court on December 15, 2016. In support of this motion, Petitioner states as

follows:

This Court entered an opinion and order denying relief on all of Petitioner's claims and

denying a Certificate of Appealability. Doc. 125 (hereinafter "Opinion").

Petitioner respectfully requests that this Court reconsider its ruling denying relief without

a hearing on Petitioner's Claim 4 – that trial counsel was ineffective in failing to present Mr.

Fields's social history.[1]

### Standard of Review

Rule 59(e) "was adopted to make clear that the district court possesses the power to

rectify its own mistakes in the period immediately following the entry of judgment." *White v.*

---

[1] Petitioner is not addressing every claim set forth in his § 2255 motion in this Motion.
However, he continues to assert that all claims set forth in his §2255 motion are meritorious.
Petitioner's decision not to address a particular claim in this Motion is neither a waiver nor a
withdrawal of that claim.

*N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted). A Rule 59(e) motion is appropriate "to correct manifest errors of law or to present newly discovered evidence." *Commw. Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (internal quotations and citations omitted). Reconsideration, pursuant to Rule 59(e), should be granted where "the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)) (internal quotations omitted). Relief is appropriate under Rule 59(e) for the reasons set forth herein.

### The Court Committed Legal Error in Denying Petitioner's Claim 4 Without an Evidentiary Hearing

In Claim 4, Petitioner argued that Petitioner's right to effective assistance of trial counsel was violated when trial counsel failed to present Petitioner's compelling social history beset by profound dysfunction through the testimony of a mitigation specialist or mental health expert. *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Lockett v. Ohio*, 438 U.S. 586 (1978) (mandating individualized capital sentencing based upon a reasoned moral response to the personal culpability of the defendant under the Eighth Amendment).

The Court denied Petitioner's claim, ruling that trial counsel was not ineffective for failing to present Petitioner's history of familial dysfunction because she had a strategic basis for doing so and because Petitioner was not prejudiced by her conduct. Opinion at 32-34. In denying this claim, the Court made clear errors of fact and law. The Court's errors undermined its analysis of both prongs of the *Strickland* standard. Properly analyzed, Petitioner's claim established a reasonable probability of a different outcome if trial counsel had presented the available mitigating social history through a mitigation specialist or expert.

**A. Deficient Performance**

The Court's entire analysis of deficient performance is based on the Court's flawed assumption that because the decision about which witnesses to call is a matter of strategy, where trial counsel knew about Petitioner's mitigating social history, her decision not to present it through a mitigation specialist or expert is "virtually unchallengeable." Opinion at 33 (quoting *Strickland*, 466 U.S. at 690). However, as the Tenth Circuit has reiterated, "[w]hen reviewing the performance of counsel at the sentencing stage of a capital case, there is a need to apply close scrutiny . . . because mitigating evidence plays an overwhelmingly important role in the just imposition of the death penalty . . . and the sentencing stage is the most critical phase of a death penalty case." *Smith v. Workman*, 550 F.3d 1258, 1270 (2008) (internal citations and quotations omitted).

The Court begins its opinion by discounting trial counsel's sworn statement wholesale, determining that counsel is "fall[ing] on [her] sword" in acknowledging her omissions were not strategic choices and that such a sworn statement does not create a credibility issue "when trial counsel's documented contemporaneous statements show the contrary." Opinion at 11 (internal quotations omitted). The Court relies in part on *Allen v. Mullin*, 368 F.3d 1220, 1240 (10th Cir. 2004),[2] where trial counsel at the time of trial had assured the court that her client was competent to plead guilty and then did an "about face" in post-conviction proceedings, stating she believed him to be incompetent. *Id.*; *see also Jackson*, 638 F. Supp. 2d at 531-32 (relying on trial counsel's contemporaneous statements to the court at the time of trial to refute trial counsel's post-conviction statements to the contrary).

---

[2] The Court also cites *Jackson v. United States*, 638 F. Supp. 2d 514, 528 (W.D.N.C. 2009), similarly ruling that where counsel fall on their swords years after a trial, their statements in affidavits do no create credibility issues when *trial counsel's documented contemporaneous statements show the contrary*." *Id.* (internal citations and quotations omitted) (emphasis added).

In disregarding trial counsel's sworn statement that she "had no tactical or strategic reason for not presenting th[e] history either through one of the doctors or through Ms. Shettles," Doc. 106-2, at 13, the Court relies on the fact that counsel investigated Petitioner's social history to find her decision not to present it *ipso facto* strategic. Opinion at 33. Citing *Strickland*, 466 U.S. at 690, the Court notes that "*[w]here it is shown that a particular decision was, in fact, an adequately informed strategic choice*, the presumption that the attorney's decision was objectively reasonable becomes 'virtually unchallengeable.'" Opinion at 33 (emphasis added). However, here, it has not been shown that counsel's decision to forego presentation of Petitioner's social history through an expert was a strategic choice. In fact, quite the opposite: trial counsel has sworn that this omission was not strategic, and she made no statements at the time of trial that contradict this admission. *See Allen*, 368 F.3d at 1240; *Jackson*, 638 F. Supp. 2d at 528.

Under *Strickland*, a court is not as liberty to defer to strategic bases for counsel's actions where no such reason actually existed at the time of trial. *See Wiggins v. Smith*, 539 U.S. 510, 526-27 (2003); *see also Kimmelman v. Morrison*, 477 U.S. 365, 386-87 (1986) (under *Strickland*, courts cannot use hindsight to supply a strategy for counsel); *Harris v. Reed*, 894 F.2d 871, 878 (7th Cir. 1990) ("Just as the reviewing court should not second guess the strategic decision of counsel with the benefit of hindsight, it should also not construct strategic defenses which counsel does not offer.").

The Court erred in failing to grant an evidentiary hearing given the disputed factual issue supported by counsel's sworn statement stating she had no strategic reason for failing to present Petitioner's mitigating social history, including a corroborative intergenerational history of mental health issues.

**B. Prejudice**

Like its analysis of the deficient performance prong, the Court's analysis of prejudice is based on the Court's misapprehension of the law. The Court misapprehended the value of mitigating evidence as being dependent on its causal nexus to the crime.

Here, the Court concluded:

> The decision not to submit evidence that these murders were, in some way, the product of a long-standing lack of socialization or empathy, caused by a less than idyllic family life approximately twenty years earlier, would have diluted the defense theory that the crime was Effexor driven as opposed to the product of the defendant's sociopathic tendencies.

Opinion at 33. This contention rests on a false premise: that evidence is mitigating only if it explains the crime or has some nexus with the crime. This is clearly erroneous under *Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007)(noting that the Court's precedent has "firmly established that sentencing juries must be able to give meaningful consideration and effect to all mitigating evidence that might provide a basis for refusing to impose the death penalty on a particular individual"); *Smith v. Texas*, 543 U.S. 37, 45 (2004) (citing rejection of nexus notion in *Tennard v. Dretke*, 542 U.S. 274, 287 (2004)); *Tennard*, 542 U.S. at 287 (holding that mitigating evidence can be "inherently mitigating" without a nexus to the crime); *McCoy v. North Carolina*, 494 U.S. 433, 440 (1990); *Skipper v. South Carolina*, 476 U.S. 1, 4 (1986). Mitigating evidence is *any* evidence that "might serve as a basis for a sentence less than death." *Skipper*, 476 U.S. at 4. Such evidence need not have a nexus to the crime. *Tennard*, 542 U.S. at 287.

The Supreme Court's decision in *Porter v. McCollum*, 558 U.S. 30 (2009), pointed to the relevance of Eighth Amendment law in a *Strickland* prejudice analysis, in particular the requirement that a capital sentencing jury must be permitted to consider any relevant mitigating

factor. *Id.* at 42. This Court violated that principle when it excused trial counsel's omission of mitigating evidence because it would have "diluted the defense theory [of the crime]."

Moreover, neither a dysfunctional upbringing nor evidence of generational mental health issues, "undermine[s] the defense theory that Effexor caused an anomaly, a one-time switch to flip in Petitioner's brain thereby leading an otherwise law abiding citizen to commit these horrific murders." Opinion at 33. These mitigation themes are not mutually exclusive.

The Court erroneously speculated that the mitigation proffer was inconsistent, or in conflict, with the evidence presented at trial. The Court continued:

> [E]vidence Fields was emotionally estranged from his family would have directly contradicted the defense arguments that the death of his father and his mother's illness caused the defendant to experience severe emotional disturbances. . . . , [and] evidence the defendant had difficulty forming relationships would have undermined the notions that the defendant was remorseful and that he was a loved relative and friend.

Opinion at 33. There is no support for the contention that someone cannot be both emotionally estranged from his family but also deeply affected by the death or illness of a parent. Likewise, there is no support that someone who has difficulty forming relationships cannot also be remorseful or loved by friends and family.

In the absence of a hearing, there is no evidence to support the idea that counsel deliberately chose not to present the evidence of Mr. Fields's troubled upbringing and family history of mental illness to avoid the alleged inconsistencies. In fact, the jury heard testimony and argument that Mr. Fields was a dangerous person whose conduct was a product of his character. *See, e.g.*, Trial Transcript 2700, 2705-06, 2717-18, 2751-54, 2761, 2763. Because such evidence was already going to come in, counsel had no reasonable basis for failing to provide a complete picture of Petitioner's background and family history of mental illness. Had counsel presented a social history of Mr. Fields's early life and dysfunctional upbringing, it

likely would have neutralized the evidence of his violent tendencies that the Government brought out on cross-examination, and served as a stand-alone reason to give him a sentence less than death.

As the Tenth Circuit's recent decision in *United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015), demonstrates, a defendant's family's "long history of mental-health problems, alcoholism, and abuse" is itself mitigating evidence. *Id.* at 1229 (discussing the defendant's family history at length, and requiring an evidentiary hearing where defendant's proffered mitigation included, *inter alia*, a familial history of mental health problems). *Id.* Petitioner's upbringing would not have been presented solely as a factor to explain the crime, but as an independent basis for a sentence less than death, as well as a possible explanation for the violence he exhibited toward his loved ones earlier in his life. Had such evidence been presented, there is a reasonable probability that Petitioner would not have received a sentence of death.

**Conclusion**

For the reasons stated, this Court should:

1. Order the Government to respond to this Motion;

2. Permit Petitioner to file a Reply Memorandum;

3. Grant Petitioner's request for an evidentiary hearing to resolve any outstanding factual disputes in his § 2255 Motion; or

4. Alter or amend its judgment to award relief to Petitioner by vacating his sentence.

WHEREFORE, Petitioner respectfully requests that this Court grant this Motion and alter its Order of December 15, 2016, in the respects set forth above.

Respectfully submitted,


/s/ Hunter Labovitz
Hunter Labovitz
Cristi Charpentier
Katherine Ensler
Federal Community Defender Office
  for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone: (215) 928-0520


Dated: January 12, 2017                      *Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I, Hunter Labovitz, hereby certify that on this 12th day of January, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the Court's electronic case filing system.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Christopher J. Wilson, Attorney for Respondent
Jeffrey B. Kahan, Attorney for Respondent


/s/ Hunter Labovitz
Hunter Labovitz